Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Elizabeth C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Steven J. Kahn, CASB No. 234104
Email: skahn@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON IMHOFF dba BBI CONSTRUCTION,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. CV 08 2127<br>[Napa County Superior Court, Action No. 26-37874]<br><br>**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>Third Am. Compl. Filed: April 14, 2008 |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF NAPA; PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION, AND HIS ATTORNEYS OF RECORD:

Please take notice that Defendant Lincoln General Insurance Company ("Lincoln General"), through its attorneys of record, hereby provides notice of removal of this case from the Superior Court of the State of California, in and for the County of Napa, to this Court. This removal is based on the following grounds:

**JURISDICTION**

1. This action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant Lincoln General pursuant to the provisions of 28 U.S.C. § 1441(b), in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. The following parties to this action are and have been citizens of different states: Plaintiff Brandon Imhoff dba BBI Construction ("Plaintiff") being a citizen of the State of California, and Defendant Lincoln General being a citizen of the State of Pennsylvania.

3. American Claims Management dba American Commercial Management ("ACM") is a citizen of the State of California. ACM is no longer a party to this action because it was voluntarily dismissed by Plaintiff on April 15, 2008.

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of Plaintiff filing his request for dismissal of ACM with the Superior Court for the State of California, County of Napa.

5. This action being properly within this Court's original jurisdiction under 28 U.S.C. § 1332, this Court may declare the rights and other legal relations of interested parties in a case of actual controversy, pursuant to 28 U.S.C. §§ 2201(a) and 2202.

**GENERAL ALLEGATIONS**

6. On May 21, 2007, Plaintiff filed a complaint alleging causes of action for damages, breach of contract, breach of implied covenant of good faith and fair dealing, and breach of duty to defend, in the Superior Court of the State of California, County of Napa, under Case No. 26-37874. The complaint names as defendants Lincoln General, ACM and Does 1 through 100.

7. On May 24, 2007, Plaintiff filed a first amended complaint alleging causes of action for damages, breach of contract, breach of implied covenant of good faith and fair dealing, and breach of duty to defend, in the Superior Court of the State of California, County of Napa, under Case No. 26-37874. The first amended complaint names as defendants Lincoln

General, ACM and Does 1 through 100.

8. On October 31, 2007, Defendant Lincoln General filed an answer to Plaintiff's first amended complaint.

9. On October 31, 2007, Defendant Lincoln General filed a cross-complaint alleging causes of action for declaratory relief and reimbursement, in the Superior Court of the State of California, County of Napa, under Case No. 26-37874. The cross-complaint names as defendants Brandon Imhoff dba BBI Construction and Roes 1 through 50.

10. On December 10, 2007, Plaintiff filed an answer to Defendant Lincoln General's cross-complaint.

11. On December 26, 2007, ACM demurred to the entirety of Plaintiff's first amended complaint. ACM filed the following pleadings on that date in support of its demurrer to Plaintiff's first amended complaint: notice of demurrer; memorandum of points and authorities in support of demurrer; declaration of Steven J. Kahn in support of demurrer; request for judicial notice in support of demurrer; proposed order sustaining demurrer; proof of service of demurrer.

12. On January 14, 2008, Plaintiff filed an opposition to ACM's demurrer to Plaintiff's first amended complaint.

13. On January 18, 2008, ACM filed a memorandum in response to Plaintiff's opposition to ACM's demurrer to Plaintiff's first amended complaint. ACM filed the following pleadings on that date in support of its memorandum in response to Plaintiff's opposition to ACM's demurrer: declaration of Steven J. Kahn in support of ACM's memorandum in response to Plaintiff's opposition to ACM's demurrer.

14. On January 22, 2008, ACM filed an amended declaration of Steven J. Kahn in support of its memorandum in response to Plaintiff's opposition to ACM's demurrer.

15. On January 25, 2008, ACM filed a supplemental memorandum in response to Plaintiff's opposition to ACM's demurrer to Plaintiff's first amended complaint. ACM filed the following pleadings on that date in support of its memorandum in response to Plaintiff's opposition to ACM's demurrer: declaration of Steven J. Kahn in support of ACM's

supplemental memorandum in response to Plaintiff's opposition to ACM's demurrer.

16. On February 1, 2008, the Honorable Judge Raymond Guadagni of the Superior Court of the State of California, County of Napa, sustained ACM's demurrer to Plaintiff's first amended complaint with leave to amend.

17. On February 21, 2008, Plaintiff filed a second amended complaint alleging causes of action for damages, breach of contract, breach of implied covenant of good faith and fair dealing, breach of duty to defend, and negligence in the Superior Court of the State of California, County of Napa, under Case No. 26-37874. The second amended complaint names as defendants Lincoln General, ACM and Does 1 through 100.

18. On February 29, 2008, ACM demurred to the entirety of Plaintiff's second amended complaint. ACM filed the following pleadings on that date in support of its demurrer to Plaintiff's first amended complaint: notice of demurrer; memorandum of points and authorities in support of demurrer; declaration of Steven J. Kahn in support of demurrer; request for judicial notice in support of demurrer; proposed order sustaining demurrer; proof of service of demurrer.

19. On March 5, 2008, Defendant Lincoln General filed an answer to Plaintiff's second amended complaint.

20. On March 10, 2008, Plaintiff filed an opposition to ACM's demurrer to Plaintiff's second amended complaint.

21. On March 21, 2008, ACM filed a memorandum in response to Plaintiff's opposition to ACM's demurrer to Plaintiff's second amended complaint.

22. On April 1, 2008, the Honorable Judge Raymond Guadagni of the Superior Court of the State of California, County of Napa, sustained ACM's demurrer to Plaintiff's second amended complaint with leave to amend.

23. On April 14, 2008, Plaintiff filed a third amended complaint alleging causes of action for damages, breach of contract, breach of implied covenant of good faith and fair dealing, breach of duty to defend, intentional misrepresentation of fact, and negligent misrepresentation of fact, in the Superior Court of the State of California, County of Napa,

under Case No. 26-37874. The third amended complaint names as defendants Lincoln General, ACM and Does 1 through 100.

24. On April 15, 2008, Plaintiff filed a request for dismissal and a notice of entry of dismissal and proof of service, in the Superior Court of the State of California, County of Napa, under Case No. 26-37874, voluntarily dismissing ACM as a party to the action and as a defendant to Plaintiff's third amended complaint.

25. On April 17, 2008, Defendant Lincoln General filed an answer to Plaintiff's third amended complaint.

26. The approximate first date upon which Defendant Lincoln General received a copy of Plaintiff's request for dismissal as to ACM was April 15, 2008.

27. As alleged in Paragraph 1 of Plaintiff's third amended complaint, Plaintiff is, and at all times relevant hereto was, a resident of the State of California.

28. Defendant Lincoln General is not a citizen of the State of California. Defendant Lincoln General is, and at all times relevant hereto was, a citizen of the State of Pennsylvania. Defendant Lincoln General is a corporation organized and existing under the laws of the State of Pennsylvania, having its principal place of business in York, Pennsylvania.

29. Pursuant to the provisions of 28 U.S.C. §1446, Defendant Lincoln General attaches as Exhibits "A" through "R," and incorporates by reference, copies of the pleadings described in paragraphs 6 through 15, paragraphs 17 through 21, and paragraphs 23 through 25, *supra*, served by and upon Defendant Lincoln General in this action.

**INTRADISTRICT ASSIGNMENT**

30. Pursuant to Civil L.R. 3-5(b) 3-2(c) and 3-2(d), the basis for assignment to the San Francisco or Oakland Divisions of the United States District Court for the Northern District of California is as follows: the state action sought to be removed and as set forth in Plaintiff's third amended complaint was filed in the Superior Court of the State of California in and for the County of Napa.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

31. Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other

than the named parties, there is no such interest to report.

32. On the date specified below, a copy of this notice is being served on Plaintiff's attorneys and copy of this notice is being filed with the clerk of the Superior Court for the State of California, County of Napa, in case number No. 26-37874.

WHEREFORE, Defendant Lincoln General prays that the above entitled action, currently pending in the Superior Court of the State of California, County of Napa, be removed to the United States District Court for the Northern District of California (San Francisco or Oakland Divisions) and that this action proceed in this Court as an action properly removed thereto.

DATED: April 24, 2008

Respectfully Submitted,

BURNHAM BROWN

Steven J. Kahn
Attorneys for Defendant
LINCOLN GENERAL
INSURANCE COMPANY

858249

6

DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) No. CGC-08-473429

Re: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.
Court: United State District Court, Northern District of California
Action No:

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On April 24, 2008, I served the following document(s) in the following manner(s):

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) (DIVERSITY)**

☐ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below:

☐ **FACSIMILE:** By transmitted a true copy, via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below. The number of pages transmitted (including the Proof of Service Form) was 8.

☐ **PERSONAL** DELIVERY: By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above.

☒ **PERSONAL** DELIVERY BY MESSENGER: By consigning the document(s) listed above to a messenger service for personal delivery to the following person(s) at the following address on the date set forth below.

☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below.

J. Michael Murphy, Esq.
MURPHY, LOGAN, BARDWELL & LOOMIS
2350 First Street
Napa, CA 94559
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Counsel for Plaintiff
BRANDON IMHOFF dba
BBI CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 24, 2008

Linda Andrew-Marshall

Re: Brandon Imhoff dba BBI Construction v Lincoln General Ins. Co., et al.
Court: U.S. District Court, Northern District of California
Action No:

**PROOF OF SERVICE BY PERSONAL DELIVERY**

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of ONE HOUR DELIVERY, 1280 Boulevard Way, Walnut Creek, CA 94595.

On April 24, 2008, I served the following document(s):

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 USC 1441(b) DIVERSITY**

By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above.

J. Michael Murphy, Esq.
MURPHY, LOGAN, BARDWELL & LOOMIS
2350 First Street
Napa, CA 94559
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Attorneys for Plaintiff
BRANDON IMHOFF
dba BBI CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: April 24, 2008

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT A TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT A

1

EXHIBIT A TO DEF LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) No. C-08-02127 MEJ

J. Michael Murphy, Esq., SBN 78880
Murphy, Logan, Bardwell & Loomis
A Professional Law Corporation
2350 First Street, P.O. Box 5540
Napa, CA 94581-0540
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Attorney for Brandon Imhoff dba BBI Construction, Plaintiff

FILED
MAY 21 2007
Clerk of the Napa Superior Court
By: J. Oliver
Deputy

CASE MANAGEMENT CONFERENCE
DATE: 10/29/07
TIME: 8:30am
PLACE: Courtroom A
825 Brown Street, Napa CA 94559

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

| | |
|---|---|
| **BRANDON IMHOFF dba BBI CONSTRUCTION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,**<br><br>**Defendants.** | Case No.: 26-37874<br><br>**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF DUTY TO DEFEND** |

1. Plaintiff Brandon Imhoff is a sole proprietor doing business as BBI Construction, (hereinafter referred to as BBI), is and at all times mentioned was, a resident of Napa County, California, and a licensed contractor doing business in the State of California.

2. Plaintiff BBI has information and belief and thereon alleges that Defendant Lincoln General Insurance Company, DOES 1-25 are, and at all times herein mentioned were a company

doing business in Napa, California, and authorized to transact, and transacting business as a liability insurer, (hereinafter referred to as LINCOLN).

3. Plaintiff BBI has information and belief and thereon alleges that Defendant American Claims Management, Inc. dba American Commercial Management, DOES 26-50, are, and at all times herein mentioned were the authorized third party administrator to handle liability claims on behalf of LINCOLN for those insureds residing in Napa County, California, (hereinafter referred as ACM).

4. Plaintiff BBI does not know the true names and capacities of those Defendants sued herein as DOES 1-100, inclusive and therefore sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to allege the true names of said Defendants when the same are ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such Defendants.

5. Plaintiff is informed and believes, and thereupon alleges at all times herein mentioned, ACM was the agent of LINCOLN and doing the things herein alleged was acting within the scope of and course of said agency.

6. On or about July 2005, and continuing through July 11, 2007, in consideration of the payment of premiums by BBI, Defendant LINCOLN, by its duly authorized agents, executed and delivered to BBI, its insured, in Napa County, California, its commercial general liability policies of insurance bearing policy numbers 6320005864 and 6320028353 respectively, hereinafter referred to as "THE POLICIES."

7. By the terms of THE POLICIES, Defendant LINCOLN undertook and agreed to *inter alia*, "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence." THE POLICIES by their terms was effective from July 15, 2005 through July 11, 2007.

8. On or about November 8, 2006, Plaintiff BBI was served with a Summons and Complaint entitled *Scott v. Gerosa, et al.*, Napa County Superior Court, Case No. 26-35647, (hereinafter referred to as SCOTT LAWSUIT). The SCOTT LAWSUIT alleged *inter alia* a claim for damages for property damage arising during the term of THE POLICIES.

9. Plaintiff BBI promptly notified LINCOLN through its agents of the claim and requested a defense of the claim pursuant to the claims of THE POLICIES, (see **Exhibit A** attached hereto).

10. Having received no response by LINCOLN to the tender of this claim, Plaintiff BBI through its attorney sent a renewed tender of the claim on January 9, 2007, (see **Exhibit B** attached hereto).

11. In a letter dated January 15, 2007, ACM as the third party administrator for LINCOLN sent a letter of representation and informed Plaintiff BBI of its investigation. LINCOLN nor ACM accepted the tender to defend the claim.

12. Despite the prompt tender of the claim, ACM and LINCOLN failed to appoint counsel to defend the claim, requiring Plaintiff BBI to hire an attorney to file an Answer to the Complaint, (see **Exhibit C**).

13. On or about February 5, 2007, Plaintiff BBI re-tendered the claim for a defense and coverage, (see **Exhibit D**).

14. Defendants LINCOLN and ACM failed to take any action to the tender.

15. Plaintiff BBI becoming deeply worried about his exposure to this claim, and suffering emotional distress, re-tendered the claim through his attorney on March 2, 2007, (a copy of which is attached as **Exhibit E**). Defendants LINCOLN and ACM failed and refused to respond.

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

16. Plaintiff BBI has information and belief that LINCOLN through its agent ACM hired a third party adjuster who conducted an investigation of the SCOTT LAWSUIT claim and was provided sufficient information to trigger the duty to defend and cover this claim.

17. In a letter dated April 18, 2007, LINCOLN and ACM were informed that the court set the SCOTT LAWSUIT for a trial and said Defendants were informed of the difficulty of its insured in defending this claim, (see attached Exhibit F).

18. Plaintiff at all times herein mentioned, had and has performed all the terms and conditions of THE POLICIES on his part to be performed.

19. Notwithstanding Plaintiff BBI's repeated requests, Defendants have repeatedly failed to respond to the requests to assume the defense of this claim, provide any explanation for the failure, exposing Plaintiff BBI to the expense and hardship of defending the SCOTT LAWSUIT without the benefit of the insurance he purchased from LINCOLN. In order to protect himself, Plaintiff BBI was forced to hire an attorney to defend him in the underlying action, SCOTT LAWSUIT.

20. In a notice dated May 2, 2007 appointing defense counsel, without taking any steps to settle the pending claims, without the courtesy of responding to the repeated tenders of insurance, LINCOLN served a Notice of Nonrenewal falsely stating that the reason for the non-renewal is insured's three year loss ratio exceeds 60% causing immediate emotional distress and fear of the Plaintiff's career as a contractor. The Notice of Nonrenewal is attached hereto as **Exhibit G.**

21. In order to mitigate its damage, Plaintiff BBI may be forced to settle the SCOTT LAWSUIT resulting in damages not yet ascertained but will be established at the time of trial.

22. As a result of the Defendants' failure to defend the claim and other acts as alleged herein, Plaintiff Brandon Imhoff has suffered emotional distress resulting in damages that have not yet been ascertained but will be established at the time of trial.

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

23. In committing the acts described in this Complaint, Defendants acted in conscious disregard of the rights of Plaintiff BBI and are guilty of malice and/or oppression and/or fraud in that despite repeated tenders of this claim, LINCOLN and its third party administrator, ACM failed to respond resulting in its insured facing the expense and uncertainties of the SCOTT LAWSUIT despite procuring insurance for this type of claim. The conduct of Defendants warrant an assessment of punitive damages in an amount appropriate to punish Defendants, and defer others from engaging in similar wrongful conduct.

WHEREFORE, Plaintiff prays judgment as follows:

1. For the sum of all attorney's fees and costs incurred by Plaintiff BBI in defending the third-party action, SCOTT LAWSUIT with interest at the legal rate, which have not yet been ascertained, but will be in excess of $60,000.00;

2. For recovery of attorney's fees and costs incurred by Plaintiff in procuring the benefits under THE POLICIES in this action, in an amount not yet ascertained, but will be established at the time of trial;

3. For the sum equal to any settlement or judgment that may arise against Plaintiff BBI from the SCOTT LAWSUIT in an amount not yet ascertained, but will established at the time of trial;

4. For general damages in an amount not yet ascertained, but will established at trial for emotional distress damages;

5. For exemplary and punitive damages, in an amount not yet ascertained, but will be established at the time of trial in excess of $1,000,000.00;

6. For the costs of suit herein incurred; and

7. For other and further relief as the court may deem proper.

Dated: May 21, 2007

MURPHY, LOGAN, BARDWELL & LOOMIS

By: [signature]
J. Michael Murphy
Attorney for Plaintiff

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT B TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT B

1

EXHIBIT B TO DEF LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) No. C-08-02127 MEJ

J. Michael Murphy, Esq., SBN 78880
Murphy, Logan, Bardwell & Loomis
A Professional Law Corporation
2350 First Street, P.O. Box 5540
Napa, CA 94581-0540
Telephone: (707) 257-8100
Facsimile: (707) 257-6479
Murphy@mlbllaw.com

Attorney for Brandon Imhoff dba
BBI Construction, Plaintiff

**ENDORSED**
MAY 2 4 2007
Clerk of the Napa Superior Court
By: J. OLIVER
Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

| | |
|---|---|
| **BRANDON IMHOFF dba BBI CONSTRUCTION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,**<br><br>**Defendants.** | Case No.: 26-37874<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF DUTY TO DEFEND** |

1. Plaintiff Brandon Imhoff is a sole proprietor doing business as BBI Construction, (hereinafter referred to as BBI), is and at all times mentioned was, a resident of Napa County, California, and a licensed contractor doing business in the State of California.

2. Plaintiff BBI has information and belief and thereon alleges that Defendant Lincoln General Insurance Company, DOES 1-25 are, and at all times herein mentioned were a company

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

doing business in Napa, California, and authorized to transact, and transacting business as a liability insurer, (hereinafter referred to as LINCOLN).

3. Plaintiff BBI has information and belief and thereon alleges that Defendant American Claims Management, Inc. dba American Commercial Management, DOES 26-50, are, and at all times herein mentioned were the authorized third party administrator to handle liability claims on behalf of LINCOLN for those insureds residing in Napa County, California, (hereinafter referred as ACM).

4. Plaintiff BBI does not know the true names and capacities of those Defendants sued herein as DOES 1-100, inclusive and therefore sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to allege the true names of said Defendants when the same are ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such Defendants.

5. Plaintiff is informed and believes, and thereupon alleges at all times herein mentioned, ACM was the agent of LINCOLN and doing the things herein alleged was acting within the scope of and course of said agency.

6. On or about July 2005, and continuing through July 11, 2007, in consideration of the payment of premiums by BBI, Defendant LINCOLN, by its duly authorized agents, executed and delivered to BBI, its insured, in Napa County, California, its commercial general liability policies of insurance bearing policy numbers 6320005864 and 6320028353 respectively, hereinafter referred to as "THE POLICIES."

7. By the terms of THE POLICIES, Defendant LINCOLN undertook and agreed to *inter alia*, "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as

damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence." THE POLICIES by their terms was effective from July 15, 2005 through July 11, 2007.

8. On or about November 8, 2006, Plaintiff BBI was served with a Summons and Complaint entitled *Scott v. Gerosa, et al.*, Napa County Superior Court, Case No. 26-35647, (hereinafter referred to as SCOTT LAWSUIT). The SCOTT LAWSUIT alleged *inter alia* a claim for damages for property damage arising during the term of THE POLICIES.

9. Plaintiff BBI promptly notified LINCOLN through its agents of the claim and requested a defense of the claim pursuant to the claims of THE POLICIES, (see **Exhibit A** attached hereto).

10. Having received no response by LINCOLN to the tender of this claim, Plaintiff BBI through its attorney sent a renewed tender of the claim on January 9, 2007, (see **Exhibit B** attached hereto).

11. In a letter dated January 15, 2007, ACM as the third party administrator for LINCOLN sent a letter of representation and informed Plaintiff BBI of its investigation. LINCOLN nor ACM accepted the tender to defend the claim.

12. Despite the prompt tender of the claim, ACM and LINCOLN failed to appoint counsel to defend the claim, requiring Plaintiff BBI to hire an attorney to file an Answer to the Complaint, (see **Exhibit C**).

13. On or about February 5, 2007, Plaintiff BBI re-tendered the claim for a defense and coverage, (see **Exhibit D**).

14. Defendants LINCOLN and ACM failed to take any action to the tender.

15. Plaintiff BBI becoming deeply worried about his exposure to this claim, and suffering emotional distress, re-tendered the claim through his attorney on March 2, 2007, (a copy of which is attached as **Exhibit E**). Defendants LINCOLN and ACM failed and refused to respond.

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

16. Plaintiff BBI has information and belief that LINCOLN through its agent ACM hired a third party adjuster who conducted an investigation of the SCOTT LAWSUIT claim and was provided sufficient information to trigger the duty to defend and cover this claim.

17. In a letter dated April 18, 2007, LINCOLN and ACM were informed that the court set the SCOTT LAWSUIT for a trial and said Defendants were informed of the difficulty of its insured in defending this claim, (see attached **Exhibit F**).

18. Plaintiff at all times herein mentioned, had and has performed all the terms and conditions of THE POLICIES on his part to be performed.

19. Notwithstanding Plaintiff BBI's repeated requests, Defendants have repeatedly failed to respond to the requests to assume the defense of this claim, provide any explanation for the failure, exposing Plaintiff BBI to the expense and hardship of defending the SCOTT LAWSUIT without the benefit of the insurance he purchased from LINCOLN. In order to protect himself, Plaintiff BBI was forced to hire an attorney to defend him in the underlying action, SCOTT LAWSUIT.

20. In a notice dated May 2, 2007 without appointing defense counsel, without taking any steps to settle the pending claims, without the courtesy of responding to the repeated tenders of insurance, LINCOLN served a Notice of Nonrenewal falsely stating that the reason for the non-renewal is insured's three year loss ratio exceeds 60% causing immediate emotional distress and fear of the Plaintiff's career as a contractor. The Notice of Nonrenewal is attached hereto as **Exhibit G**.

21. In order to mitigate its damage, Plaintiff BBI may be forced to settle the SCOTT LAWSUIT resulting in damages not yet ascertained but will be established at the time of trial.

22. As a result of the Defendants' failure to defend the claim and other acts as alleged herein, Plaintiff Brandon Imhoff has suffered emotional distress resulting in damages that have not yet been ascertained but will be established at the time of trial.

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

23. In committing the acts described in this Complaint, Defendants acted in conscious disregard of the rights of Plaintiff BBI and are guilty of malice and/or oppression and/or fraud in that despite repeated tenders of this claim, LINCOLN and its third party administrator, ACM failed to respond resulting in its insured facing the expense and uncertainties of the SCOTT LAWSUIT despite procuring insurance for this type of claim. The conduct of Defendants warrant an assessment of punitive damages in an amount appropriate to punish Defendants, and defer others from engaging in similar wrongful conduct.

WHEREFORE, Plaintiff prays judgment as follows:

1. For the sum of all attorney's fees and costs incurred by Plaintiff BBI in defending the third-party action, SCOTT LAWSUIT with interest at the legal rate, which have not yet been ascertained, but will be in excess of $60,000.00;

2. For recovery of attorney's fees and costs incurred by Plaintiff in procuring the benefits under THE POLICIES in this action, in an amount not yet ascertained, but will be established at the time of trial;

3. For the sum equal to any settlement or judgment that may arise against Plaintiff BBI from the SCOTT LAWSUIT in an amount not yet ascertained, but will established at the time of trial;

4. For general damages in an amount not yet ascertained, but will established at trial for emotional distress damages;

5. For exemplary and punitive damages, in an amount not yet ascertained, but will be established at the time of trial in excess of $1,000,000.00;

6. For the costs of suit herein incurred; and

7. For other and further relief as the court may deem proper.

Dated: May 23, 2007

MURPHY, LOGAN, BARDWELL & LOOMIS

By: [signature]
J. Michael Murphy
Attorney for Plaintiff

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON IMHOFF dba BBI CONSTRUCTION,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,<br><br>Defendants. | No. C-08-02127 PJH<br><br>**EXHIBIT C TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

# EXHIBIT C

Clark J. Burnham, State Bar No. 041792
Elizabeth C. Kim, State Bar No. 225550
Steven J. Kahn, State Bar No. 234104
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604

1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY

ENDORSED
OCT 31 2007
Clerk of the Napa Superior Court
By: J. OLIVER
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

UNLIMITED JURISDICTION

BY FAX

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,

Defendants.

No. 26-37874

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF DUTY TO DEFEND**

First Amended Comp. Filed: May 24, 2007

///
///
///
///
///
///
///
///
///
///

Defendant LINCOLN GENERAL INSURANCE COMPANY ("Lincoln General") answers Plaintiff BRANDON IMHOFF dba BBI CONSTRUCTION ("BBI")'s Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Breach of Duty to Defend ("Complaint"), as follows:

**I. GENERAL DENIAL**

Pursuant to Code of Civil Procedure Section 431.30(d), Lincoln General denies both generally and specifically each and every allegation contained in BBI's Complaint, and further denies that BBI is entitled to any relief against Lincoln General by virtue of BBI's Complaint.

**II. AFFIRMATIVE DEFENSES**

Lincoln General alleges the following as further and separate affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

BBI's Complaint fails to state a cause of action against Lincoln General upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Breach of Duties)**

The claims in BBI's Complaint are barred or limited in whole or in part on the grounds that BBI failed to fulfill, or rejected its duties, to handle the underlying action, Scott v. Gerosa, et al., Napa County Superior Court Case No. 26-35647 ("Underlying Action") reasonably, equitably, and/or in accordance with its obligations under any of Lincoln General's insurance policies which may be applicable to the Underlying Action and/or the implied duty of good faith and fair dealing.

**THIRD AFFIRMATIVE DEFENSE**

**(Policy Terms, Definitions, Exclusions, Conditions and Limitations)**

The claims in BBI's Complaint are barred to the extent that the causes of action alleged against Lincoln General are barred, in whole or in part, by the terms, conditions, exclusions and limitations contained in any policy of insurance issued by Lincoln General.

///

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action for Punitive Damages)**

BBI's Complaint fails to state facts sufficient to state any claim upon which an award of punitive damages can be made.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Laches, and Unclean Hands)**

BBI's claims may be barred by doctrines of waiver, estoppel, laches, and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Justiciable Controversy)**

BBI's Complaint fails to allege sufficient facts to state a cause of action for declaratory relief or any other and further equitable relief.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Coverage Limited to Insureds)**

Lincoln General's insurance policies provide coverage solely to those persons or entities specifically named or otherwise qualifying as insureds under the subject policies and solely for those liabilities set forth in the policies. To the extent coverage is sought for the liabilities of persons or entities not named or otherwise qualifying as insureds under any of Lincoln General's insurance policies for the claims alleged in BBI's Complaint, these claims are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Recovery Must Be Reduced By Amounts Collected From Other Entities)**

To the extent that BBI is entitled to any recovery from Lincoln General, such recovery must be reduced by amounts collected from any other insurer or entity.

**NINTH AFFIRMATIVE DEFENSE**

**(Indemnification)**

Should BBI recover any amount from Lincoln General, Lincoln General is entitled to indemnification and/or contribution, either in whole or in part, from all persons or entities whose actions and/or fault proximately contributed to BBI's damages, including, but not limited to, any other parties to this litigation.

**TENTH AFFIRMATIVE DEFENSE**

**(Absence of Responsibility and Causation)**

Lincoln General denies that any act or omission on its part, or on the part of any person or entity for whose acts or omissions Lincoln General is or may be established to be legally responsible, actually or proximately caused or contributed to any injury, damage, or loss, if any, for which recovery is sought by Plaintiffs.

**RESERVATION AS TO ADDITIONAL DEFENSES**

Lincoln General presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Lincoln General reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

By alleging any of the above affirmative defenses, Lincoln General does not admit or agree that it has the burden of proof for any of the above issues, but instead, burdens of proof should be governed by the requirements of California law.

**PRAYER**

Wherefore, Lincoln General prays that judgment be entered as follows:

1. That BBI's Complaint against Lincoln General be dismissed in its entirety and that BBI take nothing as against Lincoln General;

2. That this Court enter judgment declaring that, to the extent Lincoln General has any obligation to BBI, such obligation is limited by and subject to the terms, conditions, exclusions, limitations and other provisions contained in or incorporated into any applicable insurance policy issued by Lincoln General;

3. That this Court enter judgment declaring that, to the extent that Lincoln General has any obligation to BBI, Lincoln General acted reasonably with respect to such obligations as limited by and subject to the terms, conditions, exclusions, limitations and other provisions contained in or incorporated into any applicable insurance policy issued by Lincoln General.

//

//

4. That Lincoln General be awarded fees and costs to the full extent allowable; and

5. For such other and further relief as the Court deems just and proper.

DATED: October 31, 2007

BURNHAM BROWN

Steven J. Kahn
Attorneys for Defendant
LINCOLN GENERAL
INSURANCE COMPANY

827809

Re: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.
Court: Napa County Superior Court
Action No: 2637874

**PROOF OF SERVICE**

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On October 31, 2007, I served the following document(s) in the following manner(s):

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF DUTY TO DEFEND**

☒ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below:

☐ **FACSIMILE:** By transmitted a true copy, via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below. The number of pages transmitted (including the Proof of Service Form) was 8.

☐ **PERSONAL** DELIVERY: By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above.

☐ **PERSONAL** DELIVERY BY MESSENGER: By consigning the document(s) listed above to a messenger service for personal delivery to the following person(s) at the following address on the date set forth below.

☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below.

J. Michael Murphy, Esq.
MURPHY, LOGAN, BARDWELL & LOOMIS
2350 First Street
Napa, CA 94591
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Counsel for Plaintiff
BRANDON IMHOFF dba
BBI CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 31, 2007

Linda Andrew-Marshall

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT D TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT D



Clark J. Burnham, State Bar No. 041792
Elizabeth C. Kim, State Bar No. 225550
Steven J. Kahn, State Bar No. 234104
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604

1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY

ENDORSED
OCT 31 2007
Clerk of the Napa Superior Court
By: J. OLIVER
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

UNLIMITED JURISDICTION

BY FAX

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,

Defendants.

LINCOLN GENERAL INSURANCE COMPANY,

Cross-Complainant,

v.

BRANDON IMHOFF dba BBI CONSTRUCTION; and ROES 1-50, inclusive,

Cross-Defendants.

No. 26-37874

**LINCOLN GENERAL INSURANCE COMPANY'S CROSS-COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT**

First Amended Comp. Filed: May 24, 2007

///

///

///

1123210.tif - 10/31/2007 4:39:31 PM

Cross-Complainant LINCOLN GENERAL INSURANCE COMPANY ("Lincoln General") alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory relief and reimbursement. Lincoln General seeks a declaration of its rights and duties, if any, under certain insurance policies, and reimbursement of amounts advanced under those policies, as set forth more fully below.

**THE PARTIES**

2. At all times relevant to this action, Lincoln General was and is a corporation, duly organized and existing under the laws of the State of Pennsylvania, with its principal place of business in York, Pennsylvania. Lincoln General was and is duly licensed to transact business in California.

3. At all times relevant to this action, upon information and belief, cross-defendant BRANDON IMHOFF dba BBI CONSTRUCTION ("BBI") was and is a sole proprietor and at all times mentioned was a resident of Napa County, California, and was and is a licensed contractor doing business in California.

4. Lincoln General has no information or belief as to the true names and capacities of cross-defendants designated as "ROES 1 through 50, inclusive," and therefore sues said defendants by such fictitious names. Lincoln General is informed and believes, and thereon alleges, that a controversy exists between Lincoln General and each of the said cross-defendants concerning the three policies of liability insurance as hereinafter alleged. Lincoln General therefore prays for leave to amend this Cross-Complaint to assert the true names and capacities of said fictitiously named defendants when they become known.

**THE LINCOLN GENERAL INSURANCE POLICIES**

5. Lincoln General issued commercial general liability policy number 6320005864-00 to BBI, with an effective period of July 15, 2004, to July 15, 2005 (the "First Policy"); policy number 6320005864-01 with an effective period of July 15, 2005, to July 15, 2006 (the "Second Policy"); and policy number 6320005864-02 with an effective period of July 15, 2006, to July 15, 2007 (the "Third Policy") (collectively the "Lincoln General Policies").

**THE UNDERLYING ACTION**

6. On November 8, 2006, John and Michelle Scott (the "Scotts") filed an action against BBI, and others, entitled, *Scott v. Gerosa, et al.* Napa County Superior Court Case No. 26-35647 (the "Scott Action") alleging construction defects related to work performed by BBI, and others, at the Scotts' residence in St. Helena, California. The Scott Action includes allegations for breach of contract, breach of express warranty, breach of implied warranty, negligence and negligence per se.

**FIRST CAUSE OF ACTION – DECLARATORY RELIEF**

7. Lincoln General hereby incorporates by reference paragraphs 1 through 6 above, inclusive, as though fully set forth herein.

8. An actual controversy and dispute has now arisen and exists between Lincoln General and BBI regarding the rights and obligations, if any, of Lincoln General under the Lincoln General Polices.

9. Lincoln General is informed and believes, and thereon alleges that BBI contends that it is entitled to payment of benefits, including defense costs, under the Lincoln General Policies arising out of the Scott Action. Lincoln General contends that because some or all of the damages alleged in the Scott Action are not covered under the Lincoln General Policies, any obligation to pay amounts in the Scott Action, to indemnify any other claims under the Lincoln General Policies, or to provide BBI with a defense against the Scott Action or any other suits is limited by and subject to the terms, conditions, exclusions, limitations and other provisions contained in or incorporated into the Lincoln General Policies.

10. An actual controversy has arisen between Lincoln General and BBI which requires this Court to determine the extent of each party's respective rights and obligations. A judicial declaration is necessary and appropriate at this time so that Lincoln General and BBI may ascertain their rights, duties and obligations, if any, under the Lincoln General Policies.

11. Lincoln General requests a judicial determination as to its rights and obligations under the Lincoln General Policies, including but not limited to that: (a) Lincoln General has no duty to defend and/or indemnify BBI in the Scott Action; (b) Lincoln General is entitled to

withdraw from the defense and/or indemnification of BBI and to stop paying defense costs associated with the Scott Action; and (c) Lincoln General is entitled to reimbursement from BBI for defense costs, expenses and benefits advanced with respect to the Scott Action.

## SECOND CAUSE OF ACTION - REIMBURSEMENT

12. Lincoln General hereby incorporates by reference paragraphs 1 through 11 above, inclusive, as though fully set forth herein.

13. Lincoln General assumed the defense of BBI against the Scott Action subject to a reservation of rights that reserved all of its rights under the Lincoln General Policies, at law and in equity, including the right to seek reimbursement from BBI for all costs of defense solely allocable to uncovered claims, up to the sum total of all costs of defense, should it be determined that there is and was no duty to defend the Scott Action.

14. Lincoln General has paid and will continue to pay benefits, including defense costs, to BBI under the Lincoln General Policies in connection with defending BBI against the Scott Action.

15. Should this Court determine that Lincoln General has or had a duty to defend BBI in the Scott Action, and should this Court determine that any part of the damages alleged against BBI are covered under the Lincoln General Policies, then Lincoln General is entitled to an allocation of defense costs between covered and noncovered claims and reimbursement of attorney fees and costs incurred on account of noncovered claims pursuant to *Buss v. Superior Court*, 16 Cal. 4th 35 (1997).

16. A judicial determination of the rights and duties of Lincoln General to pay and/or be reimbursed attorney fees and costs according to the terms of the Lincoln General Policies is necessary and appropriate.

17. Accordingly, Lincoln General seeks a judicial determination of its rights and duties to pay and/or be reimbursed attorney fees and costs according to the terms of the Lincoln General Policies.

//

//

**PRAYER**

WHEREFORE, Lincoln General prays for judgment in its favor against BBI as follows:

(1) For a judicial determination that Lincoln General has no duty to defend or indemnify BBI or any other party against the Scott Action or against any other claims and/or suits under the Lincoln General Policies;

(2) For a judicial determination that, to the extent Lincoln General has any obligation to BBI, such obligation is limited by and subject to the terms, conditions, exclusions, limitations and other provisions contained in or incorporated into the Lincoln General Policies;

(3) For a judicial determination that Lincoln General is entitled to reimbursement of all benefits it paid under the Lincoln General Policies, including defense costs advanced to BBI in the Scott Action, according to proof;

(4) Should this Court determine that any part of the damages alleged against BBI are covered under the Lincoln General Policies, for a judicial determination that Lincoln General is entitled to an allocation of defense costs between covered and noncovered claims and reimbursement of attorney fees and costs incurred on account of noncovered claims pursuant to *Buss v. Superior Court*, 16 Cal. 4th 35 (1997);

(5) For costs of suit incurred herein; and

(6) For such other and further relief as the Court may deem just.

DATED: October 31, 2007

BURNHAM BROWN

Steven J. Kahn
Attorneys for Plaintiff
LINCOLN GENERAL
INSURANCE COMPANY

827960

Re: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.
Court: Napa County Superior Court
Action No: 2637874

**PROOF OF SERVICE**

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On October 31, 2007, I served the following document(s) in the following manner(s):

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S CROSS-COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT**

☒ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below:

☐ **FACSIMILE:** By transmitted a true copy, via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below. The number of pages transmitted (including the Proof of Service Form) was 8.

☐ **PERSONAL** DELIVERY: By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above.

☐ **PERSONAL** DELIVERY BY MESSENGER: By consigning the document(s) listed above to a messenger service for personal delivery to the following person(s) at the following address on the date set forth below.

☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below.

J. Michael Murphy, Esq.
MURPHY, LOGAN, BARDWELL & LOOMIS
2350 First Street
Napa, CA 94591
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Counsel for Plaintiff
BRANDON IMHOFF dba
BBI CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 31, 2007

Linda Andrew-Marshall

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON IMHOFF dba BBI CONSTRUCTION,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,<br><br>Defendants. | No. C-08-02127 PJH<br><br>**EXHIBIT E TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

# EXHIBIT E

J. Michael Murphy, Esq. SBN 78880
Murphy, Logan, Bardwell & Loomis
A Professional Law Corporation
2350 First Street, P.O. Box 5540
Napa, CA 94581-0540
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Attorney for Brandon Imhoff, BBI Construction, Plaintiff and Cross-Defendant

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF NAPA**

**BRANDON IMHOFF DBA BBI CONSTRUCTION,**
**Plaintiff,**

**vs.**

**LINCOLN GENERAL INSURANCE COMPANY, et al. and DOES 1 through 100, inclusive,**
**Defendants.**

**LINCOLN GENERAL INSURANCE COMPANY**
**Cross-Complainants**

**vs.**

**BRANDON IMHOFF DBA BBI CONSTRUCTION, and ROES 1 through 100, inclusive,**
**Cross-Defendants.**

Case No.: 26-37874

**ANSWER TO CROSS-COMPLAINT**

**GENERAL DENIAL**

Brandon Imhoff, BBI Construction, (hereinafter referred to as "Plaintiff and Cross-Defendant") respond to Defendant and Cross-Complainant's Cross-Complaint as follows:

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

RECEIVED
DEC 12 2007
Burnham / Brown

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

1. In answer to the allegations of the unverified Cross-Complaint on file herein, and by virtue of the provisions of Code of Civil Procedure §431.30(d), Plaintiff and Cross-Defendant now file this general denial to the unverified Cross-Complaint, and each and every cause of action thereof. Answering Plaintiff and Cross-Defendant deny each and every, all and singular, generally and specifically, conjunctively and disjunctively, the allegations of the unverified Cross-Complaint filed herein, and further specifically deny the Defendant and Cross-Complainant have been damaged in any sum or sums whatsoever, whether alleged or to be alleged, and further specifically deny that the Defendant and Cross-Complainant are entitled to the relief sought or to any other relief against these answering Plaintiff and Cross-Defendant.

AFFIRMATIVE DEFENSES

***First Affirmative Defense***

**(Failure to State a Claim)**

1. This answering Plaintiff and Cross-Defendant alleges that the Cross-Complaint herein fails to sufficiently constitute a cause of action against these answering Plaintiff and Cross-Defendant and/or fails to state facts upon which a claim can be based.

***Second Affirmative Defense***

**(Act or Omission of Defendant and Cross-Complainant)**

2. This answering Plaintiff and Cross-Defendant alleges that the damages suffered by Defendant and Cross-Complainant, if any, were the result of the acts or omissions of the Defendant and Cross-Complainant and other parties, named and unnamed in this action, for which these answering Plaintiff and Cross-Defendant bear no responsibility.

\\

\\

\\

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

*Third Affirmative Defense*

**(Negligence of Defendant and Cross-Complainant)**

3. This answering Plaintiff and Cross-Defendant alleges that the damages suffered by Defendant and Cross-Complainant, if any, were the result of the negligence and failure to use reasonable diligence in performing the acts required of Defendant and Cross-Complainant.

*Third Affirmative Defense*

**(Contributory Fault)**

4. This answering Plaintiff and Cross-Defendant alleges that Defendant and Cross-Complainant is guilty of contributory fault and negligence in the matters stated in the Cross-Complaint, and such contributory fault and negligence proximately caused the damages complained herein.

*Fourth Affirmative Defense*

**(Estoppel and Waiver)**

5. This answering Plaintiff and Cross-Defendant alleges that Defendant and Cross-Complainant conduct, including but not limited to the matters set forth in **Exhibit A** attached and the failure to provide a defense to the Scott v Gerosa lawsuit, consequently Cross-Complainant should take nothing by way its Cross-Complaint and operates as estoppel and waiver of any rights to file the action herein.

*Fifth Affirmative Defense*

**(Laches)**

6. This answering Plaintiff and Cross-Defendant alleges that Defendant and Cross-Complainant's actions are barred under the equitable doctrine of laches.

*Fifth Affirmative Defense*

(Unclean Hands)

7. This answering Plaintiff and Cross-Defendant alleges the Defendant and Cross-Complainant's action is barred under the equitable doctrine of unclean hands.

***Sixth Affirmative Defense***

**(Proximate Cause)**

8. This answering Plaintiff and Cross-Defendant alleges that any alleged conduct or omission by these Plaintiff and Cross-Defendant was not the cause in fact, or proximate cause of any injury alleged by Defendant and Cross-Complainant.

***Seventh Affirmative Defense***

**(Failure to Mitigate)**

9. This answering Plaintiff and Cross-Defendant alleges that any recovery of Defendant and Cross-Complainant is barred by their failure to mitigate damages, or that any recovery must be reduced by those damages that the Defendant and Cross-Complainant failed to mitigate.

***Eighth Affirmative Defense***

**(Uncertain)**

10. This answering Plaintiff and Cross-Defendant alleges that the Cross-Complaint and each cause of action are uncertain.

***Ninth Affirmative Defense***

**(Additional Affirmative Defenses)**

11. This answering Plaintiff and Cross-Defendant alleges that because the Cross-Complaint is couched in conclusionary terms, the answering Plaintiff and Cross-Defendant cannot fully anticipate all affirmative defenses which may be applicable to the within action. Accordingly the

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

***Tenth Affirmative Defense***

**(Set Off)**

12. This answering Plaintiff and Cross-Defendant alleges that any recovery by Defendant and Cross-Complainant must be set off or reduced, abated, or apportioned to the extent that any other party's actions caused or contributed to damages, if any there were.

***Eleventh Affirmative Defense***

**(Breach)**

13. This answering Plaintiff and Cross-Defendant alleges that the obligation, if any, of Plaintiff and Cross-Defendant to pay any sum of money to Defendant and Cross-Complainant pursuant to the purported agreement between the parties has been excused by Defendant and Cross-Complainant's breach of the agreement, including, but not limited to the matters set forth in **Exhibit A** attached and the failure to provide a defense to the Scott v Gerosa lawsuit, consequently Cross-Complainant should take nothing by way its Cross-Complaint.

WHEREFORE, Plaintiff and Cross-Defendant pray for judgment against Defendant and Cross-Complainant and each of them as follows:

1. That the Defendant and Cross-Complainant take nothing by way of its Cross-Complaint;
2. For attorney's fees and costs incurred herein;
3. For such and other and further relief as the court deems just and proper.

Dated: December 10, 2007

MURPHY LOGAN BARDWELL & LOOMIS

J. Michael Murphy, Esq.
Attorney for Brandon Imhoff, BBI Construction, Plaintiff and Cross-Defendant

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

PROOF OF SERVICE

I declare that:

I am a citizen of the United States employed in the County of Napa, California; I am over the age of eighteen years and not a party to the within cause; my business address is Post Office Box 5540/2350 First Street in Napa, California 94581-0540. On this date I served the attached **ANSWER TO CROSS-COMPLAINT** on the parties in said cause by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Napa, California, addressed as follows:

Clark J. Burnham, Steven J. Kahn
BURNHAM BROWN
PO Box 119
Oakland, CA 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666
Email: cburnham@burnhambrown.com
Attorney for: Lincoln General Insurance Company

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on December 10, 2007 at Napa, California.

Lola Llamas

'PHY, LOGAN, BARDWELL & LC 'S
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. MICHAEL MURPHY
Murphy@mlbllaw.com

TELEPHONE (707) 257-8100
FAX (707) 257-6479

February 5, 2007

***Via Facsimile & First Class Mail***

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

| Re: | Your Insured: | Brandon Imhoff dba BBI Construction |
|---|---|---|
| | Your Claim #: | 39767 |
| | Claimants: | John & Michelle Scott |
| | Lawsuit: | Scott v. Gerosa et. al. |
| | Policy No: | 6320005864-1 (Eff. 7/15/05 -- 7/15/06)<br>6320005864-2 (Eff. 7/15/06 -- 7/15/07) |
| | Project: | Scott Residence<br>757 White Lane, St. Helena, California |

Dear Mr. Keough & Ms. McTeague-Walsh:

Thank you for your January 15, 2007 letter. The purpose to this letter is to re-tender these claims for a defense, secure a defense of these claims, and to request reimbursement of the fees and costs incurred in defending the claims to date. In order to assist you in your investigation, I offer the following comments.

***Response to Questions***

With regard to the ongoing investigation, please refer to the information provided by your insurance adjuster, Steve Anderson who conducted a detailed interview with your insured, and I understand has been communicating with Plaintiffs' counsel. With that said, BBI Construction was hired to perform construction work pursuant to an oral time and materials contract. The work involved an extensive remodel of an existing residence where the scope of work greatly expanded and changed during the course of construction.

BBI did not hire subcontractors; however, trade contractors were hired directly by the owner. Consequently, at the present time I am not aware of any express written indemnity contracts between BBI Construction and trade contractors, but discovery is continuing.

BBI does not have any first hand knowledge of any damage that occurred as a result of BBI Construction's work other than the allegations contained in the lawsuit filed by the Plaintiffs in this

**EXHIBIT A**

case. The Plaintiffs contend that there are damages "in excess of $200,000.00" and make specific allegations that there is damage caused by leaks.

According to the allegations contained in the Complaint, the events that could be characterized as "occurrences" occurred during the two Lincoln General policies beginning July 15, 2005 through the current policy ending on July 11, 2007.

BBI is not aware of any other insurance with regard to BBI that pertains to this case, but discovery is continuing.

BBI has not received an expert report, but understands from Plaintiffs' counsel that one may exist.

*Summary of Claim & Demand for Defense*

I have reviewed your letter, and I find no justification for Lincoln General's continued failure to provide a defense in this case. As I am certain that you can well understand, the continued failure to provide a defense is causing not only a financial burden upon your insured, but also causing a great deal of emotional distress. Although it may be appropriate to provide a defense pursuant to a reservation of rights, Lincoln General has failed to identify any exclusion which would preclude the obligation of Lincoln General to hire an attorney to defend BBI. If there is such an exclusion, please identify it immediately.

*Summary of the Legal Principles*

The following is a brief summary of the legal principles which clearly confirm Lincoln General's duty to immediately assume the defense of BBI.

**Insurer's Duty to Defend Against Claim Potentially Within Policy Coverage.** An insurer, which is required under the terms of a liability policy issued by it to defend its insured in any action for an occurrence covered by the policy, must defend an action against the insured which seeks damages potentially within the coverage of the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 275, 54 Cal. Rptr. 104, 419 P.2d 168*; *Miller v. Elite Ins. Co. (1980) 100 Cal. App. 3d 739, 753, 161 Cal. Rptr. 322*). As your letter acknowledges, at least one of the claims was covered by insurance, and therefore your insured was entitled to a defense of the entire claim.

**Determining Potential Liability.** The duty to defend is fixed by the facts which the insurer learns from the complaint, the insured, or other sources, and the insurer's duty to defend arises whenever it ascertains facts which give rise to the potential of liability under the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 276-277, 54 Cal. Rptr. 104, 419 P.2d 168*; *Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 169-170, 140 Cal. Rptr. 605*).

EXHIBIT A

**Duty of Insurer to Investigate Facts.** An insurer may not, without making an investigation of any kind, deny an insured a defense at a time when it has reason to believe that there is potential liability under the policy and then rely on the results of the third-party action and subsequent factors to prove that there was, in reality, no potential for liability in the first instance (*Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 173, 140 Cal. Rptr. 605*).

**Scope of Duty to Defend.** The duty to defend is broader than the duty to indemnify. When there is doubt as to whether the duty to defend exists, the doubt should be resolved in favor of the insured and against the insurer (*Eichler Homes, Inc. v. Underwriters at Lloyd's, London (1965) 238 Cal. App. 2d 532, 538, 47 Cal. Rptr. 843*).

**One of Several Causes of Action Alleged in Third-Party Complaint Covered by Policy.** If one of several causes of action alleged in the third-party complaint against the insured is covered by the policy, the insurer is bound to defend the action (*Blackfield v. Underwriters at Lloyd's, London (1966) 245 Cal. App. 2d 271, 275, 53 Cal. Rptr. 838*).

**For purposes of determining the duty to defend, it is the nature of the alleged conduct and resulting damage, not the legal theory of the pleading, that determines the issue,** (...the context of the factual background of the case against the insured, and not merely in light of the language of the complaint. *Healy Tibbits Const. Co. vs. Foremost Ins. Co.,* (1980) 482 F. Supp. 830, 837). Although extrinsic facts may trigger the duty to defend, the converse is not true. Once the pleadings raise the potential of coverage, they require the insurer to defend. An insured or insurer's knowledge that the alleged facts are in error and the true facts do not constitute a covered claim does not release the insurer from the duty to defend. The rationale is that the insurer agreed to defend even "groundless, false and fraudulent "lawsuits. Therefore, if the claimant asserts a claim that would be covered if proved, the insurer has the duty to defend, irrespective of knowledge of the impossibility of proving the facts alleged. (*Fragman Const. Co. vs. Preston Const. Co.,* (1971) 1 Ill. App 3rd 1002).

**Third-Party Complaint Would Support Partial Recovery Under Policy.** If the complaint against the insured seeks recovery of damages on a liability covered by the policy, the duty to defend exists even though the insurer is not liable under its policy for all the damages sought (*Hogan v. Midland National Ins. Co. (1970) 3 Cal. 3d 553, 563, 91 Cal. Rptr. 153, 476 P.2d 825*).

**Exclusionary Clause Must Be Liberally Construed in Favor of Insured.** Any ambiguity in an insurance policy is to be resolved against the insurer, and the language of an exclusionary clause must be construed liberally in favor of the insured (*Crane v. State Farm Fire & Cas. Co. (1971) 5 Cal. 3d 112, 115-116, 95 Cal. Rptr. 513, 485 P.2d 1129; Morris v. Atlas Assurance Co. (1984) 158 Cal. App. 3d 8, 12-13, 204 Cal. Rptr. 95*).

**Potential Liability Not Conclusively Refuted by Undisputed Facts.** An insurance carrier may escape its presumptive obligation to defend its insured against claims arguably covered

EXHIBIT A

by its policy only if undisputed facts **conclusively** refute any potential for liability (*Montrose Chemical Corp. v. Superior Court (1993) 6 Cal. 4th 287, 299-300, 24 Cal. Rptr. 2d 467, 861 P.2d 1153*).

**Liability for Insured's Attorney's Fees & Costs.** If an insurer wrongfully denies its duty to defend, the insured is released from the obligation to let the insurer control the action and may proceed as the insurer deems proper, (*Drinnon vs. Oliver* (1972) 24 CA3d 571, disapproved on other grounds in 38 C3rd at 255, n7). As a consequence, the insured gains the right to retain counsel of his or her own choosing to represent the insured and obtain reimbursement for the attorney's fees and costs. The right to reimbursement is not limited to the by CC § 2860 (c), (see *Arenson vs. National Auto. & Cas. Ins. Co.* (1957) 48 C2d 528, 529, *American Motorists Ins. Co. vs. Superior Court* (1998) 68 CA4th 864, 874); commences from the date insurer is first notified of the claim, (*Downey Sav. & Loan Ass'n vs. Ohio Cas. Ins. Co.* (1957) 189 CA3d 1072, 1086); and includes the right to obtain reimbursement for the attorney's fees and cost incurred in seeking the benefits due under the policy, (*Brandt vs. Superior Court* (1985) 37 C3rd 813, 817). Further, an insurer that has improperly refused to defend loses the right it may otherwise have had to defend the case under a reservation of rights, and the insured is free to settle the underlying action and compel the insurance company to pay the settlement, as well as damages for the failure to defend, (see *California Liability Insurance Practice: Claims & Litigation,* CEB, sections 11.38, 11.39, 24.70, 24.78, 25.29-25.32, & 25.37-25.38).

**Fees and Costs to Date.** The total of the legal fees ($4,721.25) and costs ($320.00) as of February 5, 2007 equals the sum of $5,041.25. Please reimburse your insured for those fees and costs immediately. If you have any questions regarding these fees and costs, please advise. If you wish to appoint another firm to defend your insureds, then you must do so immediately.

Please provide me with your response by close of business on **February 15, 2007**. Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: ll
File # I011
cc: Clients

**EXHIBIT A**

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT F TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT F

1

EXHIBIT F TO DEF LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) No. C-08-02127 MEJ

11123880 IIF - 12/26/2007 6:09:36 PM

Clark J. Burnham, State Bar No. 041792
Elizabeth C. Kim, State Bar No. 225550
Steven J. Kahn, State Bar No. 234104
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

ENDORSED
DEC 2 6 2007
Clerk of the Napa Superior Court
By: L. WALKER
Deputy

Attorneys for Defendant
AMERICAN COMMERCIAL MANAGEMENT

incorrectly sued as
AMERICAN CLAIMS MANAGEMENT dba
AMERICAN COMMERCIAL MANAGEMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

UNLIMITED JURISDICTION

BY FAX

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,

Defendants.

No. 26-37874

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S FIRST AMENDED COMPLAINT**

**[Code of Civil Procedure sections 430.10(e) and 430.30(a)]**

Date: January 28, 2008
Time: 8:30 a.m.
Dept: A

First Am. Compl. Filed: May 24, 2007
Trial Date: None Set

///

///

///

///

///

Defendant American Commercial Management ("ACM") hereby submits this memorandum of points and authorities in support of its demurer to Plaintiff Brandon Imhoff dba BBI Construction's ("Imhoff") First Amended Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing and Breach of Duty to Defend, pursuant to the provisions of California Code of Civil Procedure sections 430.10(e) and 430.30(a).

## I. INTRODUCTION

The sole issue presented to this Court is whether ACM, as an independent claims administrator acting for and on behalf of an insurer, can be sued by an insured alleging causes of action for bad faith and breach of contract. The answer is no.

ACM administers insurance claims pursuant to a contractual relationship as the agent of Plaintiff Imhoff's insurer, Defendant Lincoln General Insurance Company ("Lincoln General"). Imhoff has no contractual relationship, express or implied, with ACM; rather, Imhoff's privity lies solely with Lincoln General, pursuant to the terms, conditions and limitations of the insurance contract.

California law unequivocally holds that independent administrators engaged by insurers – commonly referred to as a Third Party Administrators, or "TPAs" – are not liable in tort, contract, or pursuant to any statute, for alleged breach of insurance contract or insurance bad faith actions. Such claimed acts are subsumed within the duties owed by an insurer to its insured; therefore, the insured's relief can only lie in an action against its insurer. As a result, any cause of action purportedly arising from ACM's actions relative to Imhoff's claim under his insurance policy must accrue only to Lincoln General.

Because California law is clear that the independent agents of insurers are not liable to insureds when acting within the course and scope of their retention by an insurer, the facts alleged by Imhoff in his First Amended Complaint can only support causes of action against Lincoln General, and not against ACM. Accordingly, ACM respectfully requests that this Court sustain its demurrer to Imhoff's First Amended Complaint in its entirety, without leave to amend.

## II. STATEMENT OF FACTS

### A. The Underlying Imhoff Construction Defect Action

This matter arises out of construction work performed by Imhoff and other contractors at the residence of John and Michelle Scott in St. Helena, California. (First Am. Compl. Exhibit A) Disputes arose between the Scotts and Imhoff regarding Imhoff's work and billing practices and the Scotts terminated Imhoff on July 7, 2006. (First Am. Compl. Exhibit A)

On November 8, 2006, the Scotts filed an action against Imhoff, and others, entitled *Scott v. Gerosa, et al.*, Napa County Superior Court Case No. 26-35647 (the "Scott Action"), alleging construction defects related to work performed by Imhoff, and others, at the Scotts' residence. (First Am. Compl. Exhibit A) The Scott Action is currently pending before this Court. The Scott Action includes allegations for breach of contract, breach of express warranty, breach of implied warranty, negligence and negligence per se. (First Am. Compl. Exhibit A)

Currently, the Scott Action remains ongoing and unresolved.

### B. The Lincoln General Policies

Lincoln General issued commercial general liability policy number 6320005864-00 to Imhoff, with an effective period of July 15, 2004, to July 15, 2005; policy number 6320005864-01 with an effective period of July 15, 2005, to July 15, 2006; and policy number 6320005864-02 with an effective period of July 15, 2006, to July 15, 2007 (collectively referred to as the "Lincoln General Policies"). (First Am. Compl. ¶6) ACM has no interest in and is not a party to the Lincoln General Policies, which are insurance contracts solely between Imhoff and Lincoln General. (First Am. Compl. ¶6)

### C. The Imhoff Insurance Coverage Action

Imhoff tendered defense of the Scott Action to Lincoln General on or about December 8, 2006. (First Am. Compl. Exhibit A) Lincoln General, through ACM, acknowledged Imhoff's claim in a letter dated January 15, 2007. (First Am. Compl. ¶11) Thereafter, ACM proceeded to investigate Imhoff's claim under the Lincoln General Policies, during which time ACM retained an independent investigator to review the factual allegations contained in the Scott Action. (First Am. Compl. ¶11)

Imhoff filed his First Amended Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing and Breach of Duty to Defend against Lincoln General and ACM on May 24, 2007. (First Am. Compl.) ACM was served with Imhoff's First Amended Complaint on May 30, 2007. (Req. for Jud. Ntc. ¶2) The causes of action contained in Imhoff's First Amended Complaint are alleged against both Lincoln General and ACM. (First Am. Compl.) Imhoff alleges in paragraph 5 of his First Amended Complaint that "ACM was the agent of [Lincoln General] and doing the things herein alleged was acting within the scope and course of said agency." (First Am. Compl. ¶5) There are no allegations of any contractual or other relationship between Imhoff and ACM. (First Am. Compl.)

## III. ARGUMENT

### A. Imhoff's First Amended Complaint Fails to State Facts Sufficient to Constitute the Causes of Action Alleged Therein Because California Law Recognizes No Liability for Independent Claims Adjusters Under Insurance Contract or Bad Faith Theories

This Court should sustain ACM's demurrer to Imhoff's First Amended Complaint because it fails to state facts sufficient to constitute a valid cause of action. When any ground for objection to a complaint appears on the face thereof, the objection on that ground may be submitted by a demurrer to the pleading. Code Civ. Proc. Section 430.30(a). The party against whom a complaint has been filed may object, by demurrer to the pleading, on the ground that the pleading does not state facts sufficient to constitute a cause of action. Code Civ. Proc. Section 430.10(e).

Imhoff's First Amended Complaint fails to state facts sufficient to constitute a cause of action against ACM pursuant to California Code of Civil Procedure section 430.10(e) because California law clearly exempts independent adjusters from liability for allegations related to performance of the terms of an insurance contract. The cases of Gruenberg v. Aetna Insurance Company, (1973) 9 Cal. 3d 566, and Sanchez v. Lindsey Morden Claims Services, Inc., (1999) 72 Cal. App. 4th 249, illustrate this applicable legal precedent and should serve to guide this Court toward sustaining ACM's demurrer without leave to amend.

In Gruenberg, an insured sued his insurers and various third parties involved in the

insurance claims process, including the insurer's third party adjusters, alleging that they willfully entered into a scheme to deprive him of the benefits under his fire insurance policies. The defendant insurers and their third party agents filed demurrers to the action. The trial court sustained the defendants' demurrers and dismissed the complaint. On appeal, the California Supreme Court reversed the lower court's dismissal of plaintiff's complaint as to the three insurance companies; however, as to the remaining third party agents of the insurers, the court found that they were not subject to any implied duty arising from a contractual relationship with the insured, and that the complaint did not state sufficient facts to constitute causes of action against them. In affirming the dismissal of the non-insurer third parties pursuant to demurrer, the Supreme Court held:

> [T]he non-insurer defendants were not parties to the agreements for insurance; therefore, they are not, as such, subject to an implied duty of good faith and fair dealing. Moreover, as agents and employees of the defendant insurers, they cannot be held accountable on a theory of conspiracy. (Wise v. Southern Pacific Co., (1963) 223 Cal. App. 2d 50, 72). This rule, as was explained in Wise (at pp. 72-73) "derives from the principle that ordinarily corporate agents and employees acting for and on behalf of the corporation cannot be held liable for inducing a breach of the corporation's contract since being in a confidential relationship to the corporation their action in this respect is privileged." (See also Mallard v. Boring, (1960) 182 Cal. App. 2d 390, 393).

Gruenberg, 9 Cal. 3d at 576.

Sanchez involved an action by an insured under a cargo insurance policy brought against the independent claims adjuster retained by the insurer to investigate and adjust the claim. In suing the independent claims adjuster, the insured alleged negligent handling of the claim. The trial court sustained the claims adjuster's demurrer without leave to amend, and that decision was affirmed by the California Court of Appeal. The Court of Appeal held that an independent adjuster engaged by an insurer owes no duty of care to the claimant insured, with whom the adjuster has no contract, and is not liable in tort to the insured for alleged negligent claim handling that causes only economic loss.

In support of its ruling affirming the claims adjuster's demurrer, the Court of Appeal summarized well-established California case law exempting insurer's independent adjusters

from insurance contract liability under both tort and contract theories:

> Imposing a duty [on independent adjusters] would significantly depart from existing law . . . California courts have refused to extend liability for bad faith, the predominant insurer tort, to agents and employees of the insurer. (Egan v. Mutual of Omaha Ins. Co., (1979) 24 Cal. 3d 809, 824 [employees of insurer's independent claims agency "are not parties to the insurance contract and not subject to the implied covenant" of good faith and fair dealing]; Gruenberg v. Aetna Ins. Co., (1973) 9 Cal. 3d 566, 576 [insurance adjusting firm and its employees were "total strangers to the contract of insurance" and not subject to the implied covenant of good faith].

Sanchez, 72 Cal. App. 4th at 254-55.

The Court of Appeal in Sanchez further explained that policy reasons necessarily prevent against imposing a duty of care owed to an insured by its insurer on an insurer-retained adjuster, as does the law of agency:

> [T]he insurer-retained adjuster is subject to the control of its clients, and must make discretionary judgment calls. The insurer, not the adjuster, has the ultimate power to grant or deny coverage, and to pay the claim, delay paying it, or deny it. Further, while the insurer's potential liability is circumscribed by the policy limits, and the other conditions, limits and exclusions of the policy, the adjuster has no contract with the insured and would face liability without the chance to limit its exposure by contract. Thus the adjuster's role in the claims process is "secondary," yet imposing a duty of care could expose him to liability greater than faced by his principal the insurer . . . Imposing a duty also would subject the adjuster to conflicting loyalties . . . An adjuster owes a duty to the insurer who engaged him. A new duty to the insured would conflict with that duty, and interfere with its faithful performance. This is poor policy.

Sanchez, 72 Cal. App. 4th at 253 (citing Gay v. Broder, (1980) 109 Cal. App. 3d 66, 75; also citing Felton v. Schaeffer, (1991), 229 Cal. App. 3d 229, 234; also citing Keene v. Wiggins, (1977) 69 Cal. App. 3d 308, 316).

In this case, ACM served as Lincoln General's independent agent; therefore, Imhoff's claims against ACM are subsumed within the course and scope of ACM's obligations to Lincoln General. Applicable substantive case law, discussed above, supports this position.

Furthermore, Imhoff does not dispute that ACM functioned as Lincoln General's agent for claims handling purposes, nor does he allege that he has any contractual or other relationship

6

DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS DEMURRER TO PLAINTIFF 'S FIRST AMENDED COMPLAINT No. 26-37874

with ACM. Indeed, Imhoff alleges in paragraph 5 of his First Amended Complaint that "ACM was the agent of [Lincoln General] and doing the things herein alleged was acting within the scope and course of said agency." (First Am. Compl. ¶5) Imhoff's inclusion of ACM as a defendant in this action is particularly inappropriate given its express admission that ACM only acted within the course and scope of Lincoln General's control. As a result, the First Amended Complaint, on its face, operates as a bar to recovery against ACM.

**B. This Court Should Sustain ACM's Demurrer Without Leave to Amend Because There is No Reasonable Possibility Under Applicable Law that Imhoff Can Cure the Defects of His First Amended Complaint**

A trial court does not abuse its discretion by sustaining a demurrer without leave to amend if it appears from plaintiff's complaint that under applicable substantive law there is no reasonable possibility that an amendment could cure the complaint's defect. See Heckendorn v. City of San Marino, (1986) 42 Cal. 3d 481, 486; see also Dalton v. East Bay Mun. Utility Dist., (1993) 18 Cal. App. 4th 1566, 1570-1571. Leave to amend should be denied where the facts are not in dispute and the nature of the claim is clear but no liability exists under substantive law. Lawrence v. Bank of America, (1985) 163 Cal. 3d 431, 436. As discussed, substantive law bars Imhoff from alleging bad faith causes of action against ACM; therefore, there is no possibility that Imhoff can cure the defects in his complaint by amendment or otherwise. Accordingly, this Court should sustain ACM's demurrer without leave to amend.

When a complaint is successfully challenged by a demurrer, the burden is on the plaintiff to demonstrate how the complaint might be amended to cure it of the defect. Association of Community Organizations for Reform Now v. Department of Industrial Relations, (1995) 41 Cal. App. 4th 298, 302. Given the clear case law in support of ACM's demurrer, and Imhoff's admission that ACM was acting only as the agent of Lincoln General, Imhoff will not be able to meet this burden.

**C. If This Court Determines that ACM's Demurrer is Untimely, ACM's Demurrer Should Alternatively be Treated as a Motion for Judgment on the Pleadings**

ACM is only demurring to Imhoff's First Amended Complaint because Imhoff refuses to recognize clear California law holding that independent administrators engaged by insurers are not liable in tort, contract, or pursuant to any statute for alleged breach of insurance contract or insurance bad faith actions. ACM does not anticipate that Imhoff will raise procedural or timeliness issues as a defense against this demurrer. However, because it has been more than thirty days since ACM was served with the First Amended Complaint, and in the event that Imhoff attempts to strike this demurrer on such grounds, ACM respectfully requests that this Court treat this demurrer and all arguments herein as a motion for judgment on the pleadings pursuant to Code of Civil Procedure section 438 *et seq.*.

## IV. CONCLUSION

Imhoff cannot, as a matter of law, succeed in his causes of action against ACM because ACM is an independent adjuster and agent of Imhoff's insurer. ACM is not independently liable for any of Imhoff's allegations; as explained in this demurrer, any purported liability for the allegations in Imhoff's insurance coverage action accrues to Lincoln General only. Accordingly, ACM respectfully requests that this Court sustain its demurrer as to Imhoff's First Amended Complaint in its entirety, without leave to amend.

DATED: December 26, 2007

BURNHAM BROWN

By ______________________
STEVEN J. KAHN
Attorneys for Defendant
AMERICAN COMMERCIAL MANAGEMENT

838310

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT G TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT G

J. Michael Murphy, Esq., SBN 78880
John H. Burton III, Esq., SBN 236315
Murphy, Logan, Bardwell & Loomis
A Professional Law Corporation
2350 First Street, P.O. Box 5540
Napa, CA 94581-0540
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Attorney for Brandon Imhoff dba
BBI Construction, Plaintiff

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

**BRANDON IMHOFF dba BBI CONSTRUCTION,**

**Plaintiff,**

**v.**

**LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,**

**Defendants.**

Case No.: 26-37874

**OPPOSITION TO DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S FIRST AMENDED COMPLAINT**

**Date: January 28, 2008**
**Time: 8:30 a.m.**
**Dept.: A**

For reasons set forth below, Plaintiff Brandon Imhoff dba BBI Construction, Inc. (hereinafter "Plaintiff") opposes this demurrer submitted by Defendant American Commercial Management's (hereinafter "ACM"). The hearing on this demurrer is on calendar for January 28, 2008, 8:30 AM, in Department A.

RECEIVED
JAN 1 8 2008
Burnham Brown

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

## I

## SYNOPSIS

This case is an insurance bad faith case filed by the Plaintiff against its insurance carrier for failure to defend a lawsuit and against ACM, as an independent claims administrator. ACM owes Plaintiff a duty, independent of the insurance contract, to abstain from harming Plaintiff. ACM breached that duty by, among other things, failing to respond to Plaintiff's tender letters, which, among other things, caused Plaintiff emotional distress. Plaintiff's complaint alleges facts sufficient to constitute its cause of action. As set forth below, this demurrer must be overruled or in the alternative, Plaintiff must be granted leave to amend.

## II

## FACTS

Plaintiff is a sole proprietor construction company. In July 2005, and continuing through July 11, 2007, Defendant Lincoln General Insurance Company (hereinafter "Lincoln") provided general liability insurance policies to Plaintiff. In November 2006, Plaintiff was served with a Summons and Complaint entitled *Scott v. Gerosa, et al.*, Napa County Superior Court, Case No. 26-35647. Plaintiff immediately tendered this claim to Lincoln; however, neither Lincoln or ACM responded. Plaintiff renewed its tender on January 9, 2007. On January 15, 2007, ACM informed Plaintiff of an investigation of the matter, but ACM failed to accept defense and no counsel was appointed. In order to preserve its rights, Plaintiff was forced to hire an attorney to file an Answer to the Complaint. In February and March 2007, Plaintiff again tendered the claim, and again, ACM refused to respond. In April 2007, ACM was notified that the court had set *Scott v. Gerosa* for trial. Thereafter, Lincoln served Plaintiff with a Notice of Non-Renewal. ACM's duty to respond to

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

Plaintiff is a wrongful act committed against the Plaintiff that is independent of the insurance contract between Lincoln and Plaintiff.

## III

## LEGAL ARGUMENT

A. <u>The Demurrer Must be Overruled because Plaintiff Plead Sufficient Facts that ACM Owed to Plaintiff a Duty to Abstain from Harming Plaintiff.</u>

ACM argues that BBI's First Amended Complaint is demurrable pursuant to *California Code of Civil Procedure* § 430.10(e), which, in relevant parts, states:

> The party against whom a complaint or cross-complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds:
>
> (e) The pleading does not state facts sufficient to constitute a cause of action.

1. To overcome this demurrer, "… plaintiff need only plead facts showing that he may be entitled to some relief." (*Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496).

ACM's demurrer hinges on the proposition that California law exempts independent adjusters from liability for allegations related to performance of the terms of an insurance contract. (*Grunberg v. Aetna Insurance Company* (1973) 9 Cal.3d 566).

In *Grunberg*, the sole bases of the complaint was the defendants alleged breach of the implied covenant of good faith and fair dealing, and not other torts. (*Younan v. Equifax Inc.,* (1980) 111 Cal. App. 3d 498, 509-510). California law does not exempt independent adjusters from liability for torts not arising from its performance of the terms of Plaintiff's insurance contract. An agent of an insurer is liable to an insured for wrongful acts committed against the insured that are not based on a breach of the insurer's duty of good faith and fair dealing arising under the insurance contract.

(*Younan v. Equifax Inc.*, (1980) 111 Cal. App. 3d 498, 509-510). The court in Younan, went on to state:

> The law imposes the obligation that every person is bound without contract to abstain from injuring the person or property of another, or infringing upon any of his rights. This duty is independent of the contract and attaches over and above the terms of the contract. The fact that there existed a contract between the plaintiff and the defendant would not immune the latter from penalty that is ordinarily visited upon tortfeasors. (*Younan v. Equifax Inc.*, (1980) 111 Cal. App. 3d 498).

ACM owed Plaintiff a duty independent of the insurance contract to abstain from injuring the Plaintiff. As alleged in Plaintiff's First Amended Complaint ACM breached that duty by, among other things, disregarding Plaintiff's tender letters, which caused Plaintiff emotional distress.

2. A cause of action is alleged despite mistaken labels and confusion of legal theory. The court is not limited to plaintiff's theory of recovery in testing the sufficiency of the complaint against a demurrer, but instead must determine whether the factual allegations of the complaint are adequate to state a cause of action under any legal theory. Mistaken labels and confusion of legal theory are not fatal; if the plaintiff's complaint states a cause of action on any theory, the plaintiff is entitled to introduce evidence thereon (Nguyen v. Scott (1988) 206 Cal. App. 3d 725, 729-730). In the instant matter, the complaint's caption only states causes of action based on breach of contract, breach of implied covenant of good faith and fair dealing and breach of duty to defend. However, this is simply a mistaken label and the allegations within the complaint state facts sufficient to show ACM is liable for wrongful conduct independent of the insurance contract.

B. <u>The Demurrer Must be Overruled Because Plaintiff Must be Allowed to Amend.</u>

1. Plaintiff must be given an opportunity to amend. When a demurrer is sustained, the court may grant leave to amend the challenged pleading. (*Code Civ. Proc. § 472a(c)).* Liberality in permitting amendment is the rule when a fair opportunity to correct any defect has not been given. (*Angie M. v. Superior Court* (1995) 37 Cal. App. 4th 1217, 1227). In the instant matter, this is the first demurrer to

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

the Plaintiff's complaint; therefore, Plaintiff should be given a fair opportunity to correct any alleged defect in the complaint.

2. The complaint is capable of amendment. Unless it is clear that the pleading is not susceptible of amendment to correct the defect, it is an abuse of discretion to sustain a demurrer without leave to amend (Richelle L. v. Roman Catholic Archbishop of San Francisco (2003) 106 Cal. App. 4th 257, 282; (Cundiff v. Bell Atlantic Corporation (2002) 101 Cal. App. 4th 1395, 1405); (Schwarz v. Regents of University of California (1990) 226 Cal. App. 3d 149, 153); see also (Angie M. v. Superior Court (1995) 37 Cal. App. 4th 1217, 1227 (denial of leave to amend abuse of discretion unless complaint shows on face that it is incapable of amendment). In the instant matter, if the court determines the complaint is defective, the complaint may be easily amended to correct any defect. Specifically, as discussed above, ACM's claim that it is immune from any liability is not supported by substantive law. Plaintiff may amend to allege ACM breached the duty to abstain from causing harm to Plaintiff.

## IV

## CONCLUSION

Plaintiff's demurrer should be overruled because Plaintiff alleged sufficient facts to constitute a cause of action. ACM committed torts independent of the insurance contract, and those allegations are clearly set forth in the complaint. However, if the court determines this demurrer should be sustained, Plaintiff prays this court to grant Plaintiff leave to amend its complaint.

Dated: January 14, 2008

Respectfully Submitted,

MURPHY, LOGAN, BARDWELL & LOOMIS

By: ______________________
John H. Burton III
Attorney for Plaintiff

Case Name: Brandon Imhoff dba BBI Construction v. Lincoln General Insurance, et al.
Case Number: Napa County Superior Court Case No. 26-37874

PROOF OF SERVICE

I, LETICIA HAMILL declare that:

I am a citizen of the United States and am employed in the County of Napa. I am over the age of 18 years and not a party to the within action; my business address is 2350 First Street, Napa, California.

On January 14, 2008, I served the following documents:

**OPPOSITION TO DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S FIRST AMENDED COMPLAINT**

on all parties in this action below by placing a true and correct copy thereof, enclosed in a sealed envelope, as follows:

Clark J. Burnham
Steven J. Kahn
BURNHAM BROWN
P. O. Box 119
Oakland, CA 94604-0119

[x] **BY MAIL (CCP §§1013(a) - 2015.5):** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Napa, California. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed at Napa, California on January 14, 2008.

LETICIA HAMILL

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT H TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT H

11124200 H - 1/18/2008 3 57 38 PM

Clark J. Burnham, State Bar No. 041792
Elizabeth C. Kim, State Bar No. 225550
Steven J. Kahn, State Bar No. 234104
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
AMERICAN COMMERCIAL MANAGEMENT

incorrectly sued as
AMERICAN CLAIMS MANAGEMENT dba
AMERICAN COMMERCIAL MANAGEMENT

ENDORSED
JAN 18 2008
Clerk of the Napa Superior Court
By: N. BENAVIDEZ
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

UNLIMITED JURISDICTION

BY FAX

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,

Defendants.

No. 26-37874

**DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S MEMORANDUM IN RESPONSE TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S OPPOSITION TO AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER**

**[Code of Civil Procedure sections 430.10(e) and 430.30(a)]**

Date: January 28, 2008
Time: 8:30 a.m.
Dept: A

First Am. Compl. Filed: May 24, 2007
Trial Date: None Set

Defendant American Commercial Management ("ACM") hereby submits this memorandum in response to Plaintiff Brandon Imhoff dba BBI Construction's ("Imhoff") opposition to ACM's demurrer to Imhoff's First Amended Complaint. However, ACM never received Imhoff's opposition to the demurrer. (Decl. of Kahn ¶5). It appears that Imhoff failed to properly serve his opposition to ACM's demurrer pursuant to California Code of Civil Procedure Section 1005(c), thus prejudicing ACM and forcing ACM to file its memorandum in

response without being able to review Imhoff's opposition. (Decl. of Kahn ¶¶ 4 & 5).

California Code of Civil Procedure Section 1005(c) requires that "all papers opposing a motion and all reply papers shall be served by personal delivery, facsimile transmission, express mail, or other means...reasonably calculated to ensure delivery to the other party or parties not later than the close of the next business day after the time the opposing papers...are filed." In this case, Imhoff filed its papers in opposition to ACM's demurrer with the Court on January 14, 2008, but failed to serve those materials by facsimile, express mail or other means reasonably calculated to ensure delivery to ACM not later than the close of the next business day. (Decl. of Kahn ¶4).

ACM is submitting this memorandum in order to comply with the provisions of California Code of Civil Procedure Section 1005(c), which requires that any reply memorandum to an opposition to a demurrer be served at least five court days before the scheduled demurrer hearing. In this case, the demurrer hearing is scheduled to be heard before this Court on January 28, 2008. Given the court holiday on Monday, January 21, 2008, ACM must file its memorandum in reply today.

Despite not being able to review and respond to Imhoff's opposition (due to improper service), it is ACM's position that Imhoff cannot raise any arguments, facts or law to support any opposition to ACM's demurrer. Accordingly, ACM hereby reiterates and reincorporates the arguments and points of law presented in its demurrer filed with this Court. The bases for ACM's demurrer are summarized as follows:

- ACM, as an independent claims administrator acting on behalf of an insurer, cannot be sued by an insured alleging causes of action for bad faith and breach of contract.
- Imhoff has no contractual relationship, express or implied, with ACM; rather, Imhoff's privity lies solely with Lincoln General Insurance Company ("Lincoln General"), pursuant to the terms, conditions and limitations of the insurance contract.
- California law unequivocally holds that independent administrators engaged by insurers are not liable in tort, contract, or pursuant to any statute, for alleged breach of insurance contract or insurance bad faith actions. Such claimed acts are subsumed within the duties

owed by an insurer to its insured; therefore, the insured's relief can only lie in an action against its insurer. See Gruenberg v. Aetna Insurance Company, (1973) 9 Cal. 3d 566; see also Sanchez v. Lindsey Morden Claims Services, Inc., (1999) 72 Cal. App. 4th 249.

- Any cause of action purportedly arising from ACM's actions relative to Imhoff's claim under his insurance policy must accrue only to Lincoln General.
- Because California law is clear that the independent agents of insurers are not liable to insureds when acting within the course and scope of their retention by an insurer, the facts alleged by Imhoff in his First Amended Complaint can only support causes of action against Lincoln General, and not against ACM.

ACM also requests that this Court grant it leave to amend this memorandum in response to Imhoff's opposition in the event that Imhoff eventually serves ACM with its opposition papers. ACM anticipates that the parties may attempt to reschedule the hearing date for this demurrer in order to allow Imhoff to properly serve its opposition to the demurrer, and accordingly to allow ACM a reasonable amount of time, pursuant to California Code of Civil Procedure Section 1005(c), to file a memorandum in response that addresses all grounds upon which Imhoff bases its opposition. (Decl. of Kahn ¶5).

Because ACM has been unfairly prejudiced by Imhoff's acts, ACM respectfully requests that this Court disregard Imhoff's improperly-served opposition to demurrer, deem Imhoff's right to oppose ACM's demurrer waived, and sustain ACM's demurrer in its entirety, without leave to amend.

Respectfully submitted,

DATED: January 18, 2008

BURNHAM BROWN

By [signature]
STEVEN J. KAHN
Attorneys for Defendant
AMERICAN COMMERCIAL
MANAGEMENT

842865

Re: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.
Court: Napa County Superior Court
Action No: 2637874

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On January 18, 2008, I served the following document(s) in the following manner(s):

**DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S MEMORANDUM IN RESPONSE TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S OPPOSITION TO AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER**

☒ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below:

☒ **FACSIMILE:** By transmitted a true copy, via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below.

☐ **PERSONAL** DELIVERY: By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above.

☐ **PERSONAL** DELIVERY BY MESSENGER: By consigning the document(s) listed above to a messenger service for personal delivery to the following person(s) at the following address on the date set forth below.

☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below.

J. Michael Murphy, Esq.
MURPHY, LOGAN, BARDWELL & LOOMIS
2350 First Street
Napa, CA 94591
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Counsel for Plaintiff
BRANDON IMHOFF dba
BBI CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 18, 2008

Linda Andrew-Marshall

## Confirmation Report – Memory Send

Page : 001
Date & Time: Jan-18-08 14:18
Line 1 : +510 835 6666
Line 2 : +510 835 6666
Machine ID : BURNHAM BROWN

| | | |
|---|---|---|
| Job number | : | 970 |
| Date | : | Jan-18 14:09 |
| To | : | ☎*36226028891707257647 9 |
| Number of pages | : | 009 |
| Start time | : | Jan-18 14:09 |
| End time | : | Jan-18 14:18 |
| Pages sent | : | 009 |
| Status | : | OK |

Job number : 970 *** SEND SUCCESSFUL ***

BURNHAM | BROWN
a professional law corporation

FACSIMILE

DATE: January 18, 2008
FROM: Steven J. Kahn
TIME:
EXT: 227

| PLEASE DELIVER TO | TELEPHONE NUMBER(S) | FAX NUMBER(S) |
|---|---|---|
| J. Michael Murphy<br>MURPHY, LOGAN, BARDWELL & LOOMIS | (707) 257-8100 | (707) 257-6479 |

REGARDING: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.

OUR FILE NO: ACM-288

OUR LONG DISTANCE CODE: 6226-0288

NO. OF PAGES (including this one): 9

HARD COPY TO FOLLOW: Yes

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, DO NOT USE OR DISCLOSE THIS FACSIMILE. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL TO BURNHAM BROWN VIA THE U.S. POSTAL SERVICE. THANK YOU.

If you do not receive all the pages, please call (510) 444-6800

P.O. Box 119 | Oakland | CA 94604-0119 | mailing address
1901 Harrison Street | 11th Floor | Oakland | CA 94612-3501
510-444-6800 telephone | 510-835-6666 facsimile

Transmitted By

 BURNHAM | BROWN
a professional law corporation

**FACSIMILE**

DATE: January 18, 2008 TIME:

FROM: Steven J. Kahn EXT: 227

| PLEASE DELIVER TO | TELEPHONE NUMBER(S) | FAX NUMBER(S) |
|---|---|---|
| J. Michael Murphy<br>MURPHY, LOGAN, BARDWELL & LOOMIS | (707) 257-8100 | (707) 257-6479 |

REGARDING: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.

OUR FILE NO: ACM-288

OUR LONG DISTANCE CODE: 6226-0288

NO. OF PAGES (including this one): 9 HARD COPY TO FOLLOW: Yes

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, DO NOT USE OR DISCLOSE THIS FACSIMILE. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL TO BURNHAM BROWN VIA THE U.S. POSTAL SERVICE. THANK YOU.

If you do not receive all the pages, please call (510) 444-6800

P.O. Box 119 | Oakland | CA 94604-0119 | mailing address
1901 Harrison Street | 11th Floor | Oakland | CA 94612-3501
510-444-6800 telephone | 510-835-6666 facsimile

Transmitted By

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT I TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT I

1
EXHIBIT I TO DEF LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) No. C-08-02127 MEJ

1112423711 - 1/22/2008 3:01:56 PM

Clark J. Burnham, State Bar No. 041792
Elizabeth C. Kim, State Bar No. 225550
Steven J. Kahn, State Bar No. 234104
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
AMERICAN COMMERCIAL MANAGEMENT
incorrectly sued as
AMERICAN CLAIMS MANAGEMENT dba
AMERICAN COMMERCIAL MANAGEMENT

ENDORSED
JAN 22 2008
Clerk of the Napa Superior Court
By: N. BENAVIDEZ
Deputy

BY FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

UNLIMITED JURISDICTION

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,

Defendants.

No. 26-37874

**AMENDED DECLARATION OF STEVEN J. KAHN IN SUPPORT OF DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S MEMORANDUM IN RESPONSE TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S OPPOSITION TO AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER**

**[Code of Civil Procedure sections 430.10(e) and 430.30(a)]**

Date: January 28, 2008
Time: 8:30 a.m.
Dept: A

First Am. Compl. Filed: May 24, 2007
Trial Date: None Set

**[Amended to include Exhibit A]**

I, Steven J. Kahn, declare as follows:

1. I am an attorney at law, admitted to practice before all courts in the State of California. I am an associate in the law firm of Burnham Brown, attorneys for Defendant

Jan 23 08 03:58p NORCAL ENTERPRISES - NAPA 7072261761 p.14

American Commercial Management ("ACM"). I have personal knowledge of the matters set forth below and if called as a witness, I could testify truthfully thereto.

2. On January 14, 2008, I sent a letter to the attorneys for Plaintiff Brandon Imhoff dba BBI Construction's ("Imhoff"), J. Michael Murphy and John H. Burton, to meet and confer before filing ACM's case management statement for the case management conference scheduled before this Court on January 28, 2008. That letter addresses certain discovery issues. A copy is attached to this declaration as Exhibit A.

3. On January 16, 2008, I spoke on the phone with Imhoff's attorney, John H. Burton, regarding certain discovery issues and ACM's demurrer to Imhoff's First Amended Complaint. Mr. Burton suggested that ACM withdraw its demurrer and allow Imhoff to file an amended complaint. I advised that I would present this option to my client, ACM. Mr. Burton requested that we suspend our discussion of withdrawing the demurrer so that he could confer on the issue with his co-counsel, J. Michael Murphy, and advised that he would call me again later that day. Mr. Burton did not call me back.

4. On January 18, 2008, I called the Napa County Superior Court's civil division clerk to inquire as to whether Imhoff had filed papers in opposition to ACM's demurrer to Imhoff's First Amended Complaint. The civil division clerk representative advised me that Imhoff filed his papers in opposition to ACM's demurrer on January 14, 2008. The clerk also advised me that the filed proof of service for Imhoff's opposition indicated that Imhoff had served his opposition papers on ACM via regular U.S. mail to ACM's attorneys at Burnham Brown.

5. On January 18, 2008, Imhoff's attorney John H. Burton, called me to discuss the case. During that phone call I advised Mr. Burton of my conversation with the Napa County Superior Court's civil division clerk earlier that morning. I explained to Mr. Burton that Imhoff had failed to properly serve his opposition to ACM's demurrer pursuant to California Code of Civil Procedure Section 1005(c), and that my office still had not received Imhoff's opposition papers. Mr. Burton advised that he would review his office's filing procedures and would send me a copy of Imhoff's opposition papers via facsimile. I advised Mr. Burton that ACM would

be filing its memorandum in response to Imhoff's opposition without having received or reviewed those materials in order to comply with the requirements of California Code of Civil Procedure Section 1005(c). Mr. Burton suggested that the parties attempt to reschedule the demurrer hearing date in order to allow Imhoff to properly serve its opposition to the demurrer, and accordingly to allow ACM a reasonable amount of time, pursuant to California Code of Civil Procedure Section 1005(c), to file a memorandum in response that addresses all grounds upon which Imhoff bases its opposition.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed in Oakland, California, on January 22, 2008.

Steven J. Kahn

842976

3

AMENDED DECL. OF STEVEN J. KAHN IN SUPPORT OF DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEMURRER No. 26-37874

Re: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.
Court: Napa County Superior Court
Action No: 2637874

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On January 22, 2008, I served the following document(s) in the following manner(s):

**AMENDED DECLARATION OF STEVEN J. KAHN IN SUPPORT OF DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S MEMORANDUM IN RESPONSE TO PLAINTIFF BRANDON IMHOFF DBA BBI CONSTRUCTION'S OPPOSITION TO AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER**

☒ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below:

☒ **FACSIMILE:** By transmitted a true copy, via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below. The number of pages transmitted (including the Proof of Service Form) was 8.

☐ **PERSONAL** DELIVERY: By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above.

☐ **PERSONAL** DELIVERY BY MESSENGER: By consigning the document(s) listed above to a messenger service for personal delivery to the following person(s) at the following address on the date set forth below.

☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below.

J. Michael Murphy, Esq.
MURPHY, LOGAN, BARDWELL & LOOMIS
2350 First Street
Napa, CA 94591
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Counsel for Plaintiff
BRANDON IMHOFF dba
BBI CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 22, 2008

Linda Andrew-Marshall



BURNHAM | BROWN
a professional law corporation

STEVEN J. KAHN
skahn@burnhambrown.com
Direct Dial (510) 835-6727

January 14, 2008

***Via Facsimile and First Class U.S. Mail***

J. Michael Murphy, Esq.
John H. Burton III, Esq.
MURPHY, LOGAN, BARDWELL & LOOMIS
2350 First Street
Napa, CA 94591

Re: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.
Napa County Superior Court Case No. 26-37874

Gentlemen:

We recently received the form interrogatories and requests for production of documents you propounded on behalf of your client, Brandon Imhoff dba BBI Construction ("Imhoff"). We are writing to address certain concerns with the form interrogatories and to formally meet and confer prior to the case management conference scheduled for January 28, 2008, pursuant to rule 3.724 of the California Rules of Court.

First, the form interrogatories you served do not include a definition for "incident" – the definition in section 4(a)(1) is unchecked and no separate definition of the term was attached to the form interrogatories. Most of the form interrogatories you checked incorporate "incident" into their instructions. Since "incident" is undefined, our client is at a loss as to the information requested by the interrogatories using that term, and we would appropriately take the position that the requested information is not relevant to the subject matter of this action and therefore is not reasonably calculated to lead to discovery of admissible evidence.

If you choose to amend the form interrogatories to include a definition of "incident," we ask that you craft a definition that is appropriate for an insurance bad faith action, as we believe that allegations of insurance bad faith cannot be assigned to one particular occurrence or event.

Second, many of questions selected in your form interrogatories are inapplicable to an insurance bad faith action. In particular, interrogatory sets 12, 13 and 14 have no application to an insurance bad faith action – those questions clearly anticipate investigation of facts related to one specific event or occurrence that can be reasonably encompassed within the term "incident." A personal injury action is the most basic example. In fact, the bulk of the form interrogatories are designed for use in personal injury and/or basic breach of contract actions. It is our position that most of the interrogatories, including many of the questions selected in the form interrogatories you served, are inappropriate for an insurance bad faith action.

P.O. Box 119 | Oakland | CA 94604-0119 | mailing address
1901 Harrison Street | 11th Floor | Oakland | CA 94612-3501
510-444-6800 telephone | 510-835-6666 facsimile

J. Michael Murphy, John H. Burton III
Re:    Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.
January 14, 2008
Page 2


     We are alerting you to these issues in an effort to avoid any discovery disputes. Our goal is to maximize the efficiency and efficacy of the discovery process. Accordingly, we respectfully request that you amend the form interrogatories to only include those questions that are relevant to this bad faith action and to include an appropriate definition of "incident," should you continue to include questions utilizing that term.

     We look forward to your response. Please feel free to contact the undersigned with any questions about this matter.

               Sincerely,

               BURNHAM BROWN


               Steven J. Kahn


SJK:lam

841790

**Confirmation Report – Memory Send**

Time : Jan-14-2008 03:11pm
Tel line : 5108356666
Name : BURNHAM BROWN

| | | |
|---|---|---|
| Job number | : | 250 |
| Date | : | Jan-14 03:10pm |
| To | : | *362260288917072576479 |
| Document pages | : | 003 |
| Start time | : | Jan-14 03:10pm |
| End time | : | Jan-14 03:11pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number : 250 *** SEND SUCCESSFUL ***

BURNHAM | BROWN
a professional law corporation

FACSIMILE

DATE: January 14, 2008
TIME:
FROM: Steven J. Kahn
EXT: 227

| PLEASE DELIVER TO | TELEPHONE NUMBER(S) | FAX NUMBER(S) |
|---|---|---|
| J. Michael Murphy<br>MURPHY, LOGAN, BARDWELL & LOOMIS | (707) 257-8100 | (707) 257-6479 |

REGARDING: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.

OUR FILE NO: ACM-288

OUR LONG DISTANCE CODE: 6226-0288

NO. OF PAGES (including this one): 3

HARD COPY TO FOLLOW: Yes

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, DO NOT USE OR DISCLOSE THIS FACSIMILE. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL TO BURNHAM BROWN VIA THE U.S. POSTAL SERVICE. THANK YOU.

P.O. Box 119 | Oakland | CA 94604-0119 | mailing address
1901 Harrison Street | 11th Floor | Oakland | CA 94612-3501
510-444-6800 telephone | 510-835-6666 facsimile

If you do not receive all the pages, please call (510) 444-6800

Transmitted By

**Confirmation Report — Memory Send**

Time : Jan-22-2008 11:18am
Tel line : 5108356666
Name : BURNHAM BROWN

Job number : 581

Date : Jan-22 11:16am

To : *362260288917072576479

Document pages : 008

Start time : Jan-22 11:16am

End time : Jan-22 11:18am

Pages sent : 008

Status : OK

Job number : 581 *** SEND SUCCESSFUL ***

BURNHAM | BROWN
a professional law corporation

FACSIMILE

DATE: January 22, 2008 TIME:

FROM: Steven J. Kahn EXT: 227

| PLEASE DELIVER TO | TELEPHONE NUMBER(S) | FAX NUMBER(S) |
|---|---|---|
| J. Michael Murphy<br>MURPHY, LOGAN, BARDWELL & LOOMIS | (707) 257-8100 | (707) 257-6479 |

REGARDING: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.

OUR FILE NO: ACM-288

OUR LONG DISTANCE CODE: 6226-0288

NO. OF PAGES (including this one): 8 HARD COPY TO FOLLOW: Yes

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, DO NOT USE OR DISCLOSE THIS FACSIMILE. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL TO BURNHAM BROWN VIA THE U.S. POSTAL SERVICE. THANK YOU.

If you do not receive all the pages, please call (510) 444-6800

P.O. Box 119 | Oakland | CA 94604-0119 | mailing address
1901 Harrison Street | 11th Floor | Oakland | CA 94612-3501
510-444-6800 telephone | 510-835-6666 facsimile

Transmitted By

bb

BURNHAM | BROWN

a professional law corporation

FACSIMILE

DATE: January 22, 2008

TIME:

FROM: Steven J. Kahn

EXT: 227

| PLEASE DELIVER TO | TELEPHONE NUMBER(S) | FAX NUMBER(S) |
|---|---|---|
| J. Michael Murphy<br>MURPHY, LOGAN, BARDWELL & LOOMIS | (707) 257-8100 | (707) 257-6479 |

REGARDING: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.

OUR FILE NO: ACM-288

OUR LONG DISTANCE CODE: 6226-0288

NO. OF PAGES (including this one): 8

HARD COPY TO FOLLOW: Yes

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, DO NOT USE OR DISCLOSE THIS FACSIMILE. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL TO BURNHAM BROWN VIA THE U.S. POSTAL SERVICE. THANK YOU.

If you do not receive all the pages,
please call (510) 444-6800

P.O. Box 119 | Oakland | CA 94604-0119 | mailing address
1901 Harrison Street | 11th Floor | Oakland | CA 94612-3501
510-444-6800 telephone | 510-835-6666 facsimile

Transmitted By

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT J TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT J

Clark J. Burnham, State Bar No. 041792
Elizabeth C. Kim, State Bar No. 225550
Steven J. Kahn, State Bar No. 234104
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
AMERICAN COMMERCIAL MANAGEMENT
incorrectly sued as
AMERICAN CLAIMS MANAGEMENT dba
AMERICAN COMMERCIAL MANAGEMENT

ENDORSED
JAN 25 2008
Clerk of the Napa Superior Court
By: N. BENAVIDEZ
Deputy

BY FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

UNLIMITED JURISDICTION

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,

Defendants.

No. 26-37874

**DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S SUPPLEMENTAL MEMORANDUM IN REPLY TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S OPPOSITION TO AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER**

**[Code of Civil Procedure sections 430.10(e) and 430.30(a)]**

Date: ~~January 28, 2008~~ FEB 1, 2008
Time: 8:30 a.m.
Dept: A

First Am. Compl. Filed: May 24, 2007
Trial Date: None Set

Defendant American Commercial Management ("ACM") submits this supplemental memorandum in reply to Plaintiff Brandon Imhoff dba BBI Construction's ("Imhoff") opposition to ACM's demurrer to Imhoff's First Amended Complaint.

ACM filed an initial memorandum in response to Imhoff's opposition with this Court on January 18, 2008; however, that pleading was prepared before ACM received Imhoff's

opposition. (Decl. of Kahn ¶¶2&3). As discussed in ACM's initial memorandum, Imhoff failed to properly serve his opposition to ACM's demurrer pursuant to California Code of Civil Procedure Section 1005(c), which requires that all papers opposing a motion be served in a manner reasonably calculated to ensure delivery to the other party not later than the close of the next business day after the time the opposing papers are filed.

Imhoff's untimely service prejudiced ACM and forced ACM to file an initial memorandum in response without being able to review Imhoff's opposition. ACM filed its initial memorandum in order to comply with California Code of Civil Procedure Section 1005(c). (Decl. of Kahn ¶¶2&3).

ACM received Imhoff's opposition to demurrer via facsimile and regular U.S. mail on the afternoon of January 18, 2008, after submitting its initial memorandum in response to Imhoff's opposition to demurrer for filing with the Napa County superior court, in compliance with California Code of Civil Procedure Section 1005(c). (Decl. of Kahn ¶4).

ACM has now had an opportunity to review Imhoff's opposition to demurrer. In summary, Imhoff offers no applicable authority in support of his opposition, and in fact attempts to base his opposition on case law that supports ACM's position. Accordingly, ACM hereby reiterates and reincorporates the arguments and points of law presented in its demurrer filed with this Court, and offers additional arguments in response to Imhoff's opposition to demurrer.

## I. SUMMARY OF ACM'S ARGUMENTS IN SUPPORT OF DEMURRER

The bases for ACM's demurrer are summarized as follows:

- ACM, as an independent claims administrator acting on behalf of an insurer, cannot be sued by an insured alleging causes of action for bad faith and breach of contract.
- Imhoff has no contractual relationship, express or implied, with ACM; rather, Imhoff's privity lies solely with Lincoln General Insurance Company ("Lincoln General"), pursuant to the terms, conditions and limitations of the insurance contract.
- California law unequivocally holds that independent administrators engaged by insurers are not liable in tort, contract, or pursuant to any statute, for alleged breach of insurance contract or insurance bad faith actions. Such claimed acts are subsumed within the duties

owed by an insurer to its insured; therefore, the insured's relief can only lie in an action against its insurer. See Gruenberg v. Aetna Insurance Company, (1973) 9 Cal. 3d 566; see also Sanchez v. Lindsey Morden Claims Services, Inc., (1999) 72 Cal. App. 4th 249.

- Any cause of action purportedly arising from ACM's actions relative to Imhoff's claim under his insurance policy must accrue only to Lincoln General.
- Because California law is clear that the independent agents of insurers are not liable to insureds when acting within the course and scope of their retention by an insurer, the facts alleged by Imhoff in his First Amended Complaint can only support causes of action against Lincoln General, and not against ACM.

## II. IMHOFF OFFERS NO APPLICABLE LEGAL AUTHORITY IN SUPPORT OF HIS OPPOSITION TO ACM'S DEMURRER

Imhoff relies almost exclusively on the case of Younan v. Equifax, Inc., (1980) 111 Cal. App. 3d 498, in support of his opposition to ACM's demurrer. Younan is easily distinguishable from this case, and in fact supports ACM's position that independent administrators engaged by insurers are not liable in tort, contract, or pursuant to any statute, for alleged breach of insurance contract or insurance bad faith actions.

Younan is a conspiracy and insurance bad faith case where alleged co-conspirator third parties argue in support of their demurrer that they cannot be held liable because they are not parties to an insurance contract between plaintiff insured and defendant insurer. The appellate court summarized the case as follows: "The crucial question raised by the case before us is whether a cause of action for *conspiracy* will lie…against persons not parties to the contract of insurance." (emphasis added). Younan, 111 Cal. App. 3d. at 508.

The appellate court concluded that a cause of action for *conspiracy* will lie against agents of insurers even though such agents are not parties to the insurance contract, but it specifically crafted its decision as an exception to the well-established general rule supported by Gruenberg v. Aetna Insurance Company, (1973) 9 Cal. 3d 566, that independent administrators engaged by insurers are not liable in tort, contract, or pursuant to any statute, for alleged breach of insurance contract or insurance bad faith actions. Younan, 111 Cal. App. 3d. at 511, 512.

Younan is a unique exception to settled case law. To ensure that its ruling is not misinterpreted and is narrowly applied to only those cases involving allegations of conspiracy, the appellate court acknowledges that under a more common fact scenario similar to Gruenberg, where plaintiff insured bases its claim on a duty of good faith and fair dealing, defendant independent agents are not liable because they are not parties to the insurance contract:

> "Contrary to the situation described in Gruenberg...plaintiff...does not base his claim on any duty of good faith and fair dealing...if he had done so, the defendants...would have been insulated against such an alleged conspiracy inasmuch as they were not parties to the agreement of insurance.
>
> ...
>
> The Gruenberg decision is fully consistent with our holding."
>
> Id. at 510-11.

The present case is factually consistent with Gruenberg – Imhoff bases his claims against ACM on tort theories of duty of good faith and fair dealing because he has no contractual relationship with ACM. There are no allegations of conspiracy against ACM, nor could the facts in this case support such claims. Imhoff is misguided in relying on Younan in support of his opposition to ACM's demurrer, and his attempt to recharacterize Younan only demonstrates the dearth of case law in support of his position.

## III. IMHOFF MUST NOT BE ALLOWED TO AMEND HIS COMPLAINT

Imhoff's demurrer is not capable of amendment because no cause of action in tort, contract, or pursuant to any statute, for alleged breach of insurance contract or insurance bad faith actions can lie against independent administrators engaged by insurers. Gruenberg, 9 Cal. 3d at 566; Sanchez, 72 Cal. App. 4th at 249. In support of his request that this Court grant leave to amend his complaint, Imhoff claims that he "may amend to allege ACM breached the duty to abstain from causing [him] harm." (Opp. to Demurrer 5:15-16). Any alleged duty to abstain from causing Imhoff harm must necessarily lie in tort or under statute since Imhoff has no contractual relationship with ACM. As discussed *supra*, liability in tort or under statute is, as a matter of law, subsumed within the duties owed by an insurer to its insured – in this case, the duties owed to Imhoff by Lincoln General.

Furthermore, allowing Imhoff to amend his complaint would serve no purpose other than

to cause the parties to renew this exercise – ACM will almost certainly demur to any amended complaint on the same grounds upon which it bases this demurrer. Because California law is very clear on these issues, there is absolutely no plausible way for Imhoff to amend his complaint such that it would survive another demurrer.

## IV. CONCLUSION

Imhoff offers no applicable arguments in support of his opposition and cannot, as a matter of law, succeed in his causes of action against ACM. ACM is an independent adjuster and agent of Imhoff's insurer, and therefore is not independently liable for any of Imhoff's allegations. Any purported liability for the allegations in Imhoff's insurance coverage action accrues to Lincoln General only. Accordingly, ACM respectfully requests that this Court sustain its demurrer as to Imhoff's First Amended Complaint in its entirety, without leave to amend.

Respectfully submitted,

DATED: January 25, 2008

BURNHAM BROWN

By ____________________
STEVEN J. KAHN
Attorneys for Defendant
AMERICAN COMMERCIAL MANAGEMENT

843565

Re: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.
Court: Napa County Superior Court
Action No: 2637874

**PROOF OF SERVICE**

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On January 25, 2008, I served the following document(s) in the following manner(s):

**DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S SUPPLEMENTAL MEMORANDUM IN REPLY TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S OPPOSITION TO AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER**

☐ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below:

☒ **FACSIMILE:** By transmitted a true copy, via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below.

☐ **PERSONAL** DELIVERY: By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above.

☐ **PERSONAL** DELIVERY BY MESSENGER: By consigning the document(s) listed above to a messenger service for personal delivery to the following person(s) at the following address on the date set forth below.

☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below.

J. Michael Murphy, Esq.
MURPHY, LOGAN, BARDWELL & LOOMIS
2350 First Street
Napa, CA 94591
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Counsel for Plaintiff
BRANDON IMHOFF dba
BBI CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 25, 2008

Linda Andrew-Marshall

Linden 12/3

Confirmation Report – Memory Send

Page : 001
Date & Time: Jan-25-08 09:53
Line 1 : +510 835 6666
Line 2 : +510 835 6666
Machine ID : BURNHAM BROWN

Job number : 041

Date : Jan-25 09:48

To : ☎*3622602889170725764 79

Number of pages : 011

Start time : Jan-25 09:48

End time : Jan-25 09:53

Pages sent : 011

Status : OK

Job number : 041 *** SEND SUCCESSFUL ***

BURNHAM | BROWN
a professional law corporation

FACSIMILE

DATE: January 25, 2008

FROM: Steven J. Kahn

TIME:

EXT: 227

| PLEASE DELIVER TO | TELEPHONE NUMBER(S) | FAX NUMBER(S) |
|---|---|---|
| J. Michael Murphy<br>MURPHY, LOGAN, BARDWELL & LOOMIS | (707) 257-8100 | (707) 257-6479 |

REGARDING: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.

OUR FILE NO: ACM-288

OUR LONG DISTANCE CODE: 6226-0288

NO. OF PAGES (including this one): 11

HARD COPY TO FOLLOW: Yes

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, DO NOT USE OR DISCLOSE THIS FACSIMILE. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL TO BURNHAM BROWN VIA THE U.S. POSTAL SERVICE. THANK YOU.

If you do not receive all the pages, please call (510) 444-6800

P.O. Box 119 | Oakland | CA 94604-0119 | mailing address
1901 Harrison Street | 11th Floor | Oakland | CA 94612-3501
510-444-6800 telephone | 510-835-6666 facsimile

Transmitted By

fax conf dec
Supp mem
+ Stip contin hrg

BURNHAM | BROWN

a professional law corporation

FACSIMILE

DATE: January 25, 2008

TIME:

FROM: Steven J. Kahn

EXT: 227

| PLEASE DELIVER TO | TELEPHONE NUMBER(S) | FAX NUMBER(S) |
|---|---|---|
| J. Michael Murphy<br>MURPHY, LOGAN, BARDWELL & LOOMIS | (707) 257-8100 | (707) 257-6479 |

REGARDING: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.

OUR FILE NO: ACM-288

OUR LONG DISTANCE CODE: 6226-0288

NO. OF PAGES (including this one): 11

HARD COPY TO FOLLOW: Yes

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, DO NOT USE OR DISCLOSE THIS FACSIMILE. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL TO BURNHAM BROWN VIA THE U.S. POSTAL SERVICE. THANK YOU.

If you do not receive all the pages, please call (510) 444-6800

P.O. Box 119 | Oakland | CA 94604-0119 | mailing address

1901 Harrison Street | 11th Floor | Oakland | CA 94612-3501

510-444-6800 telephone | 510-835-6666 facsimile

Transmitted By

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT K TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT K

J. Michael Murphy, Esq., SBN 78880
John H. Burton III, Esq., SBN 236315
Murphy, Logan, Bardwell & Loomis
A Professional Law Corporation
2350 First Street, P.O. Box 5540
Napa, CA 94581-0540
Telephone: (707) 257-8100
Facsimile: (707) 257-6479
Murphy@mlbllaw.com

Attorney for Brandon Imhoff dba
BBI Construction, Plaintiff

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

| | |
|---|---|
| **BRANDON IMHOFF dba BBI CONSTRUCTION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,**<br><br>**Defendants.** | Case No.: 26-37874<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF DUTY TO DEFEND, AND NEGLIGENCE** |

1. Plaintiff Brandon Imhoff is a sole proprietor doing business as BBI Construction, (hereinafter referred to as Plaintiff BBI), is and at all times mentioned was, a resident of Napa County, California, and a licensed contractor doing business in the State of California.

2/21 ✓
3/27 ✓
4/7 ✓
3/12 ✓
4/28 ✓

RECEIVED
FEB 22 2008
nham / Brown
7L -Sell

2. Plaintiff BBI has information and belief and thereon alleges that Defendant Lincoln General Insurance Company, DOES 1 through 25 are, and at all times herein mentioned were a company doing business in Napa, California, and authorized to transact, and transacting business as a liability insurer, (hereinafter referred to as LINCOLN).

3. Plaintiff BBI has information and belief and thereon alleges that Defendant American Claims Management, Inc. dba American Commercial Management, DOES 26 through 50, are, and at all times herein mentioned were the authorized third party administrator to handle liability claims on behalf of LINCOLN for those insureds residing in Napa County, California, (hereinafter referred as ACM).

4. Plaintiff BBI does not know the true names and capacities of those Defendants sued herein as DOES 1 through 100, inclusive and therefore sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to allege the true names of said Defendants when the same are ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such Defendants.

5. Plaintiff is informed and believes, and thereupon alleges at all times herein mentioned, ACM was the agent of LINCOLN and doing the things herein alleged was acting within the scope of and course of said agency.

//

//

//

//

//

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

**FIRST CAUSE OF ACTION**
**(For Breach of Contract and**
**For Breach of Implied Covenant of Good Faith and Fair Dealing)**
**(As and Against LINCOLN)**

6. Plaintiff incorporates herein by reference each of the allegations set forth in the preceding paragraphs.

7. On or about July 2005, and continuing through July 11, 2007, in consideration of the payment of premiums by Plaintiff BBI, Defendant LINCOLN, by its duly authorized agents, executed and delivered to Plaintiff BBI, its insured, in Napa County, California, its commercial general liability policies of insurance bearing policy numbers 6320005864 and 6320028353 respectively, hereinafter referred to as "THE POLICIES."

8. By the terms of THE POLICIES, Defendant LINCOLN undertook and agreed to *inter alia*, "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence." THE POLICIES by their terms was effective from July 15, 2005 through July 11, 2007.

9. On or about November 8, 2006, Plaintiff BBI was served with a Summons and Complaint entitled *Scott v. Gerosa, et al.*, Napa County Superior Court, Case No. 26-35647, (hereinafter referred to as SCOTT LAWSUIT). The SCOTT LAWSUIT alleged *inter alia* a claim for damages for property damage arising during the term of THE POLICIES.

10. Plaintiff BBI promptly notified LINCOLN through its agents of the claim and requested a defense of the claim pursuant to the claims of THE POLICIES, (see **Exhibit A** attached hereto).

11. Having received no response by LINCOLN to the tender of this claim, Plaintiff BBI through its attorney sent a renewed tender of the claim on January 9, 2007, (see **Exhibit B** attached hereto).

12. In a letter dated January 15, 2007, ACM as the third party administrator for LINCOLN sent a letter of representation and informed Plaintiff BBI of its investigation. LINCOLN did not accept the tender to defend the claim.

13. Despite the prompt tender of the claim, LINCOLN failed to appoint counsel to defend the claim, requiring Plaintiff BBI to hire an attorney to file an Answer to the Complaint, (see **Exhibit C**).

14. On or about February 5, 2007, Plaintiff BBI re-tendered the claim for a defense and coverage, (see **Exhibit D**).

15. Defendant LINCOLN failed to take any action to the tender.

16. Plaintiff BBI becoming deeply worried about his exposure to this claim, and suffering emotional distress, re-tendered the claim through his attorney on March 2, 2007, (a copy of which is attached as **Exhibit E**). Defendants LINCOLN and ACM failed and refused to respond.

17. Plaintiff BBI has information and belief that LINCOLN through its agent ACM hired a third party adjuster who conducted an investigation of the SCOTT LAWSUIT claim and was provided sufficient information to trigger the duty to defend and cover this claim.

18. In a letter dated April 18, 2007, LINCOLN and ACM were informed that the court set the SCOTT LAWSUIT for a trial and said Defendants were informed of the difficulty of its insured in defending this claim, (see attached **Exhibit F**).

19. Plaintiff at all times herein mentioned, had and has performed all the terms and conditions of THE POLICIES on his part to be performed.

20. Notwithstanding Plaintiff BBI's repeated requests, Defendants have repeatedly failed to respond to the requests to assume the defense of this claim, provide any explanation for the failure, exposing Plaintiff BBI to the expense and hardship of defending the SCOTT LAWSUIT without the

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

benefit of the insurance he purchased from LINCOLN. In order to protect himself, Plaintiff I was forced to hire an attorney to defend him in the underlying action, SCOTT LAWSUIT.

21. In a notice dated May 2, 2007 without appointing defense counsel, without taking an steps to settle the pending claims, without the courtesy of responding to the repeated tenders of insurance, LINCOLN served a Notice of Nonrenewal falsely stating that the reason for the non-renewal is insured's three year loss ratio exceeds 60% causing immediate emotional distress and fe of the Plaintiff's career as a contractor. The Notice of Nonrenewal is attached hereto as **Exhibit (**

22. In order to mitigate its damage, Plaintiff BBI may be forced to settle the SCOTT LAWSUIT resulting in damages not yet ascertained but will be established at the time of trial.

23. As a result of LINCOLN's failure to defend the claim and other acts as alleged herein, Plaintiff BBI has suffered emotional distress resulting in damages that have not yet been ascertained but will be established at the time of trial.

24. In committing the acts described in this Second Amended Complaint, LINCOLN acted in conscious disregard of the rights of Plaintiff BBI and are guilty of malice and/or oppression and/or fraud in that despite repeated tenders of this claim to LINCOLN, it failed to respond resulting in its insured facing the expense and uncertainties of the SCOTT LAWSUIT despite procuring insurance for this type of claim. The conduct of LINCOLN warrant an assessment of punitive damages in an amount appropriate to punish Defendants, and defer others from engaging in similar wrongful conduct.

WHEREFORE, Plaintiff BBI prays for judgment as hereinafter set forth.

//

//

//

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

## SECOND CAUSE OF ACTION
(Negligence as against Defendants LINCOLN, ACM, and DOES 1 through 100)

25. Plaintiff incorporates herein by reference each of the allegations set forth in the preceding paragraphs.

26. Defendants LINCOLN, ACM, and DOES 1 through 100 owed to Plaintiff BBI a duty that is not based on a breach of LINCOLN's duty of good faith and fair dealing arising under THE POLICIES to exercise reasonable care to abstain from injuring or infringing on the rights of Plaintiff BBI and to perform their duties and responsibilities in the capacities described above and knew or should have known that with reasonable certainty that the Plaintiff BBI would suffer damages if Defendants failed to perform their duties in a reasonable manner.

27. Plaintiff BBI is informed and believe, and thereon allege, that Defendants breached their duty to Plaintiff BBI by failing and neglecting to perform their duties and responsibilities in their capacities described above, in a reasonable manner, within the prevailing standard of care, causing substantial damages to Plaintiff BBI.

28. As a direct and proximate result of the wrongful and unprivileged acts committed by Defendants, Plaintiff BBI has suffered damages in an amount not presently known with specificity, but which Plaintiff BBI is informed and believe and thereon allege are in excess of $60,000.00. Plaintiff BBI will establish at the time of trial, according to proof, the precise amount of damages, including but not limited to the cost of defending the SCOTT LAWSUIT. Plaintiff BBI request leave to amend its second amended complaint to allege damages in an amount according to proof at trial.

WHEREFORE, Plaintiff BBI prays for judgment:

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

**UPON THE FIRST CAUSE OF ACTION**

1. For the sum of all attorney's fees and costs incurred by Plaintiff BBI in defending the third-party action, SCOTT LAWSUIT with interest at the legal rate, which have not yet been ascertained, but will be in excess of $60,000.00;

2. For recovery of attorney's fees and costs incurred by Plaintiff in procuring the benefits under THE POLICIES in this action, in an amount not yet ascertained, but will be established at the time of trial;

3. For the sum equal to any settlement or judgment that may arise against Plaintiff BBI from the SCOTT LAWSUIT in an amount not yet ascertained, but will established at the time of trial;

4. For general damages in an amount not yet ascertained, but will established at trial for emotional distress damages;

5. For exemplary and punitive damages, in an amount not yet ascertained, but will be established at the time of trial in excess of $1,000,000.00;

6. For the costs of suit herein incurred; and

7. For other and further relief as the court may deem proper.

**UPON THE SECOND CAUSE OF ACTION**

1. For damages amount not yet ascertained but in excess of $60,000.00, the precise amount will be established at the time of the trial;

2. For attorney's fees and costs in amount according to proof at trial; and

3. For such other and further relief as the Court may deem just and proper.

Dated: February 21, 2008

MURPHY, LOGAN, BARDWELL & LOOMIS

By: [signature]
John H. Burton III
Attorney for Plaintiff Brandon Imhoff
dba BBI Construction

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

TELEPHONE (707) 257-8100
FAX (707) 257-8479

PAUL A. BARDWELL
DONALD J. LOGAN
PAUL LOOMIS
J. MICHAEL MURPHY
KIM H. JORDAN

December 8, 2006

***Via Email, Facsimile & First Class Mail***

Betheina Fernandez & Bob Flynn
CAL-PRO Commercial Insurance Services, Inc.
3175 Sunset Blvd., Suite 107
Rocklin, California 95677

Re: NOTICE OF TENDER OF CLAIM FOR DEFENSE
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

Dear Ms. Fernandez & Mr. Flynn:

According to my records your firm is the insurance broker for BBI Construction and Brandon Imhoff. I have enclosed a copy of the Summons and Complaint naming your insured as a defendant. Please immediately tender this claim to all insurance companies that may have exposure to provide a defense and indemnify this claim.

According to my records, your insureds were served on or about November 26, 2006, therefore responsive pleadings are due by December 26, 2006. Please advise if there there is going to be any delay in appointing defense counsel by the insurance company(s). Time is of the essence.

Please provide me with your response by close of business on **December15, 2006.** Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: cnb
cc: BBI Construction - Brandon Imhoff

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOV 0 8 2006

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
PHILIP JOSEPH GEROSA individually and doing business as GEROSA CONSTRUCTION; BRANDON BUEHLER IMHOFF individually and doing business as B B I CONSTRUCTION; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JOHN SCOTT and MICHELLE SCOTT

DELAY REDUCTION CASE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Napa County Superior Court
825 Brown Street
Napa, CA 94559

CASE NUMBER (Número del Caso): 26-35547

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew C. Freeman/LAW OFFICES OF FREEMAN & FREEMAN
2255 Challenger Way, Suite 119 Santa Rosa, CA 95407 (707) 575-7141

DATE: *(Fecha)* NOV 0 8 2006 Clerk, by *(Secretario)* J. OLIVER Stephen A. Bouch, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. www.USCourtForms.com

EXHIBIT A

Matthew C. Freeman (SNB 128530)
LAW OFFICES OF FREEMAN & FREEMAN
2255 Challenger Way, Suite 119
Santa Rosa, California 95407
Telephone (707) 575-7141

Attorneys for Plaintiffs

NOV 0 8 2006

CASE MANAGEMENT CONFERENCE
DATE: 4-17-07
TIME: 8:30am
PLACE: Courtroom A
825 Brown Street, Napa CA 94559

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

DELAY REDUCTION CASE

JOHN SCOTT and MICHELLE SCOTT,

Plaintiffs,

vs.

PHILIP JOSEPH GEROSA individually and doing business as GEROSA CONSTRUCTION; BRANDON BUEHLER IMHOFF individually and doing business as B B I CONSTRUCTION; and DOES 1 through 100 inclusive,

Defendants.

Case No. 26-35647

COMPLAINT FOR DAMAGES FOR:

1. Breach of Contract;
2. Breach of Express Warranty
3. Breach of Implied Warranty
4. Negligence
5. Negligence Per Se

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter in that the amount in controversy exceeds $25,000.00. Venue is appropriate in Napa County because the alleged damage relates to real property located in Napa County, because Defendants have their primary place of business in Napa County, because the contracts in question were entered into in Napa County, and because Defendants' acts of negligence and willful misconduct and breaches of contract occurred in Napa County, California.

COPY

EXHIBIT A

## THE PARTIES

2. Plaintiffs are residents of Napa County, California. Plaintiffs purchased and continue to be the fee title owners of a residence located at 757 White Lane, St. Helena, Napa County, California.

3. At the time of the wrongful acts alleged herein, Defendant Philip Joseph Gerosa was, and is now, a general contractor doing business as Gerosa Construction with his principal place of business at 524 East First Street, Napa, California.

4. At the time of the wrongful acts alleged herein, Defendant Brandon Buehler Imhoff was, and is now, a general contractor doing business as B B I Construction with his principal place of business at 1830 Adrian Street, Napa, California.

5. Defendants Docs 1 through 100 are listed by such fictitious names because their true names and identities are unknown to these Plaintiffs. Plaintiffs will request leave of court to state their true names and capacities when they ascertained. Plaintiffs are informed and believe that each of the Defendants named herein as DOES 1 through 100 are in some way responsible for the acts complained of herein.

6. At all times herein mentioned, each Defendant, and Defendants Does 1 thorough 100, inclusive, was the agent, servant and/or employee of every other Defendant, and was acting within the course and scope of their agency or employment, with the knowledge and consent of the other defendants.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

7. In April 2005 Plaintiffs entered into a verbal contract with Gerosa and Imhoff under which Gerosa and Imhoff would jointly act as the general contractor for an approximately $500,000 remodeling of Plaintiffs' home. Gerosa and Imhoff—who represented themselves to be highly experienced and competent general contractors with extensive experience in 'top end' and 'custom' residential construction—agreed to, among other things, (1) work with the contractor-recommended architect/site planner in the completion of building plans; (2) obtain building permits; (3) demolish portions of the existing structure; (4) hire and direct subcontractors specified subcontractors including

EXHIBIT A

concrete/foundation work, HVAC, electrical and rough plumbing, with Plaintiffs to directly hire sheetrock, cabinet, hardwood flooring, countertops, finish electrical and plumbing, and painting; (5) construct sub-flooring; construct shear walls; construct interior framing; construct and install roof trusses, install flashing, roof vents and jacks and properly place roofing materials; frame and install doors and windows; install roofing; install rough interior plumbing and gas lines, etc.; (6) oversee and direct the activities of all subcontractors; and (7) ensure that all work performed by Gerosa and Imhoff and by all subcontractors was in compliance with plans and specifications, with applicable building codes and with sound construction industry practices.

8. Gerosa and Imhoff represented that completion of the work would require approximately 4 to 6 months. It was agreed that Gerosa and Imhoff would be paid for their services on a "time and materials" basis. Specifically, it was understood and agreed that Gerosa and Imhoff would be paid for time actually and directly spent working on the construction of Plaintiffs' home and would be reimbursed for materials purchased directly and exclusively for and actually used in the construction of Plaintiffs' home. Defendants Gerosa and Imhoff further specifically agreed to construct and install roof trusses, install flashing, roof vents and jacks and properly place roofing materials and to install rough plumbing and electrical at a cost equal to or lower than the cost of having such work performed by specialized subcontractors and materials providers.

9. Beginning in or around January of 2006 disputes arose between Plaintiffs and Defendants Gerosa and Imhoff regarding patent over-billing of hours by Defendant Gerosa, by inappropriate materials charges by both Defendants and regarding what appeared to be defective construction work by Defendants Gerosa and Imhoff and by subcontractors under their direct supervision and control.

10. Disputes arose between Plaintiffs and Defendants Gerosa and Imhoff regarding both over-billing of hours by Defendants and emergently apparent defects in the work performed by Defendants and their subcontractors. In February 2006 Plaintiffs discharged Defendant Gerosa because he was, to Plaintiffs' knowledge, continuing to bill for hours not

EXHIBIT A

actually worked. Plaintiffs continued working with Defendant Imhoff until July 7, 2006. On that date, Plaintiffs sent Defendants a letter identifying a series of ongoing problems and identifying defects in the work performed by Defendants. Plaintiffs demanded that Defendants correct the defects in their work and the work of their subcontractors and complete performance of their contractual obligations properly and in a timely manner. Defendants failed to respond to that letter in any manner and Plaintiffs terminated the contract.

11. The work performed by Gerosa and Imhoff and the subcontractors under their supervision and control suffer from a number of defects. These defects are in most if not all instances not merely the result of negligence on the part of Gerosa and Imhoff and their subcontractors; rather, these defects are the result of willful misconduct by Gerosa and Imhoff and/or their subcontractors and in at least some instances the deliberate concealment of that misconduct by Gerosa and Imhoff and/or its subcontractors.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**
**Against Defendants Gerosa, Imhoff and DOES 1 through 20, inclusive**

12. Plaintiffs hereby incorporate by reference Paragraphs 1 through 11, inclusive, as though fully set forth in this cause of action.

13. Plaintiffs have fully performed all their obligations under the contract with Defendants, except those obligations Plaintiffs are excused from, or have been prevented from, performing as a result of the acts of Defendants, and each of them. Pursuant to the terms of the contract, Plaintiffs have paid Defendants Gerosa and Imhoff more than $310,000 for supposed labor and materials provided by Defendants Gerosa and Imhoff.

14. Defendants have breached their contractual obligations in a number of ways including, but not limited to, repeatedly and egregiously failing to perform construction services in compliance with the plans and specifications and accepted construction industry practices including but not limited to:

EXHIBIT A

a. Erroneously constructing the sub-flooring in such a manner that there is a 2 inch drop in the midst of the hallway.

b. Mis-framing interior walls including one wall that is mis-aligned at its mid-point by approximately 3/4 of an inch.

c. Mis-framing virtually all doors and windows such that virtually all doors and windows as purchased do not actually fit into their framing.

d. Failing to install door thresholds, window seals and weather-stripping and door and window trim as a result of which virtually every exterior door and every window will leak. causing further damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc.

e. Failing to properly install roofing components, including but not limited to flashing; roof jacks and vents, as a result of which there is, and will continue to be. leaks that will damage the roof. eaves and interior framing and drywall.

f. Constructing interior framing. rough plumbing and electrical and roofing components in a manner that violates applicable building codes.

15. Defendants further breached their contractual obligations by charging for hours not actually worked by Defendants, by billing Plaintiffs for materials not purchased directly and exclusively for, and not actually and specifically required for the construction work on Plaintiffs' home.

16. Defendants further breached their contractual obligations by failing to construct and install roof trusses. install flashing, roof vents and jacks and properly place roofing materials and to install rough plumbing and electrical at a cost equal to or lower than the cost of having such work performed by specialized subcontractors and materials providers.

17. Plaintiffs have demanded that Defendants cure their breaches of contract. correct the defects in their work. complete construction of Plaintiffs home in compliance with the plans and specifications and accepted construction industry practices and refund amounts paid by Plaintiffs for labor not actually performed by Defendants and for materials not

purchased directly and exclusively for, and not actually and specifically required for, the construction work on Plaintiffs' home. Defendants have failed and refused to do so.

18. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, although Plaintiffs are informed and believe, and thereon allege, that correction of the defects in Defendants work will cost in excess of $200,000.00. In addition, it is likely that latent defects in the construction work performed by Defendants will manifest with passage of time, causing additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. all the Plaintiffs' damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**(Breach of Express Warranty)**
**Against Defendants Gerosa, Imhoff and DOES 21 through 40, inclusive**

19. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18, inclusive, as though fully set forth in this cause of action.

20. At all times herein mentioned Defendants expressly warranted to Plaintiffs that the work Defendants would perform and were performing was safe, secure, and free from defects in design and workmanship, including the express warranty that all work done by Defendants would be and was performed in a workmanlike manner, in conformance with applicable codes and construction industry practices, defect-free and suitable for its intended purpose. Defendants further warranted that the materials provided by Defendants and each of them were defect-free. Defendants further warranted that Plaintiffs' home would be fit for habitation.

21. Plaintiffs relied on Defendants' representations and warranties both in initially hiring Defendants and in paying Defendants in excess of $310,000.00 for services supposedly rendered and materials supposedly provided.

EXHIBIT A

22. Plaintiffs are informed and believe, and thereon allege, that the work performed Defendants is not safe, secure, and free from defects in design and workmanship, was not performed in a workmanlike manner, is not in conformance with applicable codes and construction industry practices, is not defect-free and is not suitable for its intended purpose. Defendants made affirmations of fact or promises that the materials and/or workmanship were defect-free and that Plaintiffs' home would be fit for habitation. Plaintiffs are further informed and believe, and thereon allege, that the materials provided by Defendants are not defect-free. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs' home is not fit for habitation as built by Defendants, and each of them.

23. Defendants have been repeatedly put on notice of their breaches and have had a reasonable opportunity to cure the breaches. Despite such notice, and despite repeated requests by Plaintiffs that they do so. Defendants have failed and refused, and continue to fail and refuse, to cure their breaches of the warranties given to Plaintiffs by Defendants, and each of them.

24. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**(Breach of Implied Warranty)**
**Against Defendants Gerosa, Imhoff and DOES 41 through 60, inclusive**

25. Plaintiffs hereby incorporate by reference Paragraphs 1 through 24, inclusive, as though fully set forth in this cause of action.

EXHIBIT A

26. At all times herein mentioned Defendants were in the business of providing construction services in Napa County, California.

27. At all times herein mentioned, and specifically in contracting to provide construction services to Plaintiffs, Defendants impliedly warranted that the services Defendants would provide to Plaintiffs would be performed in a workmanlike manner, that the work performed, and materials provided, by Defendants would be free from defects, constructed and/or installed according to and in compliance with all applicable codes and construction industry practices and fit and proper for its intended use.

28. Plaintiffs relied upon implied warranties of and by Defendants both in initially hiring Defendants and in paying Defendants in excess of $310,000.00 for services supposedly rendered and materials supposedly provided.

29. Defendants breached said implied warranties; Plaintiffs home was not constructed in a workmanlike manner, is not free from defects, is not built according to and in compliance with all applicable codes and construction industry practices and is not fit and proper for its intended use.

30. Defendants have been repeatedly put on notice of their breaches and have had a reasonable opportunity to cure the breaches. Despite such notice, and despite repeated requests by Plaintiffs that they do so, Defendants have failed and refused, and continue to fail and refuse, to cure their breaches of the implied warranties.

31. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

EXHIBIT A

**FOURTH CAUSE OF ACTION**
**(Negligence)**
**Against Defendants Gerosa, Imhoff and DOES 61 through 80, inclusive**

32. Plaintiffs hereby incorporate by reference Paragraphs 1 through 31, inclusive, as though fully set forth in this cause of action.

33. Defendants owed a duty to Plaintiffs to exercise reasonable care in performing their functions, duties and responsibilities in the capacities described above and knew or should have known with reasonable certainty that the Plaintiffs would suffer damages if Defendants failed to perform their duties in a reasonable and workmanlike manner.

34. Plaintiffs are informed and believe, and thereon allege, that Defendants breached their duty to Plaintiffs by failing and neglecting to perform their functions, duties and responsibilities in their capacities described above, in a reasonably workmanlike manner, within the prevailing standard of care, causing substantial damages to Plaintiffs.

35. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**FIFTH CAUSE OF ACTION**
**(Negligence Per Se)**
**Against Defendants Gerosa, Imhoff and DOES 81 through 100, inclusive**

36. Plaintiffs hereby incorporate by reference Paragraphs 1 through 35, inclusive, as though fully set forth in this cause of action.

37. Plaintiffs are informed and believe, and thereon allege, that in constructing and selling the subject properties, and at all other times herein mentioned, Defendants violated

EXHIBIT A

California Uniform Building Code sections and other pertinent codes and that such violations are the proximate cause of some or all of the defects in Defendants' construction work, defects which the codes were designated to prevent.

38. Plaintiffs specifically allege that numerous building code violations exist in the construction work performed by Defendants on Plaintiffs home and that such violations cannot at present be ascertained without additional testing, including but not limited to additional destructive testing. Plaintiffs specifically request leave to amend to state such code violations as may be discovered upon further investigation and testing.

39. Plaintiffs as owners and or occupants of the subject properties are persons for whose protection said codes were enacted and adopted.

40. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200.000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as follows:

**PRAYER FOR RELIEF**

1. For general and compensatory damages, including but not limited to any and all costs associated with the investigation, repair and/or replacement of the work performed and materials provided by Defendants, and each of them.

2. For loss of use of Plaintiffs home.

3. For pre-judgment interest on all sums awarded at the maximum legal rate.

4. For costs of suit incurred herein.

5. For such other and further relief as the Court deems just and proper.

EXHIBIT A

**DEMAND FOR JURY TRIAL**

Plaintiffs, and each of them, hereby demand a jury trial.

Dated: October 30, 2006

Law Offices of Freeman & Freeman

By: ____________________
Mathew C. Freeman

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address): | FOR COURT USE ONLY |
|---|---|
| Matthew C. Freeman (SBN 128530)<br>2255 Challenger Way, Suite 119<br>Santa Rosa, CA 95407<br>TELEPHONE NO.: 707-575-7141 FAX NO.:<br>ATTORNEY FOR (Name): | NOV 0 8 2006 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA<br>STREET ADDRESS: 825 Brown Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Napa, CA 94559<br>BRANCH NAME: | |
| CASE NAME:<br>Scott v. Gerosa | |

## CIVIL CASE COVER SHEET

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

CASE NUMBER: 26-35647

JUDGE:

DEPT:

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [✓] monetary b. [ ] nonmonetary: declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 31, 2006

Matthew C. Freeman
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800–1812
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT A

*** TX REPORT ***

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3203 |
| CONNECTION TEL | 19166300735 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 12/08 14:15 |
| USAGE T | 02'22 |
| PGS. SENT | 15 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET-POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

TO:
Betheina Fernandez & Bob Flynn
CAL-PRO Commercial Insurance Services, Inc.

FROM:
J. Michael Murphy
Email: Murphy@mlbllaw.com

FAX NUMBER:
(916) 630-0735

DATE:
DECEMBER 8, 2006

RE:
NOTICE OF TENDER OF CLAIM FOR DEFENSE
Lawsuit: Scott vs. Gerosa, BBI Construction. Imhoff
NSC # 26-35647
Your insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

TOTAL NO. OF PAGES INCLUDING COVER:
15

☑ Urgent ☐ For Your Information ☐ Please Comment ☑ Please Reply

MESSAGE:

EXHIBIT A

MURPHY LOGAN BARDWELL & LEWIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET• P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. Michael MURPHY
Murphy@mlbllaw.com

TELEPHONE (707) 257-8100
FACSIMILE (707) 257-6479

January 9, 2007

*Via Facsimile & First Class Mail*

Christina McTeague-Walsh
American Claims Management
701 B Street, Suite 2210
San Deigo, CA 92101

Betheina Fernandez & Bob Flynn
CAL-PRO Commercial Insurance Services, Inc.
3175 Sunset Blvd., Suite 107
Rocklin, California 95677

| Re: | Your Claim File: | # 39767 |
|---|---|---|
| | Lawsuit: | Scott vs. Gerosa, BBI Construction, Imhoff<br>NSC # 26-35647 |
| | Your Insured: | BBI Construction - Brandon Imhoff |
| | Claimants: | John & Michelle Scott |

Dear Ms. McTeague-Walsh:

I have attached a copy of my tender of the above claim on December 8, 2006. Since then there has been no apparent effort to respond to this tender. This delay has caused my clients emotional distress and significant expense.

I was informed by Mike from your office that you would give this matter your immediate attention upon your return to the office on January 8, 2007. I called again today, yet no response.

I obtained an extension to respond to the lawsuit until January 15, 2007. Unless insurance counsel is appointed by close of business today, then I will prepare a response and my client will seek re-imbursement of all fees and costs.

Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: ll
cc: Client
File #I011

EXHIBIT B

*** MULTI TX/RX REPORT ***
******************************

TX/RX NO 3342
PGS. 17
TX/RX INCOMPLETE -----
TRANSACTION OK (1) 18778951440
(2) 19166300735
ERROR INFORMATION -----

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION

2350 FIRST STREET-POST OFFICE BOX 5540

NAPA, CALIFORNIA 94581-0540

TELEPHONE: (707) 257-8100

FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

TO:
Christina McTeague-Walsh
American Claims Management

Betheina Fernandez & Bob Flynn
CAL-PRO Commercial Insurance Services, Inc.

FROM:
J. Michael Murphy
Email: Murphy@mlbllaw.com

FAX NUMBER:
(877) 895-1440
(916) 630-0735

DATE:
JANUARY 9, 2007

RE:
Your Claim File: # 39767
NOTICE OF TENDER OF CLAIM FOR DEFENSE
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

TOTAL NO. OF PAGES INCLUDING COVER:

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT B

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3203 |
| CONNECTION TEL | 19166300735 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 12/08 14:15 |
| USAGE T | 02'22 |
| PGS. SENT | 15 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION

2350 FIRST STREET-POST OFFICE BOX 5540

NAPA, CALIFORNIA 94581-0540

TELEPHONE: (707) 257-8100

FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Betheina Fernandez & Bob Flynn<br>CAL-PRO Commercial Insurance Services, Inc. | J. Michael Murphy<br>Email: Murphy@mlbllaw.com |
| FAX NUMBER: (916) 630-0735 | DATE: DECEMBER 8, 2006 |
| RE: NOTICE OF TENDER OF CLAIM FOR DEFENSE<br>Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff<br>NSC # 26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 15 |

☑ Urgent ☐ For Your Information ☐ Please Comment ☑ Please Reply

MESSAGE:

**EXHIBIT B**

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION

PAUL A. BARDWELL
DONALD J. LOGAN
PAUL LOOMIS
J. MICHAEL MURPHY
KIM H. JORDAN

2350 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

TELEPHONE (707) 257-8100
FAX (707) 257-6479

December 8, 2006

***Via Email, Facsimile & First Class Mail***

Betheina Fernandez & Bob Flynn
CAL-PRO Commercial Insurance Services, Inc.
3175 Sunset Blvd., Suite 107
Rocklin, California 95677

Re: NOTICE OF TENDER OF CLAIM FOR DEFENSE

| | |
|---|---|
| Lawsuit: | Scott vs. Gerosa, BBI Construction, Imhoff<br>NSC # 26-35647 |
| Your Insured: | BBI Construction - Brandon Imhoff |
| Claimants: | John & Michelle Scott |

Dear Ms. Fernandez & Mr. Flynn:

According to my records your firm is the insurance broker for BBI Construction and Brandon Imhoff. I have enclosed a copy of the Summons and Complaint naming your insured as a defendant. Please immediately tender this claim to all insurance companies that may have exposure to provide a defense and indemnify this claim.

According to my records, your insureds were served on or about November 26, 2006, therefore responsive pleadings are due by December 26, 2006. Please advise if there there is going to be any delay in appointing defense counsel by the insurance company(s). Time is of the essence.

Please provide me with your response by close of business on **December15, 2006.** Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: cnb
cc: BBI Construction - Brandon Imhoff

**EXHIBIT B**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
PHILIP JOSEPH GEROSA individually and doing business as GEROSA CONSTRUCTION; BRANDON BUEHLER IMHOFF individually and doing business as B B I CONSTRUCTION; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JOHN SCOTT and MICHELLE SCOTT

DELAY REDUCTION CASE

NOV 0 8 2006

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Napa County Superior Court
825 Brown Street
Napa, CA 94559

CASE NUMBER: *(Número del Caso):* 26-35447

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew C. Freeman/LAW OFFICES OF FREEMAN & FREEMAN
2255 Challenger Way, Suite 119 Santa Rosa, CA 95407 (707) 575-7141

DATE: *(Fecha)* NOV 0 8 2006 Clerk, by *(Secretario)* J. OLIVER Stephen A. Bouch, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

SUMMONS

EXHIBIT B

Matthew C. Freeman (SNB 128530)
LAW OFFICES OF FREEMAN & FREEMAN
2255 Challenger Way, Suite 119
Santa Rosa, California 95407
Telephone (707) 575-7141

Attorneys for Plaintiffs

NOV 0 5 2006

CASE MANAGEMENT CONFERENCE
DATE: 4-17-07
TIME: 8:30am
PLACE: Courtroom A
5 Brown Street, Napa CA 94559

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

DELAY REDUCTION CASE

JOHN SCOTT and MICHELLE SCOTT,

Plaintiffs.

vs.

PHILIP JOSEPH GEROSA individually and doing business as GEROSA CONSTRUCTION; BRANDON BUEHLER IMHOFF individually and doing business as B B I CONSTRUCTION; and DOES 1 through 100 inclusive.

Defendants.

Case No. 26-35647

COMPLAINT FOR DAMAGES FOR:

1. Breach of Contract;
2. Breach of Express Warranty
3. Breach of Implied Warranty
4. Negligence
5. Negligence Per Se

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter in that the amount in controversy exceeds $25,000.00. Venue is appropriate in Napa County because the alleged damage relates to real property located in Napa County, because Defendants have their primary place of business in Napa County, because the contracts in question were entered into in Napa County, and because Defendants' acts of negligence and willful misconduct and breaches of contract occurred in Napa County, California.

COPY

EXHIBIT B

## THE PARTIES

2. Plaintiffs are residents of Napa County, California. Plaintiffs purchased and continue to be the fee title owners of a residence located at 757 White Lane, St. Helena, Napa County, California.

3. At the time of the wrongful acts alleged herein, Defendant Philip Joseph Gerosa was, and is now, a general contractor doing business as Gerosa Construction with his principal place of business at 524 East First Street, Napa, California.

4. At the time of the wrongful acts alleged herein, Defendant Brandon Buehler Imhoff was, and is now, a general contractor doing business as B B I Construction with his principal place of business at 1830 Adrian Street, Napa, California.

5. Defendants Does 1 through 100 are listed by such fictitious names because their true names and identities are unknown to these Plaintiffs. Plaintiffs will request leave of court to state their true names and capacities when they ascertained. Plaintiffs are informed and believe that each of the Defendants named herein as DOES 1 through 100 are in some way responsible for the acts complained of herein.

6. At all times herein mentioned, each Defendant, and Defendants Does 1 thorough 100, inclusive, was the agent, servant and/or employee of every other Defendant, and was acting within the course and scope of their agency or employment, with the knowledge and consent of the other defendants.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

7. In April 2005 Plaintiffs entered into a verbal contract with Gerosa and Imhoff under which Gerosa and Imhoff would jointly act as the general contractor for an approximately $500,000 remodeling of Plaintiffs' home. Gerosa and Imhoff—who represented themselves to be highly experienced and competent general contractors with extensive experience in 'top end' and 'custom' residential construction—agreed to, among other things, (1) work with the contractor-recommended architect/site planner in the completion of building plans; (2) obtain building permits; (3) demolish portions of the existing structure; (4) hire and direct subcontractors specified subcontractors including

EXHIBIT B

concrete/foundation work, HVAC, electrical and rough plumbing, with Plaintiffs to directly hire sheetrock, cabinet, hardwood flooring, countertops, finish electrical and plumbing, and painting; (5) construct sub-flooring; construct shear walls; construct interior framing; construct and install roof trusses, install flashing, roof vents and jacks and properly place roofing materials; frame and install doors and windows; install roofing; install rough interior plumbing and gas lines, etc.; (6) oversee and direct the activities of all subcontractors; and (7) ensure that all work performed by Gerosa and Imhoff and by all subcontractors was in compliance with plans and specifications, with applicable building codes and with sound construction industry practices.

8. Gerosa and Imhoff represented that completion of the work would require approximately 4 to 6 months. It was agreed that Gerosa and Imhoff would be paid for their services on a "time and materials" basis. Specifically, it was understood and agreed that Gerosa and Imhoff would be paid for time actually and directly spent working on the construction of Plaintiffs' home and would be reimbursed for materials purchased directly and exclusively for and actually used in the construction of Plaintiffs' home. Defendants Gerosa and Imhoff further specifically agreed to construct and install roof trusses, install flashing, roof vents and jacks and properly place roofing materials and to install rough plumbing and electrical at a cost equal to or lower than the cost of having such work performed by specialized subcontractors and materials providers.

9. Beginning in or around January of 2006 disputes arose between Plaintiffs and Defendants Gerosa and Imhoff regarding patent over-billing of hours by Defendant Gerosa, by inappropriate materials charges by both Defendants and regarding what appeared to be defective construction work by Defendants Gerosa and Imhoff and by subcontractors under their direct supervision and control.

10. Disputes arose between Plaintiffs and Defendants Gerosa and Imhoff regarding both over-billing of hours by Defendants and emergently apparent defects in the work performed by Defendants and their subcontractors. In February 2006 Plaintiffs discharged Defendant Gerosa because he was, to Plaintiffs' knowledge, continuing to bill for hours not

EXHIBIT B

actually worked. Plaintiffs continued working with Defendant Imhoff until July 7, 2006. On that date, Plaintiffs sent Defendants a letter identifying a series of ongoing problems and identifying defects in the work performed by Defendants. Plaintiffs demanded that Defendants correct the defects in their work and the work of their subcontractors and complete performance of their contractual obligations properly and in a timely manner. Defendants failed to respond to that letter in any manner and Plaintiffs terminated the contract.

11. The work performed by Gerosa and Imhoff and the subcontractors under their supervision and control suffer from a number of defects. These defects are in most if not all instances not merely the result of negligence on the part of Gerosa and Imhoff and their subcontractors; rather, these defects are the result of willful misconduct by Gerosa and Imhoff and/or their subcontractors and in at least some instances the deliberate concealment of that misconduct by Gerosa and Imhoff and/or its subcontractors.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**
**Against Defendants Gerosa, Imhoff and DOES 1 through 20, inclusive**

12. Plaintiffs hereby incorporate by reference Paragraphs 1 through 11, inclusive, as though fully set forth in this cause of action.

13. Plaintiffs have fully performed all their obligations under the contract with Defendants, except those obligations Plaintiffs are excused from, or have been prevented from, performing as a result of the acts of Defendants, and each of them. Pursuant to the terms of the contract, Plaintiffs have paid Defendants Gerosa and Imhoff more than $310,000 for supposed labor and materials provided by Defendants Gerosa and Imhoff.

14. Defendants have breached their contractual obligations in a number of ways including, but not limited to, repeatedly and egregiously failing to perform construction services in compliance with the plans and specifications and accepted construction industry practices including but not limited to:

EXHIBIT B

a. Erroneously constructing the sub-flooring in such a manner that there is a 2 inch drop in the midst of the hallway.

b. Mis-framing interior walls including one wall that is mis-aligned at its mid-point by approximately 3/4 of an inch.

c. Mis-framing virtually all doors and windows such that virtually all doors and windows as purchased do not actually fit into their framing.

d. Failing to install door thresholds, window seals and weather-stripping and door and window trim as a result of which virtually every exterior door and every window will leak, causing further damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc.

e. Failing to properly install roofing components, including but not limited to flashing, roof jacks and vents, as a result of which there is, and will continue to be, leaks that will damage the roof, eaves and interior framing and drywall.

f. Constructing interior framing, rough plumbing and electrical and roofing components in a manner that violates applicable building codes.

15. Defendants further breached their contractual obligations by charging for hours not actually worked by Defendants, by billing Plaintiffs for materials not purchased directly and exclusively for, and not actually and specifically required for the construction work on Plaintiffs' home.

16. Defendants further breached their contractual obligations by failing to construct and install roof trusses, install flashing, roof vents and jacks and properly place roofing materials and to install rough plumbing and electrical at a cost equal to or lower than the cost of having such work performed by specialized subcontractors and materials providers.

17. Plaintiffs have demanded that Defendants cure their breaches of contract, correct the defects in their work, complete construction of Plaintiffs home in compliance with the plans and specifications and accepted construction industry practices and refund amounts paid by Plaintiffs for labor not actually performed by Defendants and for materials not

EXHIBIT B

purchased directly and exclusively for, and not actually and specifically required for, the construction work on Plaintiffs' home. Defendants have failed and refused to do so.

18. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, although Plaintiffs are informed and believe, and thereon allege, that correction of the defects in Defendants work will cost in excess of $200,000.00. In addition, it is likely that latent defects in the construction work performed by Defendants will manifest with passage of time, causing additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. all the Plaintiffs' damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**(Breach of Express Warranty)**
**Against Defendants Gerosa, Imhoff and DOES 21 through 40, inclusive**

19. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18, inclusive, as though fully set forth in this cause of action.

20. At all times herein mentioned Defendants expressly warranted to Plaintiffs that the work Defendants would perform and were performing was safe, secure, and free from defects in design and workmanship, including the express warranty that all work done by Defendants would be and was performed in a workmanlike manner, in conformance with applicable codes and construction industry practices, defect-free and suitable for its intended purpose. Defendants further warranted that the materials provided by Defendants and each of them were defect-free. Defendants further warranted that Plaintiffs' home would be fit for habitation.

21. Plaintiffs relied on Defendants' representations and warranties both in initially hiring Defendants and in paying Defendants in excess of $310,000.00 for services supposedly rendered and materials supposedly provided.

EXHIBIT B

22. Plaintiffs are informed and believe, and thereon allege, that the work performed Defendants is not safe, secure, and free from defects in design and workmanship, was not performed in a workmanlike manner, is not in conformance with applicable codes and construction industry practices, is not defect-free and is not suitable for its intended purpose. Defendants made affirmations of fact or promises that the materials and/or workmanship were defect-free and that Plaintiffs' home would be fit for habitation. Plaintiffs are further informed and believe, and thereon allege, that the materials provided by Defendants are not defect-free. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs' home is not fit for habitation as built by Defendants, and each of them.

23. Defendants have been repeatedly put on notice of their breaches and have had a reasonable opportunity to cure the breaches. Despite such notice, and despite repeated requests by Plaintiffs that they do so, Defendants have failed and refused, and continue to fail and refuse, to cure their breaches of the warranties given to Plaintiffs by Defendants, and each of them.

24. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**(Breach of Implied Warranty)**
**Against Defendants Gerosa, Imhoff and DOES 41 through 60, inclusive**

25. Plaintiffs hereby incorporate by reference Paragraphs 1 through 24, inclusive, as though fully set forth in this cause of action.

EXHIBIT B

26. At all times herein mentioned Defendants were in the business of providing construction services in Napa County, California.

27. At all times herein mentioned, and specifically in contracting to provide construction services to Plaintiffs, Defendants impliedly warranted that the services Defendants would provide to Plaintiffs would be performed in a workmanlike manner, that the work performed, and materials provided, by Defendants would be free from defects, constructed and/or installed according to and in compliance with all applicable codes and construction industry practices and fit and proper for its intended use.

28. Plaintiffs relied upon implied warranties of and by Defendants both in initially hiring Defendants and in paying Defendants in excess of $310.000.00 for services supposedly rendered and materials supposedly provided.

29. Defendants breached said implied warranties; Plaintiffs home was not constructed in a workmanlike manner, is not free from defects, is not built according to and in compliance with all applicable codes and construction industry practices and is not fit and proper for its intended use.

30. Defendants have been repeatedly put on notice of their breaches and have had a reasonable opportunity to cure the breaches. Despite such notice, and despite repeated requests by Plaintiffs that they do so, Defendants have failed and refused, and continue to fail and refuse, to cure their breaches of the implied warranties.

31. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

EXHIBIT B

**FOURTH CAUSE OF ACTION**
**(Negligence)**
**Against Defendants Gerosa, Imhoff and DOES 61 through 80, inclusive**

32. Plaintiffs hereby incorporate by reference Paragraphs 1 through 31, inclusive, as though fully set forth in this cause of action.

33. Defendants owed a duty to Plaintiffs to exercise reasonable care in performing their functions, duties and responsibilities in the capacities described above and knew or should have known with reasonable certainty that the Plaintiffs would suffer damages if Defendants failed to perform their duties in a reasonable and workmanlike manner.

34. Plaintiffs are informed and believe, and thereon allege, that Defendants breached their duty to Plaintiffs by failing and neglecting to perform their functions, duties and responsibilities in their capacities described above, in a reasonably workmanlike manner, within the prevailing standard of care, causing substantial damages to Plaintiffs.

35. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**FIFTH CAUSE OF ACTION**
**(Negligence Per Se)**
**Against Defendants Gerosa, Imhoff and DOES 81 through 100, inclusive**

36. Plaintiffs hereby incorporate by reference Paragraphs 1 through 35, inclusive, as though fully set forth in this cause of action.

37. Plaintiffs are informed and believe, and thereon allege, that in constructing and selling the subject properties, and at all other times herein mentioned, Defendants violated

EXHIBIT B

California Uniform Building Code sections and other pertinent codes and that such violations are the proximate cause of some or all of the defects in Defendants' construction work, defects which the codes were designated to prevent.

38. Plaintiffs specifically allege that numerous building code violations exist in the construction work performed by Defendants on Plaintiffs home and that such violations cannot at present be ascertained without additional testing, including but not limited to additional destructive testing. Plaintiffs specifically request leave to amend to state such code violations as may be discovered upon further investigation and testing.

39. Plaintiffs as owners and or occupants of the subject properties are persons for whose protection said codes were enacted and adopted.

40. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200.000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as follows:

**PRAYER FOR RELIEF**

1. For general and compensatory damages, including but not limited to any and all costs associated with the investigation, repair and/or replacement of the work performed and materials provided by Defendants, and each of them.

2. For loss of use of Plaintiffs home.

3. For pre-judgment interest on all sums awarded at the maximum legal rate.

4. For costs of suit incurred herein.

5. For such other and further relief as the Court deems just and proper.

EXHIBIT B

# DEMAND FOR JURY TRIAL

Plaintiffs, and each of them. hereby demand a jury trial.

Dated: October 30, 2006

Law Offices of Freeman & Freeman

By: ______________________
Matthew C. Freeman

EXHIBIT B

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Matthew C. Freeman (SBN 128530)
2255 Challenger Way, Suite 119
Santa Rosa, CA 95407
TELEPHONE NO.: 707-575-7141 FAX NO.:
ATTORNEY FOR (Name):

FOR COURT USE ONLY

NOV 0 1 2006

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS:
CITY AND ZIP CODE: Napa, CA 94559
BRANCH NAME:

CASE NAME:
Scott v. Gerosa

**CIVIL CASE COVER SHEET**

[✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

CASE NUMBER: 26-35647
JUDGE:
DEPT:

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify)*:

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 31, 2006
Matthew C. Freeman
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

COPY

EXHIBIT B

MURPHY LOGAN BARDWELL & LEWIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. MICHAEL MURPHY
EMAIL MURPHY@MLBLLAW.COM

TELEPHONE (707) 257-8100
FACSIMILE (707) 257-6479

January 25, 2007

***Via Facsimile & First Class Mail***

Christina McTeague-Walsh
American Commercial Management
701 B Street, Suite 2210
San Diego, CA 92101

Re: Scott v. Gerosa, Imhoff
Napa County Superior Court Case No. 26-35647
Claim # 39767

Dear Ms. McTeague-Walsh:

Pursuant to your voice mail, I filed on an Answer on behalf of your insured, a copy of which is enclosed with the understanding that should Lincoln General accept the defense of this matter, the costs and fees incurred in defending BBI Construction will be reimbursed 100% by the insurance carrier.

As I informed your insurance adjuster, Steve Anderson, the Plaintiffs contend that there are substantial leaks causing resulting damage to the residence. It is clear from the terms of the policy, BBI is entitled to a defense of these claims, consequently, I urge you to promptly conclude your investigation as the uncertainty of the insurance coverage is causing a great deal of anxiety to your insured.

Thank you for your consideration of this matter and I look forward to your prompt response.

Sincerely,

J. Michael Murphy

JMM:ll
File #I011
Encl.
cc: Client

**EXHIBIT C**

J. Michael Murphy, E... ...N 78880
Murphy, Logan, Bardwell & Loomis
A Professional Law Corporation
2350 First Street, P.O. Box 5540
Napa, CA 94581-0540
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Attorney for Brandon Buehler Imhoff individually and doing business as BBI Construction, Defendant

ENDORSED
JAN 12 2007
Clerk of the Napa Superior Court
By: N. BENAVIDEZ
Deputy

A PROFESSIONAL LAW CORPOR...N
2350 FIRST STREET, P.O.B...
NAPA, CALIFORNIA 94581-0540

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

**IN AND FOR THE COUNTY OF NAPA**

**JOHN SCOTT and MICHELLE SCOTT,**
**Plaintiffs,**

**vs.**

**PHILIP JOSEPH GEROSA individually and doing business as GEROSA CONSTRUCTION, BRANDON BUEHLER IMHOFF individually and doing business as BBI CONSTRUCTION and DOES 1 through 100 inclusive,**
**Defendants.**

**Case No.: 26-35647**

**ANSWER TO COMPLAINT**

**GENERAL DENIAL**

Brandon Buehler Imhoff individually and doing business as BBI Construction, (hereinafter referred to as "Defendant") responds to Plaintiffs' Complaint as follows:

1. In answer to the allegations of the unverified Complaint on file herein, and by virtue of the provisions of Code of Civil Procedure §431.30(d), Defendant now files this general denial to the unverified Complaint, and each and every cause of action thereof. Answering Defendant denies each and every, all and singular, generally and specifically, conjunctively and disjunctively, the

EXHIBIT C

allegations of the unv[illegible] Complaint filed herein, and further s[illegible]cally denies the Plaintiffs have been damaged in any sum or sums whatsoever, whether alleged or to be alleged, and further specifically denies that the Plaintiffs are entitled to the relief sought or to any other relief against this answering Defendant.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

**(Failure to State a Claim)**

1. This answering Defendant alleges that the Complaint herein fails to sufficiently constitute a cause of action against this answering Defendant and/or fails to state facts upon which a claim can be based.

### *Second Affirmative Defense*

**(Act or Omission of Plaintiffs)**

2. This answering Defendant alleges that the damages suffered by Plaintiffs, if any, were the result of the acts or omissions of the Plaintiffs and other parties, named and unnamed in this action, for which this answering Defendant bear no responsibility.

### *Third Affirmative Defense*

**(Negligence of Plaintiffs)**

3. This answering Defendant alleges that the damages suffered by Plaintiffs, if any, were the result of the negligence and failure to use reasonable diligence in performing the acts required of Plaintiffs.

\\

\\

2350 FIRST STREET, P.O.B[illegible]
NAPA, CALIFORNIA 945[illegible]0540

EXHIBIT C

***Fourth Affirmative Defense***

**(Contributory Fault)**

4. This answering Defendant alleges that Plaintiffs are guilty of contributory fault and negligence in the matters stated in the Complaint, and such contributory fault and negligence proximately caused the damages complained herein.

***Fifth Affirmative Defense***

**(Estoppel and Waiver)**

5. This answering Defendant alleges that Plaintiffs' conduct, including but not limited to the failure to allow Defendant to correct any alleged defects operates as estoppel and waiver of any rights to file the action herein.

***Sixth Affirmative Defense***

**(Laches)**

6. This answering Defendant alleges that Plaintiffs' actions are barred under the equitable doctrine of laches.

***Seventh Affirmative Defense***

(Unclean Hands)

7. This answering Defendant alleges the Plaintiffs' action is barred under the equitable doctrine of unclean hands.

***Eighth Affirmative Defense***

**(Proximate Cause)**

8. This answering Defendant alleges that any alleged conduct or omission by this Defendant was not the cause in fact, or proximate cause of any injury alleged by Plaintiffs.

\\

A PROFESSIONAL LAW CORPOR... N
2350 FIRST STREET, P.O.BO...
NAPA, CALIFORNIA 9458... 540

EXHIBIT C

***Ninth Affirmative Defense***

**(Failure to Mitigate)**

9. This answering Defendant alleges that any recovery of Plaintiffs is barred by their failure to mitigate damages, or that any recovery must be reduced by those damages that the Plaintiffs failed to mitigate.

***Tenth Affirmative Defense***

**(Reliance)**

10. This answering Defendant alleges that Plaintiffs did not rely reasonably on any alleged promise by this answering Defendant.

***Eleventh Affirmative Defense***

**(Uncertain)**

11. This answering Defendant alleges that the Complaint and each cause of action are uncertain.

***Twelfth Affirmative Defense***

**(Additional Affirmative Defenses)**

12. This answering Defendant alleges that because the Complaint is couched in conclusionary terms, the answering Defendant cannot fully anticipate all affirmative defenses which may be applicable to the within action. Accordingly the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

\\

\\

A PROFESSIONAL LAW CORPOR N
2350 FIRST STREET, P.O.BC
NAPA, CALIFORNIA 94581-0540

EXHIBIT C

***Thirteenth Affirmative Defense***

**(Set Off)**

13. This answering Defendant alleges that any recovery by Plaintiffs must be set off or reduced, abated, or apportioned to the extent that any other party's actions caused or contributed to damages, if any there were.

***Fourteenth Affirmative Defense***

**(Statute of Limitations)**

14. This answering Defendant alleges that Plaintiffs' causes of action are barred by statute of limitations, Code of Civil Procedure §§337, 337.1, 337.15, 338, 339, and 340.

***Fifteenth Affirmative Defense***

**(Breach)**

15. This answering Defendant alleges that the obligation, if any, of Defendant to pay any sum of money to Plaintiffs pursuant to the purported agreement between the parties has been excused by Plaintiffs' breach of the agreement, including, but not limited to Plaintiffs' failure to perform services provided in a good, expeditious and workmanlike manner.

***Sixteenth Affirmative Defense***

**(Destruction of Evidence)**

16. This answering Defendant alleges that Plaintiffs' causes of action are barred because Plaintiffs failed to preserve evidence by proceeding with alleged "repairs" without allowing Defendant the ability to preserve and collect critical evidence crucial to the Defendant's case and construction litigation, (see SB 800, *R.S. Creative, Inc. v. Creative Cotton, Ltd.*, 75 Cal. App. 4th 486, 499 (1999); *Cedars-Sinai Med. Ctr. v. Superior Court*, 18 Cal. 4th 1 (1998).

A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX
NAPA, CALIFORNIA 94558, 540

EXHIBIT C

WHEREFOR[illegible] [illegible]endant prays for judgment against [illegible]ifs and each of them as follows:

1. That the Plaintiffs take nothing by way of their Complaint;

2. For attorney's fees and costs incurred herein; and

3. For such and other and further relief as the court deems just and proper.

Dated January 11, 2007

MURPHY LOGAN BARDWELL & LOOMIS

J. Michael Murphy, Esq.
Attorney for Brandon Buehler Imhoff individually and doing business as BBI Construction, Defendant

A PROFESSIONAL LAW CORPOR[illegible]N
2350 FIRST STREET, P.O.BO[illegible]
NAPA, CALIFORNIA 9458[illegible] [illegible]540

EXHIBIT C

PROOF OF SERVICE

I declare that:

I am a citizen of the United States employed in the County of Napa, California; I am over the age of eighteen years and not a party to the within cause; my business address is Post Office Box 5540/2350 First Street in Napa, California 94581-0540. On this date I served the attached **ANSWER TO COMPLAINT** on the parties in said cause by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Napa, California, addressed as follows:

Matthew C. Freeman
LAW OFFICES OF FREEMAN & FREEMAN
2255 Challenger Way, Suite 119
Santa Rosa, CA 95407
Telephone: (707) 575-7141
Facsimile: (707) 575-4382
Email: Matt@FreemanFreeman.com
Attorney for: John & Michelle Scott

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on Jan. 12, 2007, at Napa, California.

Lola Llamas

A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 540
NAPA, CALIFORNIA 94581-0540

EXHIBIT C

*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3476 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 01/25 12:50 |
| USAGE T | 01'12 |
| PGS. SENT | 9 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION

2350 FIRST STREET - POST OFFICE BOX 5540

NAPA, CALIFORNIA 94581-0540

TELEPHONE: (707) 257-8100

FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Christina McTeague-Walsh<br>American Claims Management | J. Michael Murphy |
| FAX NUMBER: (866) 380-0924 | DATE: JANUARY 25, 2007 |
| RE: Your Claim File: #39767<br>Lawsuit: Scott vs. Gorosa, BBI Construction, Imhoff<br>NSC # 26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 9 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT C

A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

TELEPHONE (707) 257-8100
FAX (707) 257-8479

J. MICHAEL MURPHY
Murphy@mlblaw.com

February 5, 2007

***Via Facsimile & First Class Mail***

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

Re: Your Insured: Brandon Imhoff dba BBI Construction
Your Claim #: 39767
Claimants: John & Michelle Scott
Lawsuit: Scott v. Gerosa et. al.
Policy No: 6320005864-1 (Eff. 7/15/05 -- 7/15/06)
6320005864-2 (Eff. 7/15/06 -- 7/15/07)
Project: Scott Residence
757 White Lane, St. Helena, California

Dear Mr. Keough & Ms. McTeague-Walsh:

Thank you for your January 15, 2007 letter. The purpose to this letter is to re-tender these claims for a defense, secure a defense of these claims, and to request reimbursement of the fees and costs incurred in defending the claims to date. In order to assist you in your investigation, I offer the following comments.

***Response to Questions***

With regard to the ongoing investigation, please refer to the information provided by your insurance adjuster, Steve Anderson who conducted a detailed interview with your insured, and I understand has been communicating with Plaintiffs' counsel. With that said, BBI Construction was hired to perform construction work pursuant to an oral time and materials contract. The work involved an extensive remodel of an existing residence where the scope of work greatly expanded and changed during the course of construction.

BBI did not hire subcontractors; however, trade contractors were hired directly by the owner. Consequently, at the present time I am not aware of any express written indemnity contracts between BBI Construction and trade contractors, but discovery is continuing.

BBI does not have any first hand knowledge of any damage that occurred as a result of BBI Construction's work other than the allegations contained in the lawsuit filed by the Plaintiffs in this

**EXHIBIT D**

case. The Plaintiffs contend that there are damages "in excess of $200,000.00" and make specific allegations that there is damage caused by leaks.

According to the allegations contained in the Complaint, the events that could be characterized as "occurrences" occurred during the two Lincoln General policies beginning July 15, 2005 through the current policy ending on July 11, 2007.

BBI is not aware of any other insurance with regard to BBI that pertains to this case, but discovery is continuing.

BBI has not received an expert report, but understands from Plaintiffs' counsel that one may exist.

*Summary of Claim & Demand for Defense*

I have reviewed your letter, and I find no justification for Lincoln General's continued failure to provide a defense in this case. As I am certain that you can well understand, the continued failure to provide a defense is causing not only a financial burden upon your insured, but also causing a great deal of emotional distress. Although it may be appropriate to provide a defense pursuant to a reservation of rights, Lincoln General has failed to identify any exclusion which would preclude the obligation of Lincoln General to hire an attorney to defend BBI. If there is such an exclusion, please identify it immediately.

*Summary of the Legal Principles*

The following is a brief summary of the legal principles which clearly confirm Lincoln General's duty to immediately assume the defense of BBI.

**Insurer's Duty to Defend Against Claim Potentially Within Policy Coverage.** An insurer, which is required under the terms of a liability policy issued by it to defend its insured in any action for an occurrence covered by the policy, must defend an action against the insured which seeks damages potentially within the coverage of the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 275, 54 Cal. Rptr. 104, 419 P.2d 168; Miller v. Elite Ins. Co. (1980) 100 Cal. App. 3d 739, 753, 161 Cal. Rptr. 322*). As your letter acknowledges, at least one of the claims was covered by insurance, and therefore your insured was entitled to a defense of the entire claim.

**Determining Potential Liability.** The duty to defend is fixed by the facts which the insurer learns from the complaint, the insured, or other sources, and the insurer's duty to defend arises whenever it ascertains facts which give rise to the potential of liability under the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 276-277, 54 Cal. Rptr. 104, 419 P.2d 168; Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 169-170, 140 Cal. Rptr. 605*).

EXHIBIT D

**Duty of Insurer to Investigate Facts.** An insurer may not, without making an investigation of any kind, deny an insured a defense at a time when it has reason to believe that there is potential liability under the policy and then rely on the results of the third-party action and subsequent factors to prove that there was, in reality, no potential for liability in the first instance (*Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 173, 140 Cal. Rptr. 605*).

**Scope of Duty to Defend.** The duty to defend is broader than the duty to indemnify. When there is doubt as to whether the duty to defend exists, the doubt should be resolved in favor of the insured and against the insurer (*Eichler Homes, Inc. v. Underwriters at Lloyd's, London (1965) 238 Cal. App. 2d 532, 538, 47 Cal. Rptr. 843*).

**One of Several Causes of Action Alleged in Third-Party Complaint Covered by Policy.** If one of several causes of action alleged in the third-party complaint against the insured is covered by the policy, the insurer is bound to defend the action (*Blackfield v. Underwriters at Lloyd's, London (1966) 245 Cal. App. 2d 271, 275, 53 Cal. Rptr. 838*).

**For purposes of determining the duty to defend, it is the nature of the alleged conduct and resulting damage, not the legal theory of the pleading, that determines the issue,** (...the context of the factual background of the case against the insured, and not merely in light of the language of the complaint. *Healy Tibbits Const. Co. vs. Foremost Ins. Co.*, (1980) 482 F. Supp. 830, 837). Although extrinsic facts may trigger the duty to defend, the converse is not true. Once the pleadings raise the potential of coverage, they require the insurer to defend. An insured or insurer's knowledge that the alleged facts are in error and the true facts do not constitute a covered claim does not release the insurer from the duty to defend. The rationale is that the insurer agreed to defend even "groundless, false and fraudulent "lawsuits. Therefore, if the claimant asserts a claim that would be covered if proved, the insurer has the duty to defend, irrespective of knowledge of the impossibility of proving the facts alleged. (*Fragman Const. Co. vs. Preston Const. Co.*, (1971) 1 Ill. App 3rd 1002).

**Third-Party Complaint Would Support Partial Recovery Under Policy.** If the complaint against the insured seeks recovery of damages on a liability covered by the policy, the duty to defend exists even though the insurer is not liable under its policy for all the damages sought (*Hogan v. Midland National Ins. Co. (1970) 3 Cal. 3d 553, 563, 91 Cal. Rptr. 153, 476 P.2d 825*).

**Exclusionary Clause Must Be Liberally Construed in Favor of Insured.** Any ambiguity in an insurance policy is to be resolved against the insurer, and the language of an exclusionary clause must be construed liberally in favor of the insured (*Crane v. State Farm Fire & Cas. Co. (1971) 5 Cal. 3d 112, 115-116, 95 Cal. Rptr. 513, 485 P.2d 1129; Morris v. Atlas Assurance Co. (1984) 158 Cal. App. 3d 8, 12-13, 204 Cal. Rptr. 95*).

**Potential Liability Not Conclusively Refuted by Undisputed Facts.** An insurance carrier may escape its presumptive obligation to defend its insured against claims arguably covered

EXHIBIT D

by its policy only if undisputed facts **conclusively** refute any potential for liability (*Montrose Chemical Corp. v. Superior Court (1993) 6 Cal. 4th 287, 299-300, 24 Cal. Rptr. 2d 467, 861 P.2d 1153*).

**Liability for Insured's Attorney's Fees & Costs.** If an insurer wrongfully denies its duty to defend, the insured is released from the obligation to let the insurer control the action and may proceed as the insurer deems proper, (*Drinnon vs. Oliver* (1972) 24 CA3d 571, disapproved on other grounds in 38 C3rd at 255, n7). As a consequence, the insured gains the right to retain counsel of his or her own choosing to represent the insured and obtain reimbursement for the attorney's fees and costs. The right to reimbursement is not limited to the by CC § 2860 (c), (see *Arenson vs. National Auto. & Cas. Ins. Co.* (1957) 48 C2d 528, 529, *American Motorists Ins. Co. vs. Superior Court* (1998) 68 CA4th 864, 874); commences from the date insurer is first notified of the claim, (*Downey Sav. & Loan Ass'n vs. Ohio Cas. Ins. Co.* (1957) 189 CA3d 1072, 1086); and includes the right to obtain reimbursement for the attorney's fees and cost incurred in seeking the benefits due under the policy, (*Brandt vs. Superior Court* (1985) 37 C3rd 813, 817). Further, an insurer that has improperly refused to defend loses the right it may otherwise have had to defend the case under a reservation of rights, and the insured is free to settle the underlying action and compel the insurance company to pay the settlement, as well as damages for the failure to defend, (see *California Liability Insurance Practice: Claims & Litigation*, CEB, sections 11.38, 11.39, 24.70, 24.78, 25.29-25.32, & 25.37-25.38).

**Fees and Costs to Date.** The total of the legal fees ($4,721.25) and costs ($320.00) as of February 5, 2007 equals the sum of $5,041.25. Please reimburse your insured for those fees and costs immediately. If you have any questions regarding these fees and costs, please advise. If you wish to appoint another firm to defend your insureds, then you must do so immediately.

Please provide me with your response by close of business on **February 15, 2007**. Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: ll
File # I011
cc: Clients

EXHIBIT D

*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3519 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/05 15:25 |
| USAGE T | 00'47 |
| PGS. SENT | 5 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET - POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Keogh & Christina McTeague-Walsh<br>American Commercial Management on behalf of Lincoln General Insurance Company | J. Michael Murphy |
| FAX NUMBER: (866) 380-0924 | DATE: FEBRUARY 5, 2007 |
| RE: Your Claim File: # 39767<br>Lawsuit: Scott vs. Gorosa, BBI Construction, Imhoff<br>NSC # 26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 5 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT D

MURPHY, LOGAN, BARDWELL & LOOMIS
PROFESSIONAL LAW CORPORATION
2350 FIRST STREET • P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. Michael MURPHY
Murphy@mlbllaw.com

TELEPHONE (707) 257-8100
FACSIMILE (707) 257-6479

March 2, 2007

*Via Facsimile & First Class Mail*

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

Re: Your Claim File: # 39767
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

Dear Mr. Keough and Ms. McTeague-Walsh:

I have enclosed another copy of my February 5, 2007 letter and demand an immediate response. The delay in providing a defense which is clearly required in this case has caused a great deal of emotional distress on behalf of my client. If there is any additional information you require, please advise. Otherwise, it is clear that your insurance carrier is committing insurance bad faith by this unreasonable delay.

Sincerely,

DICTATED BUT NOT READ
SIGNED AND MAILED IN WRITERS
ABSENCE TO AVOID DELAYS

J. Michael Murphy

JMM: ll
File #I011
Encl.
cc: Client

**EXHIBIT E**

2350 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. MICHAEL MURPHY
Murphy@mlbllaw.com

TELEPHONE (707) 257-8100
FAX (707) 257-6479

February 5, 2007

*Via Facsimile & First Class Mail*

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

| Re: | Your Insured: | Brandon Imhoff dba BBI Construction |
|---|---|---|
| | **Your Claim #:** | 39767 |
| | **Claimants:** | **John & Michelle Scott** |
| | **Lawsuit:** | **Scott v. Gerosa et. al.** |
| | **Policy No:** | **6320005864-1 (Eff. 7/15/05 – 7/15/06)** |
| | | **6320005864-2 (Eff. 7/15/06 – 7/15/07)** |
| | **Project:** | **Scott Residence** |
| | | **757 White Lane, St. Helena, California** |

Dear Mr. Keough & Ms. McTeague-Walsh:

Thank you for your January 15, 2007 letter. The purpose to this letter is to re-tender these claims for a defense, secure a defense of these claims, and to request reimbursement of the fees and costs incurred in defending the claims to date. In order to assist you in your investigation, I offer the following comments.

***Response to Questions***

With regard to the ongoing investigation, please refer to the information provided by your insurance adjuster, Steve Anderson who conducted a detailed interview with your insured, and I understand has been communicating with Plaintiffs' counsel. With that said, BBI Construction was hired to perform construction work pursuant to an oral time and materials contract. The work involved an extensive remodel of an existing residence where the scope of work greatly expanded and changed during the course of construction.

BBI did not hire subcontractors; however, trade contractors were hired directly by the owner. Consequently, at the present time I am not aware of any express written indemnity contracts between BBI Construction and trade contractors, but discovery is continuing.

BBI does not have any first hand knowledge of any damage that occurred as a result of BBI Construction's work other than the allegations contained in the lawsuit filed by the Plaintiffs in this

EXHIBIT E

case. The Plaintiffs contend that there are damages "in excess of $200,000.00" and make specific allegations that there is damage caused by leaks.

According to the allegations contained in the Complaint, the events that could be characterized as "occurrences" occurred during the two Lincoln General policies beginning July 15, 2005 through the current policy ending on July 11, 2007.

BBI is not aware of any other insurance with regard to BBI that pertains to this case, but discovery is continuing.

BBI has not received an expert report, but understands from Plaintiffs' counsel that one may exist.

***Summary of Claim & Demand for Defense***

I have reviewed your letter, and I find no justification for Lincoln General's continued failure to provide a defense in this case. As I am certain that you can well understand, the continued failure to provide a defense is causing not only a financial burden upon your insured, but also causing a great deal of emotional distress. Although it may be appropriate to provide a defense pursuant to a reservation of rights, Lincoln General has failed to identify any exclusion which would preclude the obligation of Lincoln General to hire an attorney to defend BBI. If there is such an exclusion, please identify it immediately.

***Summary of the Legal Principles***

The following is a brief summary of the legal principles which clearly confirm Lincoln General's duty to immediately assume the defense of BBI.

**Insurer's Duty to Defend Against Claim Potentially Within Policy Coverage.** An insurer, which is required under the terms of a liability policy issued by it to defend its insured in any action for an occurrence covered by the policy, must defend an action against the insured which seeks damages potentially within the coverage of the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 275, 54 Cal. Rptr. 104, 419 P.2d 168; Miller v. Elite Ins. Co. (1980) 100 Cal. App. 3d 739, 753, 161 Cal. Rptr. 322*). As your letter acknowledges, at least one of the claims was covered by insurance, and therefore your insured was entitled to a defense of the entire claim.

**Determining Potential Liability.** The duty to defend is fixed by the facts which the insurer learns from the complaint, the insured, or other sources, and the insurer's duty to defend arises whenever it ascertains facts which give rise to the potential of liability under the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 276-277, 54 Cal. Rptr. 104, 419 P.2d 168; Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 169-170, 140 Cal. Rptr. 605*).

EXHIBIT E

**Duty of Insurer to Investigate Facts.** An insurer may not, without making an investigation of any kind, deny an insured a defense at a time when it has reason to believe that there is potential liability under the policy and then rely on the results of the third-party action and subsequent factors to prove that there was, in reality, no potential for liability in the first instance (*Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 173, 140 Cal. Rptr. 605*).

**Scope of Duty to Defend.** The duty to defend is broader than the duty to indemnify. When there is doubt as to whether the duty to defend exists, the doubt should be resolved in favor of the insured and against the insurer (*Eichler Homes, Inc. v. Underwriters at Lloyd's, London (1965) 238 Cal. App. 2d 532, 538, 47 Cal. Rptr. 843*).

**One of Several Causes of Action Alleged in Third-Party Complaint Covered by Policy.** If one of several causes of action alleged in the third-party complaint against the insured is covered by the policy, the insurer is bound to defend the action (*Blackfield v. Underwriters at Lloyd's, London (1966) 245 Cal. App. 2d 271, 275, 53 Cal. Rptr. 838*).

**For purposes of determining the duty to defend, it is the nature of the alleged conduct and resulting damage, not the legal theory of the pleading, that determines the issue,** (...the context of the factual background of the case against the insured, and not merely in light of the language of the complaint. *Healy Tibbits Const. Co. vs. Foremost Ins. Co.*, (1980) 482 F. Supp. 830, 837). Although extrinsic facts may trigger the duty to defend, the converse is not true. Once the pleadings raise the potential of coverage, they require the insurer to defend. An insured or insurer's knowledge that the alleged facts are in error and the true facts do not constitute a covered claim does not release the insurer from the duty to defend. The rationale is that the insurer agreed to defend even "groundless, false and fraudulent "lawsuits. Therefore, if the claimant asserts a claim that would be covered if proved, the insurer has the duty to defend, irrespective of knowledge of the impossibility of proving the facts alleged. (*Fragman Const. Co. vs. Preston Const. Co.*, (1971) 1 Ill. App 3rd 1002).

**Third-Party Complaint Would Support Partial Recovery Under Policy.** If the complaint against the insured seeks recovery of damages on a liability covered by the policy, the duty to defend exists even though the insurer is not liable under its policy for all the damages sought (*Hogan v. Midland National Ins. Co. (1970) 3 Cal. 3d 553, 563, 91 Cal. Rptr. 153, 476 P.2d 825*).

**Exclusionary Clause Must Be Liberally Construed in Favor of Insured.** Any ambiguity in an insurance policy is to be resolved against the insurer, and the language of an exclusionary clause must be construed liberally in favor of the insured (*Crane v. State Farm Fire & Cas. Co. (1971) 5 Cal. 3d 112, 115-116, 95 Cal. Rptr. 513, 485 P.2d 1129; Morris v. Atlas Assurance Co. (1984) 158 Cal. App. 3d 8, 12-13, 204 Cal. Rptr. 95*).

**Potential Liability Not Conclusively Refuted by Undisputed Facts.** An insurance carrier may escape its presumptive obligation to defend its insured against claims arguably covered

EXHIBIT E

by its policy only if undisputed facts conclusively refute any potential for liability (*Montrose Chemical Corp. v. Superior Court (1993) 6 Cal. 4th 287, 299-300, 24 Cal. Rptr. 2d 467, 861 P.2d 1153*).

**Liability for Insured's Attorney's Fees & Costs.** If an insurer wrongfully denies its duty to defend, the insured is released from the obligation to let the insurer control the action and may proceed as the insurer deems proper, (*Drinnon vs. Oliver* (1972) 24 CA3d 571, disapproved on other grounds in 38 C3rd at 255, n7). As a consequence, the insured gains the right to retain counsel of his or her own choosing to represent the insured and obtain reimbursement for the attorney's fees and costs. The right to reimbursement is not limited to the by CC § 2860 (c), (see *Arenson vs. National Auto. & Cas. Ins. Co.* (1957) 48 C2d 528, 529, *American Motorists Ins. Co. vs. Superior Court* (1998) 68 CA4th 864, 874); commences from the date insurer is first notified of the claim, (*Downey Sav. & Loan Ass'n vs. Ohio Cas. Ins. Co.* (1957) 189 CA3d 1072, 1086); and includes the right to obtain reimbursement for the attorney's fees and cost incurred in seeking the benefits due under the policy, (*Brandt vs. Superior Court* (1985) 37 C3rd 813, 817). Further, an insurer that has improperly refused to defend loses the right it may otherwise have had to defend the case under a reservation of rights, and the insured is free to settle the underlying action and compel the insurance company to pay the settlement, as well as damages for the failure to defend, (see *California Liability Insurance Practice: Claims & Litigation*, CEB, sections 11.38, 11.39, 24.70, 24.78, 25.29-25.32, & 25.37-25.38).

**Fees and Costs to Date.** The total of the legal fees ($4,721.25) and costs ($320.00) as of February 5, 2007 equals the sum of $5,041.25. Please reimburse your insured for those fees and costs immediately. If you have any questions regarding these fees and costs, please advise. If you wish to appoint another firm to defend your insureds, then you must do so immediately.

Please provide me with your response by close of business on **February 15, 2007.** Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: ll
File # 1011
cc: Clients

EXHIBIT E

*** TX REPORT ***
************************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3519 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/05 15:25 |
| USAGE T | 00'47 |
| PGS. SENT | 5 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION

2350 FIRST STREET-POST OFFICE BOX 5540

NAPA, CALIFORNIA 94581-0540

TELEPHONE: (707) 257-8100

FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Keogh & Christina McTeague-Walsh<br>American Commercial Management<br>on behalf of Lincoln General Insurance Company | J. Michael Murphy |
| FAX NUMBER: (866) 380-0924 | DATE: FEBRUARY 5, 2007 |
| RE: Your Claim File: #39767<br>Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff<br>NSC # 26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 5 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT E

*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3649 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 03/02 12:12 |
| USAGE T | 00'59 |
| PGS. SENT | 7 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION

2350 FIRST STREET-POST OFFICE BOX 5540

NAPA, CALIFORNIA 94581-0540

TELEPHONE: (707) 257-8100

FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

TO:
Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company

FROM:
J. Michael Murphy

FAX NUMBER:
(866) 380-0924

DATE:
MARCH 2, 2007

RE:
Your Claim File: # 39767
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

TOTAL NO. OF PAGES INCLUDING COVER:
7

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT E

MURPHY, LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET• P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. Michael MURPHY
Murphy@mlbllaw.com

TELEPHONE (707) 257-8100
FACSIMILE (707) 257-6479

April 18, 2007

***Via Facsimile & Certified Mail –***
***Return Receipt Requested***

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, CA 92101

Re: **NOTICE OF TRIAL: SEPTEMBER 24, 2007**
**NOTICE OF SETTLEMENT CONFERENCE: JULY 20, 2007; 2:30 P.M.; DEPT. O**

| | |
|---|---|
| Your Claim File: | #39767 |
| Lawsuit: | Scott vs. Gerosa, BBI Construction, Imhoff<br>NSC # 26-35647 |
| Your Insured: | BBI Construction - Brandon Imhoff |
| Claimants: | John & Michelle Scott |

Dear Mr. Keough and Ms. McTeague-Walsh:

Please be advised that this case has now been set for a jury trial commencing on September 24, 2007 at 8:30 a.m. in the Napa Superior Court. Further, there is a Mandatory Settlement Conference set for July 20, 2007 at 2:30 p.m. in Department O of the court. Further, the court has ordered the parties to proceed with mediation to occur before the July 20, 2007 date. The court has ordered that the insurance carrier participate in the mediation and Mandatory Settlement Conference with a person with full settlement authority.

As you might expect, your insureds are deeply disappointed in the complete bad faith exhibited by American Commercial Management and Lincoln General Insurance Company. Your insureds paid their premiums in good faith, and have every reasonable expectation that in their time of need, their insurance carrier would promptly act on their claim, and provide at a minimum, a defense to the claims with the appropriate reservation of rights. This case was tendered in writing last December 8, 2006, and American Commercial Management hired Steve Anderson to adjust this claim. Mr. Anderson has visited the site and has been in communication with the Plaintiffs' counsel. Plaintiffs' counsel informs me that Mr. Anderson is also disappointed in the lack of response from American Commercial Management and reports that there has been a lack of communication. With the trial date set this summer, the window of opportunity to settle this case economically is fast closing. I estimate that the cost of defense if the case goes to trial will exceed $60,000. I have been postponing expensive discovery with the expectation that Lincoln General Insurance

**EXHIBIT F**

Company would in due course appoint defense counsel timely. Obviously, I cannot wait any longer. To the present date, the cost of defending your insureds is the sum of $5,600.00. Demand is hereby made that you reimburse my clients immediately the sum of $5,600.00.

Unless Lincoln General Insurance Company through American Commercial Management provides a defense of this case no later than close of business on **April 23, 2007,** then Lincoln General Insurance Company as a matter of law shall lose its right to defend the case under the reservation of rights, and freeing Imhoff to settle the underlying action and compel Lincoln General to pay the settlement, as well as damage for failure to defend, (see *California Liability Insurance Practice: Claims and Litigation, CEB §§11.38, 11.39, 24.70, 24.78, 25.29-25.32, and 25.37-25.38)*. I have also enclosed my March 2 and February 5, 2007 letters for your reference. Time is of the essence, and I can assure you that unless American Commercial Management and Lincoln General rectify this clear case of bad faith, the appropriate litigation will follow.

If you have any questions concerning this demand, please do not hesitate to give me a call.

Sincerely,

J. Michael Murphy

JMM: ll
File #I011
Encls.
cc: Client
Betheina Fernandez & Bob Flynn, CAL-PRO Commercial Insurance Services, Inc.
(via Fax & Certified Mail – Return Receipt Requested)

EXHIBIT F

MURPHY LOGAN BARDWELL & LOOMIS
PROFESSIONAL LAW CORPORATION
2350 FIRST STREET• P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. Michael Murphy
Murphy@mlbllaw.com

TELEPHONE (707) 257-8100
FACSIMILE (707) 257-6479

March 2, 2007

*Via Facsimile & First Class Mail*

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

Re: Your Claim File: # 39767
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

Dear Mr. Keough and Ms. McTeague-Walsh:

I have enclosed another copy of my February 5, 2007 letter and demand an immediate response. The delay in providing a defense which is clearly required in this case has caused a great deal of emotional distress on behalf of my client. If there is any additional information you require, please advise. Otherwise, it is clear that your insurance carrier is committing insurance bad faith by this unreasonable delay.

Sincerely,

DICTATED BUT NOT READ
SIGNED AND MAILED IN WRITERS
ABSENCE TO AVOID DELAYS

J. Michael Murphy

JMM: ll
File #I011
Encl.
cc: Client

EXHIBIT F

J. MICHAEL MURPHY
Murphy@mlblaw.com

P.O. BOX 5549
NAPA, CALIFORNIA 94581-0549

TELEPHONE (707) 257-8100
FAX (707) 257-8479

February 5, 2007

***Via Facsimile & First Class Mail***

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

| Re: | Your Insured: | Brandon Imhoff dba BBI Construction |
|---|---|---|
| | **Your Claim #:** | 39767 |
| | **Claimants:** | John & Michelle Scott |
| | **Lawsuit:** | Scott v. Gerosa et. al. |
| | **Policy No:** | 6320005864-1 (Eff. 7/15/05 -- 7/15/06) |
| | | 6320005864-2 (Eff. 7/15/06 -- 7/15/07) |
| | **Project:** | Scott Residence |
| | | 757 White Lane, St. Helena, California |

Dear Mr. Keough & Ms. McTeague-Walsh:

Thank you for your January 15, 2007 letter. The purpose to this letter is to re-tender these claims for a defense, secure a defense of these claims, and to request reimbursement of the fees and costs incurred in defending the claims to date. In order to assist you in your investigation, I offer the following comments.

***Response to Questions***

With regard to the ongoing investigation, please refer to the information provided by your insurance adjuster, Steve Anderson who conducted a detailed interview with your insured, and I understand has been communicating with Plaintiffs' counsel. With that said, BBI Construction was hired to perform construction work pursuant to an oral time and materials contract. The work involved an extensive remodel of an existing residence where the scope of work greatly expanded and changed during the course of construction.

BBI did not hire subcontractors; however, trade contractors were hired directly by the owner. Consequently, at the present time I am not aware of any express written indemnity contracts between BBI Construction and trade contractors, but discovery is continuing.

BBI does not have any first hand knowledge of any damage that occurred as a result of BBI Construction's work other than the allegations contained in the lawsuit filed by the Plaintiffs in this

EXHIBIT F

case. The Plaintiffs contend that there are damages "in excess of $200,000.00" and make specific allegations that there is damage caused by leaks.

According to the allegations contained in the Complaint, the events that could be characterized as "occurrences" occurred during the two Lincoln General policies beginning July 15, 2005 through the current policy ending on July 11, 2007.

BBI is not aware of any other insurance with regard to BBI that pertains to this case, but discovery is continuing.

BBI has not received an expert report, but understands from Plaintiffs' counsel that one may exist.

***Summary of Claim & Demand for Defense***

I have reviewed your letter, and I find no justification for Lincoln General's continued failure to provide a defense in this case. As I am certain that you can well understand, the continued failure to provide a defense is causing not only a financial burden upon your insured, but also causing a great deal of emotional distress. Although it may be appropriate to provide a defense pursuant to a reservation of rights, Lincoln General has failed to identify any exclusion which would preclude the obligation of Lincoln General to hire an attorney to defend BBI. If there is such an exclusion, please identify it immediately.

***Summary of the Legal Principles***

The following is a brief summary of the legal principles which clearly confirm Lincoln General's duty to immediately assume the defense of BBI.

**Insurer's Duty to Defend Against Claim Potentially Within Policy Coverage.** An insurer, which is required under the terms of a liability policy issued by it to defend its insured in any action for an occurrence covered by the policy, must defend an action against the insured which seeks damages potentially within the coverage of the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 275, 54 Cal. Rptr. 104, 419 P.2d 168*; *Miller v. Elite Ins. Co. (1980) 100 Cal. App. 3d 739, 753, 161 Cal. Rptr. 322*). As your letter acknowledges, at least one of the claims was covered by insurance, and therefore your insured was entitled to a defense of the entire claim.

**Determining Potential Liability.** The duty to defend is fixed by the facts which the insurer learns from the complaint, the insured, or other sources, and the insurer's duty to defend arises whenever it ascertains facts which give rise to the potential of liability under the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 276-277, 54 Cal. Rptr. 104, 419 P.2d 168*; *Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 169-170, 140 Cal. Rptr. 605*).

EXHIBIT F

**Duty of Insurer to Investigate Facts.** An insurer may not, without making an investigation of any kind, deny an insured a defense at a time when it has reason to believe that there is potential liability under the policy and then rely on the results of the third-party action and subsequent factors to prove that there was, in reality, no potential for liability in the first instance (*Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 173, 140 Cal. Rptr. 605*).

**Scope of Duty to Defend.** The duty to defend is broader than the duty to indemnify. When there is doubt as to whether the duty to defend exists, the doubt should be resolved in favor of the insured and against the insurer (*Eichler Homes, Inc. v. Underwriters at Lloyd's, London (1965) 238 Cal. App. 2d 532, 538, 47 Cal. Rptr. 843*).

**One of Several Causes of Action Alleged in Third-Party Complaint Covered by Policy.** If one of several causes of action alleged in the third-party complaint against the insured is covered by the policy, the insurer is bound to defend the action (*Blackfield v. Underwriters at Lloyd's, London (1966) 245 Cal. App. 2d 271, 275, 53 Cal. Rptr. 838*).

**For purposes of determining the duty to defend, it is the nature of the alleged conduct and resulting damage, not the legal theory of the pleading, that determines the issue,** (...the context of the factual background of the case against the insured, and not merely in light of the language of the complaint. *Healy Tibbits Const. Co. vs. Foremost Ins. Co.*, (1980) 482 F. Supp. 830, 837). Although extrinsic facts may trigger the duty to defend, the converse is not true. Once the pleadings raise the potential of coverage, they require the insurer to defend. An insured or insurer's knowledge that the alleged facts are in error and the true facts do not constitute a covered claim does not release the insurer from the duty to defend. The rationale is that the insurer agreed to defend even "groundless, false and fraudulent "lawsuits. Therefore, if the claimant asserts a claim that would be covered if proved, the insurer has the duty to defend, irrespective of knowledge of the impossibility of proving the facts alleged. (*Fragman Const. Co. vs. Preston Const. Co.*, (1971) 1 Ill. App 3rd 1002).

**Third-Party Complaint Would Support Partial Recovery Under Policy.** If the complaint against the insured seeks recovery of damages on a liability covered by the policy, the duty to defend exists even though the insurer is not liable under its policy for all the damages sought (*Hogan v. Midland National Ins. Co. (1970) 3 Cal. 3d 553, 563, 91 Cal. Rptr. 153, 476 P.2d 825*).

**Exclusionary Clause Must Be Liberally Construed in Favor of Insured.** Any ambiguity in an insurance policy is to be resolved against the insurer, and the language of an exclusionary clause must be construed liberally in favor of the insured (*Crane v. State Farm Fire & Cas. Co. (1971) 5 Cal. 3d 112, 115-116, 95 Cal. Rptr. 513, 485 P.2d 1129; Morris v. Atlas Assurance Co. (1984) 158 Cal. App. 3d 8, 12-13, 204 Cal. Rptr. 95*).

**Potential Liability Not Conclusively Refuted by Undisputed Facts.** An insurance carrier may escape its presumptive obligation to defend its insured against claims arguably covered

by its policy only if undisputed facts **conclusively** refute any potential for liability (*Montrose Chemical Corp. v. Superior Court (1993) 6 Cal. 4th 287, 299-300, 24 Cal. Rptr. 2d 467, 861 P.2d 1153*).

**Liability for Insured's Attorney's Fees & Costs.** If an insurer wrongfully denies its duty to defend, the insured is released from the obligation to let the insurer control the action and may proceed as the insurer deems proper, (*Drinnon vs. Oliver* (1972) 24 CA3d 571, disapproved on other grounds in 38 C3rd at 255, n7). As a consequence, the insured gains the right to retain counsel of his or her own choosing to represent the insured and obtain reimbursement for the attorney's fees and costs. The right to reimbursement is not limited to the by CC § 2860 (c), (see *Arenson vs. National Auto. & Cas. Ins. Co.* (1957) 48 C2d 528, 529, *American Motorists Ins. Co. vs. Superior Court* (1998) 68 CA4th 864, 874); commences from the date insurer is first notified of the claim, (*Downey Sav. & Loan Ass'n vs. Ohio Cas. Ins. Co.* (1957) 189 CA3d 1072, 1086); and includes the right to obtain reimbursement for the attorney's fees and cost incurred in seeking the benefits due under the policy, (*Brandt vs. Superior Court* (1985) 37 C3rd 813, 817). Further, an insurer that has improperly refused to defend loses the right it may otherwise have had to defend the case under a reservation of rights, and the insured is free to settle the underlying action and compel the insurance company to pay the settlement, as well as damages for the failure to defend, (see *California Liability Insurance Practice: Claims & Litigation,* CEB, sections 11.38, 11.39, 24.70, 24.78, 25.29-25.32, & 25.37-25.38).

**Fees and Costs to Date.** The total of the legal fees ($4,721.25) and costs ($320.00) as of February 5, 2007 equals the sum of $5,041.25. Please reimburse your insured for those fees and costs immediately. If you have any questions regarding these fees and costs, please advise. If you wish to appoint another firm to defend your insureds, then you must do so immediately.

Please provide me with your response by close of business on **February 15, 2007.** Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: ll
File # I011
cc: Clients

EXHIBIT F

*** TX REPORT ***

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3519 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/05 15:25 |
| USAGE T | 00'47 |
| PGS. SENT | 5 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION

2350 FIRST STREET-POST OFFICE BOX 5540

NAPA, CALIFORNIA 94581-0540

TELEPHONE: (707) 257-8100

FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

TO:
Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company

FROM:
J. Michael Murphy

FAX NUMBER:
(866) 380-0924

DATE:
FEBRUARY 5, 2007

RE:
Your Claim File: # 39767
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

TOTAL NO. OF PAGES INCLUDING COVER:
5

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT F

*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3649 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 03/02 12:12 |
| USAGE T | 00'59 |
| PGS. SENT | 7 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET-POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Keogh & Christina McTeague-Walsh<br>American Commercial Management<br>on behalf of Lincoln General Insurance Company | J. Michael Murphy |
| FAX NUMBER: (866) 380-0924 | DATE: MARCH 2, 2007 |
| RE: Your Claim File: # 39767<br>Lawsuit: Scott vs. Garosa, BBI Construction, Imhoff<br>NSC # 26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 7 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT F

A PROFESSIONAL LAW CORPORATION
2001 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

TELEPHONE (707) 257-8100
FAX (707) 257-8479

J. MICHAEL MURPHY
Murphy@mlbllaw.com

February 5, 2007

*Via Facsimile & First Class Mail*

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

Re: Your Insured: Brandon Imhoff dba BBI Construction
Your Claim #: 39767
Claimants: John & Michelle Scott
Lawsuit: Scott v. Gerosa et. al.
Policy No: 6320005864-1 (Eff. 7/15/05 – 7/15/06)
6320005864-2 (Eff. 7/15/06 – 7/15/07)
Project: Scott Residence
757 White Lane, St. Helena, California

Dear Mr. Keough & Ms. McTeague-Walsh:

Thank you for your January 15, 2007 letter. The purpose to this letter is to re-tender these claims for a defense, secure a defense of these claims, and to request reimbursement of the fees and costs incurred in defending the claims to date. In order to assist you in your investigation, I offer the following comments.

***Response to Questions***

With regard to the ongoing investigation, please refer to the information provided by your insurance adjuster, Steve Anderson who conducted a detailed interview with your insured, and I understand has been communicating with Plaintiffs' counsel. With that said, BBI Construction was hired to perform construction work pursuant to an oral time and materials contract. The work involved an extensive remodel of an existing residence where the scope of work greatly expanded and changed during the course of construction.

BBI did not hire subcontractors; however, trade contractors were hired directly by the owner. Consequently, at the present time I am not aware of any express written indemnity contracts between BBI Construction and trade contractors, but discovery is continuing.

BBI does not have any first hand knowledge of any damage that occurred as a result of BBI Construction's work other than the allegations contained in the lawsuit filed by the Plaintiffs in this

EXHIBIT F

case. The Plaintiffs contend that there are damages "in excess of $200,000.00" and make specific allegations that there is damage caused by leaks.

According to the allegations contained in the Complaint, the events that could be characterized as "occurrences" occurred during the two Lincoln General policies beginning July 15, 2005 through the current policy ending on July 11, 2007.

BBI is not aware of any other insurance with regard to BBI that pertains to this case, but discovery is continuing.

BBI has not received an expert report, but understands from Plaintiffs' counsel that one may exist.

***Summary of Claim & Demand for Defense***

I have reviewed your letter, and I find no justification for Lincoln General's continued failure to provide a defense in this case. As I am certain that you can well understand, the continued failure to provide a defense is causing not only a financial burden upon your insured, but also causing a great deal of emotional distress. Although it may be appropriate to provide a defense pursuant to a reservation of rights, Lincoln General has failed to identify any exclusion which would preclude the obligation of Lincoln General to hire an attorney to defend BBI. If there is such an exclusion, please identify it immediately.

***Summary of the Legal Principles***

The following is a brief summary of the legal principles which clearly confirm Lincoln General's duty to immediately assume the defense of BBI.

**Insurer's Duty to Defend Against Claim Potentially Within Policy Coverage.** An insurer, which is required under the terms of a liability policy issued by it to defend its insured in any action for an occurrence covered by the policy, must defend an action against the insured which seeks damages potentially within the coverage of the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 275, 54 Cal. Rptr. 104, 419 P.2d 168; Miller v. Elite Ins. Co. (1980) 100 Cal. App. 3d 739, 753, 161 Cal. Rptr. 322*). As your letter acknowledges, at least one of the claims was covered by insurance, and therefore your insured was entitled to a defense of the entire claim.

**Determining Potential Liability.** The duty to defend is fixed by the facts which the insurer learns from the complaint, the insured, or other sources, and the insurer's duty to defend arises whenever it ascertains facts which give rise to the potential of liability under the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 276-277, 54 Cal. Rptr. 104, 419 P.2d 168; Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 169-170, 140 Cal. Rptr. 605*).

EXHIBIT F

**Duty of Insurer to Investigate Facts.** An insurer may not, without making an investigation of any kind, deny an insured a defense at a time when it has reason to believe that there is potential liability under the policy and then rely on the results of the third-party action and subsequent factors to prove that there was, in reality, no potential for liability in the first instance (*Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 173, 140 Cal. Rptr. 605*).

**Scope of Duty to Defend.** The duty to defend is broader than the duty to indemnify. When there is doubt as to whether the duty to defend exists, the doubt should be resolved in favor of the insured and against the insurer (*Eichler Homes, Inc. v. Underwriters at Lloyd's, London (1965) 238 Cal. App. 2d 532, 538, 47 Cal. Rptr. 843*).

**One of Several Causes of Action Alleged in Third-Party Complaint Covered by Policy.** If one of several causes of action alleged in the third-party complaint against the insured is covered by the policy, the insurer is bound to defend the action (*Blackfield v. Underwriters at Lloyd's, London (1966) 245 Cal. App. 2d 271, 275, 53 Cal. Rptr. 838*).

**For purposes of determining the duty to defend, it is the nature of the alleged conduct and resulting damage, not the legal theory of the pleading, that determines the issue,** (...the context of the factual background of the case against the insured, and not merely in light of the language of the complaint. *Healy Tibbits Const. Co. vs. Foremost Ins. Co.,* (1980) 482 F. Supp. 830, 837). Although extrinsic facts may trigger the duty to defend, the converse is not true. Once the pleadings raise the potential of coverage, they require the insurer to defend. An insured or insurer's knowledge that the alleged facts are in error and the true facts do not constitute a covered claim does not release the insurer from the duty to defend. The rationale is that the insurer agreed to defend even "groundless, false and fraudulent "lawsuits. Therefore, if the claimant asserts a claim that would be covered if proved, the insurer has the duty to defend, irrespective of knowledge of the impossibility of proving the facts alleged. (*Fragman Const. Co. vs. Preston Const. Co.,* (1971) 1 Ill. App 3rd 1002).

**Third-Party Complaint Would Support Partial Recovery Under Policy.** If the complaint against the insured seeks recovery of damages on a liability covered by the policy, the duty to defend exists even though the insurer is not liable under its policy for all the damages sought (*Hogan v. Midland National Ins. Co. (1970) 3 Cal. 3d 553, 563, 91 Cal. Rptr. 153, 476 P.2d 825*).

**Exclusionary Clause Must Be Liberally Construed in Favor of Insured.** Any ambiguity in an insurance policy is to be resolved against the insurer, and the language of an exclusionary clause must be construed liberally in favor of the insured (*Crane v. State Farm Fire & Cas. Co. (1971) 5 Cal. 3d 112, 115-116, 95 Cal. Rptr. 513, 485 P.2d 1129; Morris v. Atlas Assurance Co. (1984) 158 Cal. App. 3d 8, 12-13, 204 Cal. Rptr. 95*).

**Potential Liability Not Conclusively Refuted by Undisputed Facts.** An insurance carrier may escape its presumptive obligation to defend its insured against claims arguably covered

EXHIBIT F

by its policy only if undisputed facts conclusively refute any potential for liability (*Montrose Chemical Corp. v. Superior Court (1993) 6 Cal. 4th 287, 299-300, 24 Cal. Rptr. 2d 467, 861 P.2d 1153*).

**Liability for Insured's Attorney's Fees & Costs.** If an insurer wrongfully denies its duty to defend, the insured is released from the obligation to let the insurer control the action and may proceed as the insurer deems proper, (*Drinnon vs. Oliver* (1972) 24 CA3d 571, disapproved on other grounds in 38 C3rd at 255, n7). As a consequence, the insured gains the right to retain counsel of his or her own choosing to represent the insured and obtain reimbursement for the attorney's fees and costs. The right to reimbursement is not limited to the by CC § 2860 (c), (see *Arenson vs. National Auto. & Cas. Ins. Co.* (1957) 48 C2d 528, 529, *American Motorists Ins. Co. vs. Superior Court* (1998) 68 CA4th 864, 874); commences from the date insurer is first notified of the claim, (*Downey Sav. & Loan Ass'n vs. Ohio Cas. Ins. Co.* (1957) 189 CA3d 1072, 1086); and includes the right to obtain reimbursement for the attorney's fees and cost incurred in seeking the benefits due under the policy, (*Brandt vs. Superior Court* (1985) 37 C3rd 813, 817). Further, an insurer that has improperly refused to defend loses the right it may otherwise have had to defend the case under a reservation of rights, and the insured is free to settle the underlying action and compel the insurance company to pay the settlement, as well as damages for the failure to defend, (see *California Liability Insurance Practice: Claims & Litigation,* CEB, sections 11.38, 11.39, 24.70, 24.78, 25.29-25.32, & 25.37-25.38).

**Fees and Costs to Date.** The total of the legal fees ($4,721.25) and costs ($320.00) as of February 5, 2007 equals the sum of $5,041.25. Please reimburse your insured for those fees and costs immediately. If you have any questions regarding these fees and costs, please advise. If you wish to appoint another firm to defend your insureds, then you must do so immediately.

Please provide me with your response by close of business on **February 15, 2007**. Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: ll
File # I011
cc: Clients

**EXHIBIT F**

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3519 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/05 15:25 |
| USAGE T | 00'47 |
| PGS. SENT | 5 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET·POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Keogh & Christina McTeague-Walsh<br>American Commercial Management<br>on behalf of Lincoln General Insurance Company | J. Michael Murphy |
| FAX NUMBER: (866) 380-0924 | DATE: FEBRUARY 5, 2007 |
| RE: Your Claim File: #39767<br>Lawsuit: Scott vs. Geross, BBI Construction, Imhoff<br>NSC #26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 5 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT F

*** FX REPORT ***

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3900 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 04/18 13:32 |
| USAGE T | 02'14 |
| PGS. SENT | 15 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET-POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Keogh & Christina McTeague-Walsh<br>American Commercial Management<br>on behalf of Lincoln General Insurance Company | J. Michael Murphy |
| FAX NUMBER: (866) 380-0924 | DATE: APRIL 18, 2007 |
| RE: Your Claim File: # 39767<br>Lawsuit: Scott vs. Geross, BBI Construction, Imhoff<br>NSC # 26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 15 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT F

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3902 |
| CONNECTION TEL | 19166300735 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 04/18 13:44 |
| USAGE T | 02'26 |
| PGS. SENT | 15 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET - POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

TO:
Betheina Fernandez & Bob Flynn
CAL-PRO Commercial Insurance Services, Inc.

FROM:
J. Michael Murphy
Email: Murphy@mlbllaw.com

FAX NUMBER:
(916) 630-0735

DATE:
APRIL 18, 2007

RE:
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

TOTAL NO. OF PAGES INCLUDING COVER:
15

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT F



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Betheina Fernandez & Bob Flynn
CAL-PRO Comm. Ins.
3175 Sunset Blvd, Ste. 107
Rocklin, CA 95677

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) Wendy Dollos
C. Date of Delivery 5/2/07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7000 1670 0006 9575 6779

PS Form 102595-02-M-1540

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

7000 1670 0006 9575 6779

| | |
|---|---|
| Postage | $ .87 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.12 |

Postmark Here: NAPA CA 94558 APR 19 2007 USPS

Sent To Betheina Fernandez & Bob Flynn
CAL-PRO Commercial, Ins.
Street, Apt. No.; or PO Box No.
City, State, ZIP+4 Rocklin, CA 95677

PS Form 3800, May 2000 See Reverse for Instructions

EXHIBIT F

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Keogh & Christina McTeague-Walsh
American Commercial mgmt
on behalf of Lincoln Gen, Ins
701 B St., Ste 2210
San Diego, CA 92101

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 4/20/07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

DOCKET CONTROL
DATE RECEIVED 4/23/07
CALENDARED ON CC
FILE NO. 7011

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7099 3400 0007 8579 2817

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

Article Sent To:

7099 3400 0007 8579 2817

| | |
|---|---|
| Postage | $ .87 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.12 |

Postmark Here: NAPA CA 94558 APR 18 2007 USPS

Name (Please Print Clearly) (To be completed by mailer) Michael Keogh & Christina McTeague-Walsh
Street, Apt. No.; or PO Box No. American Comm. Mgmt
City, State, ZIP+4 San Diego, CA 92101

PS Form 3800, July 1999 See Reverse for Instructions

EXHIBIT F

# NOTICE OF NONRENEWAL

| Policy No: | Issued through Agency or Office at: | Expiration Date: | Date of Notice: |
|---|---|---|---|
| 6320005864 02 | Arrowhead | 07-15-07 12:01 A.M. | 05-02-07 |

Policy Inception date: 07-15-2006

Coverage Type:

Insurance Company Name and Address:
LINCOLN GENERAL INSURANCE COMPANY
701 B Street Suite 2100
San Diego, CA 92101-8197

Insured Name and Address:
BRANDON BUEHLER IMHOFF
DBA: BBI CONSTRUCTION
1830 ADRIAN STREET
NAPA CA 94559

Producer Name and Address:
CAL-PRO COMMERCIAL INSURANCE SERVICES
9089 FOOTHILLS BLVD # 910
ROSEVILLE CA 95747

You are hereby notified in accordance with the terms and conditions of the above-mentioned policy, and in accordance with the law, that your insurance will expire at and from the hour and date mentioned above and the policy will not be renewed.

Non-renewal Reason: INSURED'S THREE YEAR LOSS RATIO EXCEEDS 60%.

Important Business Automobile Notices:

**The following applies to Insured's located in ARIZONA:** Replacement insurance information; If you are unable to obtain replacement coverage from another insurance company, you may be eligible for insurance through the Arizona Automobile Assigned Risk Plan. For further information, please contact your agent or broker.

You have the right to request information from the Director of Insurance in regards to this nonrenewal within 10 days after the receipt of this notice. The information included in this notice is given pursuant to Article 20-1632 of the Arizona Insurance Laws.

**The following applies to Insured's located in NEVADA:** Replacement insurance information: If you are unable to obtain replacement coverage from another insurance company, you may be eligible for insurance through a voluntary or mandatory risk-sharing plan. For further information, please contact your agent or broker.

If additional information regarding this nonrenewal is requested, we will supply the requested information within 6 days after receipt of a written request by the policyholder. Please send your request to the Insurance Company name and address shown on this notice.

**The following applies to Insured's located in CALIFORNIA:** Replacement insurance information; If you are unable to obtain replacement coverage from another insurance company, you may be eligible for insurance through the California Automobile Assigned Risk Plan. For further information, please contact your agent or broker.

If you would like additional information concerning this action, please send your request to the Insurance Company name and address shown on this notice.

**Notice of Nonrenewal to Lien Holder or Additional Insured**
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lien Holder or Additional Insured Clause, which is a part of the above policy, issued to the above insured, will expire at and from the hour and date mentioned above and will not be renewed.

Additional Interest/Loss Payee Name and Address:
PREMIUM FINANCING SPECIALISTS
PO BOX 55450
PHOENIX, AZ 850785450

**EXHIBIT G**

Authorized Representative

(CUNON902)

Insured Copy

Case Name: Brandon Imhoff dba BBI Construction v. Lincoln General Insurance, et al.
Case Number: Napa County Superior Court Case No. 26-37874

PROOF OF SERVICE

I, MONA TOWNS, declare that:

I am a citizen of the United States and am employed in the County of Napa. I am over the age of 18 years and not a party to the within action; my business address is 2350 First Street, Napa, California.

On February 21, 2008, I served the following documents:

SECOND AMENDED COMPLAINT FOR DAMAGES
FOR BREACH OF CONTRACT, BREACH OF IMPLIED
**COVENANTOF GOOD FAITH AND FAIR DEALING,**
**BREACH OF DUTY TO DEFEND, AND NEGLIGENCE.**

on all parties in this action below by placing a true and correct copy thereof, enclosed in a sealed envelope, as follows:

Clark J. Burnham
Steven J. Kahn
BURNHAM BROWN
P. O. Box 119
Oakland, CA 94604-0119

[x] **BY MAIL (CCP §§1013(a) - 2015.5):** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Napa, California. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed at Napa, California on February 21, 2008.

MONA TOWNS

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON IMHOFF dba BBI CONSTRUCTION,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,<br><br>Defendants. | No. C-08-02127 PJH<br><br>**EXHIBIT L TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

# EXHIBIT L

1

EXHIBIT L TO DEF LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) No. C-08-02127 MEJ

Clark J. Burnham, State Bar No. 041792
Elizabeth C. Kim, State Bar No. 225550
Steven J. Kahn, State Bar No. 234104
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604

1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
AMERICAN COMMERCIAL MANAGEMENT
incorrectly sued as
AMERICAN CLAIMS MANAGEMENT dba
AMERICAN COMMERCIAL MANAGEMENT

ENDORSED
FEB 2 9 2008
Clerk of the Napa Superior Court
By: S. FERINA
Deputy

BY FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

UNLIMITED JURISDICTION

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,

Defendants.

No. 26-37874

**DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S NOTICE OF DEMURRER TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S SECOND AMENDED COMPLAINT**

**[Code of Civil Procedure sections 430.10(e) and 430.30(a)]**

Date: April 1, 2008
Time: 8:30 a.m.
Dept: A

Second Am. Compl. Filed: February 21, 2008
Trial Date: None Set

ACCOMPANYING SUPPORTING DOCUMENTS: MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF STEVEN J. KAHN; AND [PROPOSED] ORDER.

///

///

///

///

TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

1. Please take notice that Defendant American Commercial Management ("ACM"), through its attorneys of record, will demur to the entirety of Plaintiff Brandon Imhoff dba BBI Construction's ("Plaintiff") Second Amended Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Breach of Duty to Defend and Negligence, pursuant to the provisions of California Code of Civil Procedure sections 430.10(e) and 430.30(a), on April 1, 2008, at 8:30 a.m. in Department A of this Court before the Honorable Judge Raymond Guadagni.

2. Said demurrer will be made upon the following grounds: Plaintiff's Second Amended Complaint does not state facts sufficient to constitute a cause of action against ACM pursuant to California Code of Civil Procedure section 430.10(e) because ACM, as an independent claims administrator engaged by an insurer, is not liable in tort, contract, or pursuant to any statute, for alleged breach of insurance contract or insurance bad faith actions under California law.

3. The demurrer will be based upon this notice, the request for judicial notice, the memorandum of points and authorities in support of the demurrer, the declaration of Steven J. Kahn, on the papers and pleadings on file in this action, and on such other and further oral and documentary evidence as may be presented at the hearing of this motion.

DATED: February 29, 2008

BURNHAM BROWN

By [signature]
STEVEN J. KAHN
Attorneys for Defendant
AMERICAN COMMERCIAL
MANAGEMENT

849681

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT M TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT M

111M83883438.tif - 3/5/2008 4:28:02 PM

Clark J. Burnham, State Bar No. 041792
Elizabeth C. Kim, State Bar No. 225550
Steven J. Kahn, State Bar No. 234104
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY

ENDORSED
MAR - 5 2008
Clerk of the Napa Superior Court
By: L. WALKER
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

UNLIMITED JURISDICTION

BY FAX

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,

Defendants.

No. 26-37874

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Second Am. Comp. Filed: February 21, 2008

Defendant Lincoln General Insurance Company ("LINCOLN GENERAL") answers Plaintiff BRANDON IMHOFF dba BBI CONSTRUCTION's ("PLAINTIFF") Second Amended Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Breach of Duty to Defend and Negligence ("Complaint"), as follows:

## I. GENERAL DENIAL

Pursuant to Code of Civil Procedure Section 431.30(d), LINCOLN GENERAL denies both generally and specifically each and every allegation contained in PLAINTIFF's Complaint, and denies that it is liable to PLAINTIFF under the theories or in the manner set forth in the Complaint, and denies that PLAINTIFF incurred damages as a result of the acts or omissions of LINCOLN GENERAL, and further denies that PLAINTIFF is entitled to any relief against

03/05/2008 16:14 7072261751 NORCAL:ENTERPRISES PAGE 19

LINCOLN GENERAL by virtue of PLAINTIFF's Complaint.

## II. AFFIRMATIVE DEFENSES

LINCOLN GENERAL alleges the following as further and separate affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

PLAINTIFF's Complaint fails to state a cause of action against LINCOLN GENERAL upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Breach of Duties)**

The claims in PLAINTIFF's Complaint are barred or limited in whole or in part on the grounds that PLAINTIFF failed to fulfill, or rejected his duties, to handle the underlying action, Scott v. Gerosa, et al., Napa County Superior Court Case No. 26-35647 ("Underlying Action") reasonably, equitably, and/or in accordance with his obligations under any of LINCOLN GENERAL's insurance policies which may be applicable to the Underlying Action and/or the implied duty of good faith and fair dealing.

### THIRD AFFIRMATIVE DEFENSE

**(Policy Terms, Definitions, Exclusions, Conditions and Limitations)**

The claims in PLAINTIFF's Complaint are barred to the extent that the causes of action alleged against LINCOLN GENERAL are barred, in whole or in part, by the terms, conditions, exclusions and limitations contained in any policies of insurance issued by LINCOLN GENERAL.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action for Punitive Damages)**

PLAINTIFF's Complaint fails to state facts sufficient to state any claim upon which an award of punitive damages can be made.

### FIFTH AFFIRMATIVE DEFENSE

**(Waiver, Estoppel, Laches, and Unclean Hands)**

The claims in PLAINTIFF's Complaint are barred by doctrines of waiver, estoppel,

laches, and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Justiciable Controversy)**

PLAINTIFF's Complaint fails to allege sufficient facts to state a cause of action for declaratory relief or any other and further equitable relief.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Coverage Limited to Insureds)**

LINCOLN GENERAL's insurance policies provide coverage solely to those persons or entities specifically named or otherwise qualifying as insureds under the subject policies and solely for those liabilities set forth in the policies. To the extent coverage is sought for the liabilities of persons or entities not named or otherwise qualifying as insureds under any of LINCOLN GENERAL's insurance policies for the claims alleged in PLAINTIFF's Complaint, these claims are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Recovery Must Be Reduced By Amounts Collected From Other Entities)**

To the extent that PLAINTIFF is entitled to any recovery from LINCOLN GENERAL, such recovery must be reduced by amounts collected from any other insurer or entity.

**NINTH AFFIRMATIVE DEFENSE**

**(Indemnification)**

Should PLAINTIFF recover any amount from LINCOLN GENERAL, LINCOLN GENERAL is entitled to indemnification and/or contribution, either in whole or in part, from all persons or entities whose actions and/or fault proximately contributed to PLAINTIFF's damages, including, but not limited to, any other parties to this litigation.

**TENTH AFFIRMATIVE DEFENSE**

**(Absence of Responsibility and Causation)**

LINCOLN GENERAL denies that any act or omission on its part, or on the part of any person or entity for whose acts or omissions LINCOLN GENERAL is or may be established to be legally responsible, actually or proximately caused or contributed to any injury, damage, or

loss, if any, for which recovery is sought by Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

The claims in PLAINTIFF's Complaint should be barred or reduced to the extent that PLAINTIFF has failed to mitigate his damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Liability for Pre-Tender Costs)**

LINCOLN GENERAL is not liable for any costs incurred by PLAINTIFF prior to tender of the Underlying Action to LINCOLN GENERAL.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(LINCOLN GENERAL's Good Faith)**

Any and all of LINCOLN GENERAL's actions of which PLAINTIFF complains were undertaken reasonably and in good faith and with reasonable belief that said actions were valid, necessary and proper.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Reservation as to Additional Defenses)**

LINCOLN GENERAL presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. LINCOLN GENERAL reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate. By alleging affirmative defenses, LINCOLN GENERAL does not admit or agree that it has the burden of proof for any of the above issues, but instead, burdens of proof should be governed by the requirements of California law.

**III. PRAYER**

Wherefore, LINCOLN GENERAL prays that judgment be entered as follows:

1. That PLAINTIFF's Complaint against LINCOLN GENERAL be dismissed in its entirety and that PLAINTIFF take nothing as against LINCOLN GENERAL;

2. That this Court enter judgment declaring that, to the extent LINCOLN GENERAL has any obligation to PLAINTIFF, such obligation is limited by and subject to the

terms, conditions, exclusions, limitations and other provisions contained in or incorporated into any applicable insurance policy issued by LINCOLN GENERAL;

3. That this Court enter judgment declaring that, to the extent that LINCOLN GENERAL has any obligation to PLAINTIFF, LINCOLN GENERAL acted reasonably with respect to such obligations as limited by and subject to the terms, conditions, exclusions, limitations and other provisions contained in or incorporated into any applicable insurance policy issued by LINCOLN GENERAL.

4. That any judgment for damage entered against LINCOLN GENERAL in favor of PLAINTIFF be reduced or barred to the extent that PLAINTIFF has failed to mitigate his damages;

5. That any judgment for damages entered against LINCOLN GENERAL in favor of PLAINTIFF be reduced or barred to the extent PLAINTIFF has collected amounts from any other person, insurer, or entity;

6. That LINCOLN GENERAL be awarded fees and costs to the full extent allowable; and

7. For such other and further relief as the Court deems just and proper.

DATED: March 5, 2008

BURNHAM BROWN

Steven J. Kahn
Attorneys for Defendant
LINCOLN GENERAL
INSURANCE COMPANY

850795

Re: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.
Court: Napa County Superior Court
Action No: 2637874

**PROOF OF SERVICE**

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On March 5, 2008, I served the following document(s) in the following manner(s):

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

☒ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below:

☐ **FACSIMILE:** By transmitted a true copy, via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below. The number of pages transmitted (including the Proof of Service Form) was 8.

☐ **PERSONAL** DELIVERY: By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above.

☐ **PERSONAL** DELIVERY BY MESSENGER: By consigning the document(s) listed above to a messenger service for personal delivery to the following person(s) at the following address on the date set forth below.

☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below.

J. Michael Murphy, Esq.
John H. Burton, III, Esq.
MURPHY, LOGAN, BARDWELL & LOOMIS
2350 First Street
Napa, CA 94559
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Counsel for Plaintiff
BRANDON IMHOFF dba
BBI CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 5, 2008

Linda Andrew-Marshall

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT N TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT N

J. Michael Murphy, Esq., SBN 78880
John H. Burton III, Esq., SBN 236315
Murphy, Logan, Bardwell & Loomis
A Professional Law Corporation
2350 First Street, P.O. Box 5540
Napa, CA 94581-0540
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Attorney for Brandon Imhoff dba
BBI Construction, Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

**BRANDON IMHOFF dba BBI CONSTRUCTION,**

**Plaintiff,**

**v.**

**LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,**

**Defendants.**

Case No.: 26-37874

**OPPOSITION TO DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S SECOND AMENDED COMPLAINT**

**Date: April 1, 2008**
**Time: 8:30 a.m.**
**Dept.: A**

**Trial Date: None Set**

For reasons set forth below, Plaintiff Brandon Imhoff dba BBI Construction (hereinafter "Plaintiff") opposes this demurrer submitted by Defendant American Commercial Management (hereinafter "ACM"). The hearing on this demurrer is on calendar for April 1, 2008, 8:30 AM, in Department A.

RECEIVED
MAR 11 2008
Burnham / Brown

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

# I

# SYNOPSIS

Plaintiff's Second Amended Complaint alleges, among other things, bad faith, breach of duty to defend, and negligence against Defendant Lincoln General Insurance Company. Plaintiff's Second Amended Complaint alleges negligence against American Claims Management, Inc. dba American Commercial Management (hereinafter "ACM").

ACM demurrers to the Second Amended Complaint based on the assertion that California law recognizes no liability for insurer's independent administrators. As set forth below, Plaintiff argues to the contrary that ACM may be liable to Plaintiff because the negligent acts ACM committed are not based on a breach of the insurer's duty of good faith and fair dealing under the insurance contract and are adequately alleged in Plaintiff's Second Amended Complaint.

If this court sustains the demurrer, Plaintiff must be granted leave to amend.

# II

# FACTS

Plaintiff is a sole proprietor construction company. In July 2005, and continuing through July 11, 2007, Defendant Lincoln General Insurance Company (hereinafter "Lincoln") provided general liability insurance policies to Plaintiff. In November 2006, Plaintiff was served with a Summons and Complaint entitled *Scott v. Gerosa, et al.*, Napa County Superior Court, Case No. 26-35647. Plaintiff immediately tendered this claim to Lincoln; however, ACM responded. Plaintiff renewed its tender on January 9, 2007. On January 15, 2007, ACM informed Plaintiff of an investigation into the matter, but ACM failed to accept defense and no counsel was appointed. In order to preserve its rights, Plaintiff was forced to hire an attorney to file an Answer to the Complaint. In February and March 2007, Plaintiff again tendered the claim, and again, ACM simply failed to respond. In April

2007, ACM was notified that the court had set *Scott v. Gerosa* for trial, and again ACM failed to respond. Thereafter, Lincoln served Plaintiff with a Notice of Non-Renewal.

**III**

**LEGAL ARGUMENT**

ACM argues that BBI's Second Amended Complaint is dermurrable pursuant to *California Code of Civil Procedure* § 430.10(e), which, in relevant parts, states:

> The party against whom a complaint or cross-complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds:
>
> (e) The pleading does not state facts sufficient to constitute a cause of action.

ACM argues that as a matter of law independent administrators engaged by insurers are not liable in tort, contract, or pursuant to any statute, for alleged breach of insurance contract or insurance bad faith actions (please see ACM's Memorandum of Points and Authorities in Support of Defendant's Demurrer, page 4, lines 11-16).

**A. The Demurrer must be Overruled because ACM is Liable to Plaintiff, Even Though ACM was not a Party to the Insurance Contract because the Negligence ACM Committed is Independent of the Insurance Contract.**

To overcome this demurrer, Plaintiff need only plead facts showing that it may be entitled to some relief (*Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496). In the present matter, Plaintiff alleges ACM owed to Plaintiff a duty that was not based on a breach of insurers' duty of good faith and fair dealing to exercise care in abstaining from injuring or infringing on the rights of Plaintiff, that ACM breached that duty by failing to perform its duties and responsibilities, and that as a proximate cause, Plaintiff was harmed by ACM (please see Plaintiff's Second Amended Complaint, page 6, paragraphs 26 through 28). Further, these allegations indicate the exact independent duty owed to Plaintiff and how it was breached.

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

ACM's demurrer hinges on *Grunberg v. Aetna Insurance Company* (1973) 9 Cal.3d 566, where that court held that the noninsurer-defendants were not subject to liability for breach of implied covenant of good faith and fair dealing, because they were not parties to the insurance contract. However, that case can be easily distinguished; in *Grunberg* the sole bases of the complaint was the defendants' alleged breach of the implied covenant of good faith and fair dealing, and not other torts. (*Younan v. Equifax Inc.*, (1980) 111 Cal. App. 3d 498, 509-510).

In the present matter, Plaintiff alleges that ACM's conduct was negligent independent of the insurance contract and not based on insurer's duty of good faith and dealing. An agent of an insurer is liable to an insured for wrongful acts committed against the insured that are not based on a breach of the insurer's duty of good faith and fair dealing arising under the insurance contract. (*Younan v. Equifax Inc.*, (1980) 111 Cal. App. 3d 498, 509-510). The court in *Younan*, went on to state:

> The law imposes the obligation that every person is bound without contract to abstain from injuring the person or property of another, or infringing upon any of his rights. This duty is independent of the contract and attaches over and above the terms of the contract. The fact that there existed a contract between the plaintiff and the defendant would not immune the latter from penalty that is ordinarily visited upon tortfeasors. (*Younan v. Equifax Inc.*, (1980) 111 Cal. App. 3d 498).

As alleged in Plaintiff's Second Amended Complaint ACM breached a duty independent of the insurance contract, among other things, negligently failing to exercise reasonable care to abstain from injuring or infringing on the rights of Plaintiff.

**B. The Demurrer Must be Overruled Because Plaintiff Must be Allowed to Amend.**

1. <u>Plaintiff must be given an opportunity to amend.</u> When a demurrer is sustained, the court may grant leave to amend the challenged pleading. (*Code Civ. Proc. § 472a(c)).* Liberality in permitting amendment is the rule when a fair opportunity to correct any defect has not been given. (*Angie M. v. Superior Court* (1995) 37 Cal. App. 4th 1217, 1227). In the instant matter, this is only the second

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

demurrer to the Plaintiff's Complaint; therefore, Plaintiff should be given a fair opportunity to correct any alleged defect in the Complaint.

2. <u>The Complaint is capable of amendment.</u> Unless it is clear that the pleading is not susceptible of amendment to correct the defect, it is an abuse of discretion to sustain a demurrer without leave to amend (*Richelle L. v. Roman Catholic Archbishop of San Francisco* (2003) 106 Cal. App. 4th 257, 282; (*Cundiff v. Bell Atlantic Corporation* (2002) 101 Cal. App. 4th 1395, 1405); (*Schwarz v. Regents of University of California* (1990) 226 Cal. App. 3d 149, 153); see also (*Angie M. v. Superior Court* (1995) 37 Cal. App. 4th 1217, 1227 (denial of leave to amend abuse of discretion unless complaint shows on face that it is incapable of amendment).

In the instant matter, if the court determines the Complaint is defective, the Complaint may be easily amended to correct any defect. Specifically, as discussed above, ACM's claim that it is immune from any liability is not supported by substantive law.

Further, Plaintiff is currently reviewing the non-verified and partial discovery responses provided by Lincoln General, which may bring new facts to this matter.

## IV

## CONCLUSION

Plaintiff's demurrer should be overruled because Plaintiff alleged sufficient facts to constitute a cause of action for negligence against ACM independent of the insurance contract, and those allegations are clearly set forth in the Second Amended Complaint. However, if the court

\\

\\

\\

\\

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

determines this demurrer should be sustained, Plaintiff prays this court to grant Plaintiff leave to amend.

Respectfully Submitted,

Dated: March 7, 2008

MURPHY, LOGAN, BARDWELL & LOOMIS

By: [signature]
John H. Burton III
Attorney for Plaintiff

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

Case Name: Brandon Imhoff dba BBI Construction v. Lincoln General Insurance, et al.
Case Number: Napa County Superior Court Case No. 26-37874

PROOF OF SERVICE

I, LETICIA HAMILL, declare that:

I am a citizen of the United States and am employed in the County of Napa. I am over the age of 18 years and not a party to the within action; my business address is 2350 First Street, Napa, California.

On March 10, 2008, I served the following documents:

**OPPOSITION TO DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S SECOND AMENDED COMPLAINT**

on all parties in this action below by placing a true and correct copy thereof, enclosed in a sealed envelope, as follows:

Clark J. Burnham
Steven J. Kahn
BURNHAM BROWN
1901 Harrison St., 11th Floor
Oakland, CA 94612-3501

[X] **BY MAIL (CCP §§1013(a) - 2015.5):** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Napa, California. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.

[X] **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses noted above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed at Napa, California on March 10, 2008.

LETICIA HAMILL

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT O TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT O

Clark J. Burnham, State Bar No. 041792
Elizabeth C. Kim, State Bar No. 225550
Steven J. Kahn, State Bar No. 234104
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
AMERICAN COMMERCIAL MANAGEMENT

incorrectly sued as
AMERICAN CLAIMS MANAGEMENT dba
AMERICAN COMMERCIAL MANAGEMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

UNLIMITED JURISDICTION

| | |
|---|---|
| BRANDON IMHOFF dba BBI CONSTRUCTION,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 26-37874<br><br>**DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S MEMORANDUM IN RESPONSE TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S OPPOSITION TO AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**[Code of Civil Procedure sections 430.10(e) and 430.30(a)]**<br><br>Date: April 1, 2008<br>Time: 8:30 a.m.<br>Dept: A<br><br>Second Am. Compl. Filed: February 21, 2008<br>Trial Date: None Set |

Defendant American Commercial Management ("ACM") submits this memorandum in response to Plaintiff Brandon Imhoff dba BBI Construction's ("Plaintiff") opposition to ACM's demurrer to Plaintiff's Second Amended Complaint.

Plaintiff offers no applicable authority in support of his opposition to ACM's demurrer, misconstrues and misrepresents the case law ACM relies upon in support of its demurrer, and

bases his opposition on case law that actually supports ACM's position. Accordingly, ACM hereby reiterates and reincorporates the arguments and points of law presented in its demurrer filed with this Court, and offers additional arguments in response to Plaintiff's opposition.

**I. PLAINTIFF MISCONSTRUES THE INCONTROVERTIBLE LEGAL AUTHORITY RELIED UPON BY ACM IN SUPPORT OF ITS DEMURRER**

Plaintiff claims that ACM's demurrer "hinges on" the case of Gruenberg v. Aetna Insurance Company, (1973) 9 Cal. 3d 566. (Opp. to Demurrer 4:1). This is incorrect. ACM indeed offers Gruenberg in support of its position; however, ACM presents Gruenberg in order to educate this court, as to the general well-established legal principle that independent administrators engaged by insurers are not liable to insureds. ACM does not rely solely on Gruenberg in support of its demurrer, and instead offers the cases of Sanchez v. Lindsey Morden Claims Services, Inc., (1999) 72 Cal. App. 4th 249, and Summit Financial Holdings, Ltd. v. Continental Lawyers Title Company, 87 Cal. App. 4th 1379, in response to Plaintiff's recently-added cause of action for negligence against ACM.

Plaintiff fails to address Sanchez and Summit Financial Holdings, and instead opts to confuse this court by offering a myopic and incomplete view of applicable case law. Sanchez and Summit Financial Holdings make clear that tort causes of action against independent administrators engaged by insurers related to administration of an insurance claim *cannot* survive as independent causes of action.

Sanchez involved an action by an insured under a cargo insurance policy brought against the independent claims adjuster retained by the insurer to investigate and adjust the claim. In suing the independent claims adjuster, the insured alleged negligent handling of the claim. The trial court sustained the claims adjuster's demurrer without leave to amend, and that decision was affirmed by the California Court of Appeal. The Court of Appeal held that an independent adjuster engaged by an insurer owes no duty of care to the claimant insured, with whom the adjuster has no contract, *and is not liable in tort to the insured for alleged negligent claim handling that only caused economic loss*. Sanchez, 72 Cal. App. 4th at 254-55.

Sanchez was followed by Summit Financial Holdings, where the Court of Appeal refused to hold a title insurer liable for economic loss caused by the acts of an escrow holder because the third party title insurer owed no duty of care to the parties to the escrow. In support of its ruling, the Court of Appeal cites to Sanchez as follows:

> Our conclusion is also consistent with the general law of agency. An adjuster is an agent hired by a principal, the insurer, to investigate a claim. Agents are not liable to third parties for economic loss: An agent's mere failure to perform a duty owed to his principal may render him liable to third persons who rely on his undertaking where there is physical damage to person or property. **But where the effect is merely to cause economic loss, the law does not recognize liability to a third person, except where a duty is created by statute.**
>
> Summit Financial Holdings, 87 Cal. App. 4th at 1390 (citing to Sanchez, 72 Cal. App. 4th at 255). (Emphasis added).

In this case, Plaintiff amended his Complaint to allege a negligence cause of action against ACM based on a purported duty independent of an insurance contract. Sanchez and Summit Financial Holdings make clear that, as a matter of law, such claims cannot be alleged against independent administrators engaged by insurers.

## II. PLAINTIFF OFFERS NO APPLICABLE LEGAL AUTHORITY IN SUPPORT OF HIS OPPOSITION TO ACM'S DEMURRER

Plaintiff relies on the case of Younan v. Equifax, Inc., (1980) 111 Cal. App. 3d 498, in support of his opposition to ACM's demurrer. Younan is easily distinguishable from this case, and in fact supports ACM's position that independent administrators engaged by insurers are not liable in tort, contract, or pursuant to any statute, for causes of action related to an alleged breach of insurance contract or insurance bad faith.

Younan is a unique exception to settled case law. Younan is a conspiracy and insurance bad faith case where alleged co-conspirator third parties argue in support of their demurrer that they cannot be held liable because they are not parties to an insurance contract between plaintiff insured and defendant insurer. Id. at 508. The appellate court concluded that a cause of action for conspiracy *only* will lie against agents of insurers even though such agents are not parties to the insurance contract, but it specifically crafted its decision as an exception to the well-established general rule supported by Gruenberg and its progeny – that independent

administrators engaged by insurers are not liable in tort, contract, or pursuant to any statute, for alleged breach of insurance contract or insurance bad faith actions. Id. at 511, 512.

Plaintiff attempts to have this Court examine selected portions of Younan in a vacuum, without consideration of its highly distinguishable facts or the appellate court's express acknowledgement that under a more common fact scenario similar to Gruenberg, where the court concluded that independent agents are not independently liable in tort, contract, or pursuant to any statute, for causes of action related to an alleged breach of insurance contract or insurance bad faith. Id. at 510-11.

Plaintiff is misguided in relying on Younan in support of his opposition to ACM's demurrer, and his attempt to recharacterize Younan only demonstrates the dearth of case law in support of his position.

## III. PLAINTIFF MUST NOT BE ALLOWED TO AMEND HIS COMPLAINT

A trial court does not abuse its discretion by sustaining a demurrer without leave to amend if it appears from plaintiff's complaint that under applicable substantive law there is no reasonable possibility that an amendment could cure the complaint's defect. See Heckendorn v. City of San Marino, (1986) 42 Cal. 3d 481, 486; see also Dalton v. East Bay Mun. Utility Dist., (1993) 18 Cal. App. 4th 1566, 1570-1571. Leave to amend should be denied where the facts are not in dispute and the nature of the claim is clear but no liability exists under substantive law. Lawrence v. Bank of America, (1985) 163 Cal. 3d 431, 436.

In this case, Plaintiff's demurrer is not capable of amendment because no cause of action in tort, contract, or pursuant to any statute, for alleged breach of insurance contract or insurance bad faith actions can lie against independent administrators engaged by insurers. Gruenberg, 9 Cal. 3d at 566; Sanchez, 72 Cal. App. 4th at 249.

If Plaintiff is granted leave to amend his complaint, ACM will almost certainly demur to any amended complaint given settled case law, or pursue its relief at the appellate level.

## IV. CONCLUSION

Plaintiff offers no applicable arguments in support of his opposition and cannot, as a matter of law, succeed in his causes of action against ACM. ACM is an independent adjuster

and agent of Plaintiff's insurer, and therefore is not independently liable for any of Plaintiff's allegations, including those that sound in tort. Any purported liability for the allegations in Plaintiff's insurance coverage action accrues to Lincoln General only. Accordingly, ACM respectfully requests that this Court sustain its demurrer to Plaintiff's Second Amended Complaint in its entirety, without leave to amend.

Respectfully submitted,

DATED: March 21, 2008

BURNHAM BROWN

By [signature]
STEVEN J. KAHN
Attorneys for Defendant
AMERICAN COMMERCIAL MANAGEMENT

853509

5

DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

No. 26-37874

| Re: | Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al. |
|---|---|
| Court: | Napa County Superior Court |
| Action No: | 2637874 |

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On March 21, 2008, I served the following document(s) in the following manner(s):

**DEFENDANT AMERICAN COMMERCIAL MANAGEMENT'S MEMORANDUM IN RESPONSE TO PLAINTIFF BRANDON IMHOFF dba BBI CONSTRUCTION'S OPPOSITION TO AMERICAN COMMERCIAL MANAGEMENT'S DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

☒ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below:

☒ **FACSIMILE:** By transmitted a true copy, via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below. The number of pages transmitted (including the Proof of Service Form) was 6.

☐ **PERSONAL** DELIVERY: By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above.

☐ **PERSONAL** DELIVERY BY MESSENGER: By consigning the document(s) listed above to a messenger service for personal delivery to the following person(s) at the following address on the date set forth below.

☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below.

J. Michael Murphy, Esq.
John H. Burton, III, Esq.
MURPHY, LOGAN, BARDWELL & LOOMIS
2350 First Street
Napa, CA 94559
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Counsel for Plaintiff
BRANDON IMHOFF dba
BBI CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 21, 2008

Linda Andrew-Marshall

# Confirmation Report – Memory Send

Page : 001
Date & Time: Mar-21-08 04:42pm
Line 1 : +510 835 6666
Line 2 : +510 835 6666
Machine ID : BURNHAM BROWN

| | | |
|---|---|---|
| Job number | : | 028 |
| Date | : | Mar-21 04:38pm |
| To | : | ☎+362260288917072576479 |
| Number of pages | : | 007 |
| Start time | : | Mar-21 04:38pm |
| End time | : | Mar-21 04:42pm |
| Pages sent | : | 007 |
| Status | : | OK |

Job number : 028 *** SEND SUCCESSFUL ***

BURNHAM | BROWN
a professional law corporation

FACSIMILE

DATE: March 21, 2008
TIME:
FROM: Steven J. Kahn
EXT: 227

| PLEASE DELIVER TO | TELEPHONE NUMBER(S) | FAX NUMBER(S) |
|---|---|---|
| J. Michael Murphy<br>MURPHY, LOGAN, BARDWELL & LOOMIS | (707) 257-8100 | (707) 257-6479 |

REGARDING: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.

OUR FILE NO: ACM-288

OUR LONG DISTANCE CODE: 6226-0288

NO. OF PAGES (including this one): 7

HARD COPY TO FOLLOW: Yes

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, DO NOT USE OR DISCLOSE THIS FACSIMILE. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL TO BURNHAM BROWN VIA THE U.S. POSTAL SERVICE. THANK YOU.

If you do not receive all the pages, please call (510) 444-6800

P.O. Box 119 | Oakland | CA 94604-0119 | mailing address
1901 Harrison Street | 11th Floor | Oakland | CA 94612-3501
510-444-6800 telephone | 510-835-6666 facsimile

Transmitted By

**Confirmation Report — Memory Send**

Time : Mar-21-2008 04:27pm
Tel line : 5108356666
Name : BURNHAM BROWN

Job number : 430

Date : Mar-21 04:24pm

To : *36226028817072576479

Document pages : 007

Start time : Mar-21 04:24pm

End time : Mar-21 04:27pm

Pages sent : 000

Status : NG B0

Job number : 430 *** SEND FAILED ***

---

BURNHAM | BROWN
a professional law corporation

**FACSIMILE**

DATE: March 21, 2008
FROM: Steven J. Kahn
TIME:
EXT: 227

| PLEASE DELIVER TO | TELEPHONE NUMBER(S) | FAX NUMBER(S) |
|---|---|---|
| J. Michael Murphy<br>MURPHY, LOGAN, BARDWELL & LOOMIS | (707) 257-8100 | (707) 257-6479 |

REGARDING: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.

OUR FILE NO: ACM-288

OUR LONG DISTANCE CODE: 6226-0288

NO. OF PAGES (including this one): 7

HARD COPY TO FOLLOW: Yes

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, DO NOT USE OR DISCLOSE THIS FACSIMILE. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL TO BURNHAM BROWN VIA THE U.S. POSTAL SERVICE. THANK YOU.

If you do not receive all the pages, please call (510) 444-6800

P.O. Box 119 | Oakland | CA 94604-0119 | mailing address
1901 Harrison Street | 11th Floor | Oakland | CA 94612-3501
510-444-6800 telephone | 510-835-6666 facsimile

Transmitted By

BURNHAM | BROWN
a professional law corporation

**FACSIMILE**

DATE: March 21, 2008

TIME:

FROM: Steven J. Kahn

EXT: 227

| PLEASE DELIVER TO | TELEPHONE NUMBER(S) | FAX NUMBER(S) |
|---|---|---|
| J. Michael Murphy<br>MURPHY, LOGAN, BARDWELL & LOOMIS | (707) 257-8100 | (707) 257-6479 |

REGARDING: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.

OUR FILE NO: ACM-288

OUR LONG DISTANCE CODE: 6226-0288

NO. OF PAGES (including this one): 7

HARD COPY TO FOLLOW: Yes

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, DO NOT USE OR DISCLOSE THIS FACSIMILE. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL TO BURNHAM BROWN VIA THE U.S. POSTAL SERVICE. THANK YOU.

If you do not receive all the pages, please call (510) 444-6800

P.O. Box 119 | Oakland | CA 94604-0119 | mailing address
1901 Harrison Street | 11th Floor | Oakland | CA 94612-3501
510-444-6800 telephone | 510-835-6666 facsimile

Transmitted By

**Linda Andrew-Marshall**

**From:** One Legal 111-Solano [orders@onelegal.com]
**Sent:** Friday, March 21, 2008 4:44 PM
**To:** Linda Andrew-Marshall
**Subject:** Customer#:0000380 Order:1191019 Brandon Imhoff vs Lincoln General Insurance Company et al. Order Has Been Dispatched

Our review process is complete and we have dispatched your order to its final destination. Should we encounter any questions or problems during this process, we will attempt to notify you promptly.

One Legal 111-Solano Branch
Phone: 707-425-8828
Fax: 707-425-8755

DO NOT REPLY TO THIS MESSAGE. WE DON'T RECEIVE OR MONITOR ANY MAIL FROM THIS ACCOUNT. PLEASE CONTACT THE ONE LEGAL BRANCH OFFICE AS REFERENCED ABOVE SHOULD YOU HAVE A QUESTION OR PROBLEM. THANK YOU.

# One Legal Order Receipt

## Order Number: 1191019

(Note - If you submitted multiple orders, please refer to your specific order number shown below in the "Orders" section)

Thank you for choosing One Legal, Inc. If you have any questions about this order, please contact our Solano Branch.:
Phone: 707-425-8828
Fax: 707-425-8755

**DO *NOT* FAX THIS ORDER RECEIPT WITH YOUR DOCUMENTS
THIS IS FOR YOUR RECORDS ONLY**

**Order Detail**

Order Type: File Only
Date Time Submitted: 03/21/2008 04:38 PM
Client File #: ACM-288
Contact Name: Linda Andrew-Marshall
Attorney Name: Steven J. Kahn
Email Notification: Contact

**Case Information**

Court Branch: Superior Court of Napa County
Court Name: Napa (NAPA)
Court City/Zip: NAPA 94559
Plaintiff: Brandon Imhoff
Defendant: Lincoln General Insurance Company et al.
Representing: Defendant
Case No: 26-37874
Hearing Date: 04/01/2008
Hearing Time: 08:30 AM
Hearing Dept/Rm: A

**Documents**

| Document Type | Document Name | Pages Uploaded | Pages to Fax | Total Pages |
|---|---|---|---|---|
| Response | Def American Commercial Management's Memo in Response to Pl Imhoff's Opposition to ACM's Demurrer to Pl's Second Amended Complaint | 6 | 0 | 6 |

**Special Instructions:**
PLEASE ALSO EMAIL RETURN FILED DOCUMENT TO ATTORNEY AT ABOVE EMAIL ADDRESS - skahn@burnhambrown.com - THANKS!

**Orders:**

**Filing Order No.** 1191019
On Demand: Not Requested

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON IMHOFF dba BBI CONSTRUCTION,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,<br><br>Defendants. | No. C-08-02127 PJH<br><br>**EXHIBIT P TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

# EXHIBIT P

1

EXHIBIT P TO DEF LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) No. C-08-02127 MEJ

BW/KAS

J. Michael Murphy, Esq., SBN 78880
John H. Burton III, Esq., SBN 236315
Murphy, Logan, Bardwell & Loomis
A Professional Law Corporation
2350 First Street, P.O. Box 5540
Napa, CA 94581-0540
Telephone: (707) 257-8100
Facsimile: (707) 257-6479
Murphy@mlbllaw.com

Attorney for Brandon Imhoff dba
BBI Construction, Plaintiff

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

**BRANDON IMHOFF dba BBI CONSTRUCTION,**

**Plaintiff,**

v.

**LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,**

**Defendants.**

Case No.: 26-37874

**THIRD AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF DUTY TO DEFEND, INTENTIONAL MISREPRESENTATION OF FACT, AND NEGLIGENT MISREPRESENTATION OF FACT**

1. Plaintiff Brandon Imhoff is a sole proprietor doing business as BBI Construction, (hereinafter referred to as Plaintiff BBI), is and at all times mentioned was, a resident of Napa County, California, and a licensed contractor doing business in the State of California.

2. Plaintiff BBI has information and belief and thereon alleges that Defendant Lincoln General Insurance Company, DOES 1 through 25 are, and at all times herein mentioned were a

4/14
5/19
5/5
6/18

RECEIVED
APR 15 2008
Burnham / Brown

company doing business in Napa, California, and authorized to transact, and transacting business as a liability insurer, (hereinafter referred to as LINCOLN).

3. Plaintiff BBI has information and belief and thereon alleges that Defendant American Claims Management, Inc. dba American Commercial Management, DOES 26 through 50, are, and at all times herein mentioned were the authorized third party administrator to handle liability claims on behalf of LINCOLN for those insureds residing in Napa County, California, (hereinafter referred as ACM).

4. Plaintiff BBI does not know the true names and capacities of those Defendants sued herein as DOES 1 through 100, inclusive and therefore sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to allege the true names of said Defendants when the same are ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such Defendants.

5. Plaintiff is informed and believes, and thereupon alleges at all times herein mentioned, ACM was the agent of LINCOLN and doing the things herein alleged was acting within the scope of and course of said agency.

**FIRST CAUSE OF ACTION**
**(For Breach of Contract and**
**For Breach of Implied Covenant of Good Faith and Fair Dealing)**
**(As and Against LINCOLN)**

6. Plaintiff incorporates herein by reference each of the allegations set forth in the preceding paragraphs.

7. On or about July 2005, and continuing through July 11, 2007, in consideration of the payment of premiums by Plaintiff BBI, Defendant LINCOLN, by its duly authorized agents, executed and delivered to Plaintiff BBI, its insured, in Napa County, California, its commercial

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

general liability policies of insurance bearing policy numbers 6320005864 and 6320028353 respectively, hereinafter referred to as "THE POLICIES."

8. By the terms of THE POLICIES, Defendant LINCOLN undertook and agreed to *inter alia*, "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence." THE POLICIES by their terms was effective from July 15, 2005 through July 11, 2007.

9. On or about November 8, 2006, Plaintiff BBI was served with a Summons and Complaint entitled *Scott v. Gerosa, et al.*, Napa County Superior Court, Case No. 26-35647, (hereinafter referred to as SCOTT LAWSUIT). The SCOTT LAWSUIT alleged *inter alia* a claim for damages for property damage arising during the term of THE POLICIES.

10. Plaintiff BBI promptly notified LINCOLN through its agents of the claim and requested a defense of the claim pursuant to the claims of THE POLICIES, (see **Exhibit A** attached hereto).

11. Having received no response by LINCOLN to the tender of this claim, Plaintiff BBI through its attorney sent a renewed tender of the claim on January 9, 2007, (see **Exhibit B** attached hereto).

12. In a letter dated January 15, 2007, ACM as the third party administrator for LINCOLN sent a letter of representation and informed Plaintiff BBI of its investigation. LINCOLN did not accept the tender to defend the claim.

13. Despite the prompt tender of the claim, LINCOLN failed to appoint counsel to defend the claim, requiring Plaintiff BBI to hire an attorney to file an Answer to the Complaint, (see **Exhibit C**).

14. On or about February 5, 2007, Plaintiff BBI re-tendered the claim for a defense and coverage, (see **Exhibit D**).

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

15. Defendant LINCOLN failed to take any action to the tender.

16. Plaintiff BBI becoming deeply worried about his exposure to this claim, and suffering emotional distress, re-tendered the claim through his attorney on March 2, 2007, (a copy of which is attached as **Exhibit E**). Defendants LINCOLN and ACM failed and refused to respond.

17. Plaintiff BBI has information and belief that LINCOLN through its agent ACM hired a third party adjuster who conducted an investigation of the SCOTT LAWSUIT claim and was provided sufficient information to trigger the duty to defend and cover this claim.

18. In a letter dated April 18, 2007, LINCOLN and ACM were informed that the court set the SCOTT LAWSUIT for a trial and said Defendants were informed of the difficulty of its insured in defending this claim, (see attached **Exhibit F**).

19. Plaintiff at all times herein mentioned, had and has performed all the terms and conditions of THE POLICIES on his part to be performed.

20. Notwithstanding Plaintiff BBI's repeated requests, Defendants have repeatedly failed to respond to the requests to assume the defense of this claim, provide any explanation for the failure, exposing Plaintiff BBI to the expense and hardship of defending the SCOTT LAWSUIT without the benefit of the insurance he purchased from LINCOLN. In order to protect himself, Plaintiff BBI was forced to hire an attorney to defend him in the underlying action, SCOTT LAWSUIT.

21. In a notice dated May 2, 2007 without appointing defense counsel, without taking any steps to settle the pending claims, without the courtesy of responding to the repeated tenders of insurance, LINCOLN served a Notice of Nonrenewal falsely stating that the reason for the non-renewal is insured's three year loss ratio exceeds 60% causing immediate emotional distress and fear of the Plaintiff's career as a contractor. The Notice of Nonrenewal is attached hereto as **Exhibit G.**

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

22. In order to mitigate its damage, Plaintiff BBI may be forced to settle the SCOTT LAWSUIT resulting in damages not yet ascertained but will be established at the time of trial.

23. As a result of LINCOLN's failure to defend the claim and other acts as alleged herein, Plaintiff BBI has suffered emotional distress resulting in damages that have not yet been ascertained but will be established at the time of trial.

24. In committing the acts described in this Second Amended Complaint, LINCOLN acted in conscious disregard of the rights of Plaintiff BBI and are guilty of malice and/or oppression and/or fraud in that despite repeated tenders of this claim to LINCOLN, it failed to respond resulting in its insured facing the expense and uncertainties of the SCOTT LAWSUIT despite procuring insurance for this type of claim. The conduct of LINCOLN warrant an assessment of punitive damages in an amount appropriate to punish Defendants, and defer others from engaging in similar wrongful conduct.

WHEREFORE, Plaintiff BBI prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Intentional Misrepresentation as against Defendants ACM and DOES 1 through 25)**

25. Plaintiff incorporates herein by reference each of the allegations set forth in the preceding paragraphs.

26. Defendants ACM, and DOES 1 through 25 (hereinafter "ACM") represented to Plaintiff BBI that ACM had received Plaintiff BBI's written notices of the SCOTT LAWSUIT and that ACM had notified LINCOLN of the SCOTT LAWSUIT.

27. ACM's representation that it had notified LINCOLN of the SCOTT LAWSUIT was in fact false. The true facts were that ACM received Plaintiff BBI's written notices but did not notice LINCOLN of the SCOTT LAWSUIT.

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

28. When ACM made these representations, it knew them to be false and made these representations with the intention to deceive Plaintiff BBI and to induce Plaintiff BBI to act in reliance on these representations in the manner hereafter alleged, or with the expectation that Plaintiff BBI would so act.

29. Plaintiff BBI, at the time these representations were made by ACM and at the time Plaintiff BBI took the actions herein alleged, was ignorant of the falsity of ACM's representations and believed them to be true. In reliance on these representations, Plaintiff BBI was induced to and did hire an attorney to defend the SCOTT LAWSUIT. Had Plaintiff BBI known the actual facts, it would not have taken such action. Plaintiff BBI's reliance on ACM's representations was justified because, ACM represented itself as LINCOLN'S third-party administrator of THE POLOCIES.

30. As a proximate result of the fraudulent conduct of ACM as herein alleged, Plaintiff BBI was forced to hire an attorney to defend the SCOTT LAWSUIT, by reason Plaintiff BBI has been damaged in an amount in excess of $60,000.00.

31. The aforementioned conduct of ACM was an intentional misrepresentation, deceit, or concealment of a material fact know to ACM with the intention on the part of ACM thereby depriving Plaintiff BBI of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff BBI to a cruel and unjust hardship in conscious disregard of Plaintiff BBI's rights, so as to justify an award of exemplary and punitive damages.

WHEREFORE, Plaintiff BBI prays for judgment:

**THIRD CAUSE OF ACTION**
**(Negligent Misrepresentation as against Defendants ACM and DOES 1 through 100)**

32. Plaintiff incorporates herein by reference each of the allegations set forth in the preceding paragraphs.

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

33. ACM when it made these representations concerning the SCOTT LAWSUIT to Plaintiff BBI had not reasonable grounds for believing that the representations were true, and ACM, and each of them, made the representations with the intent to induce Plaintiff BBI to take the actions herein alleged, and with the intent to prevent Plaintiff BBI from further inquiring into the effect of the notice of the SCOTT LAWSUIT to ACM.

WHEREFORE, Plaintiff BBI prays for judgment:

**UPON THE FIRST CAUSE OF ACTION**

1. For the sum of all attorney's fees and costs incurred by Plaintiff BBI in defending the third-party action, SCOTT LAWSUIT with interest at the legal rate, which have not yet been ascertained, but will be in excess of $60,000.00;

2. For recovery of attorney's fees and costs incurred by Plaintiff in procuring the benefits under THE POLICIES in this action, in an amount not yet ascertained, but will be established at the time of trial;

3. For the sum equal to any settlement or judgment that may arise against Plaintiff BBI from the SCOTT LAWSUIT in an amount not yet ascertained, but will established at the time of trial;

4. For general damages in an amount not yet ascertained, but will established at trial for emotional distress damages;

5. For exemplary and punitive damages, in an amount not yet ascertained, but will be established at the time of trial in excess of $1,000,000.00;

6. For the costs of suit herein incurred; and

7. For other and further relief as the court may deem proper.

**UPON THE SECOND CAUSE OF ACTION**

34. For damages amount not yet ascertained but in excess of $60,000.00, the precise amount will be established at the time of the trial;

35. For punitive damages in an amount appropriate to punish the defendants and deter others from engaging in similar misconduct;

36. For such other and further relief as the Court may deem just and proper.

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

**UPON THE THIRD CAUSE OF ACTION**

1. For damages amount not yet ascertained but in excess of $60,000.00, the precise amount will be established at the time of the trial;

2. For such other and further relief as the Court may deem just and proper.

Dated: April 14, 2008

MURPHY, LOGAN, BARDWELL & LOOMIS

By: ______________________
John H. Burton III
Attorney for Plaintiff Brandon Imhoff dba BBI Construction

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

PAUL A. BARONE
DONALD J. LOGAN
PAUL LOOMIS
J. MICHAEL MURPHY
KIM H. JORDAN

2350 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

TELEPHONE (707) 257-8100
FAX (707) 257-6479

December 8, 2006

***Via Email, Facsimile & First Class Mail***

Betheina Fernandez & Bob Flynn
CAL-PRO Commercial Insurance Services, Inc.
3175 Sunset Blvd., Suite 107
Rocklin, California 95677

Re: NOTICE OF TENDER OF CLAIM FOR DEFENSE
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

Dear Ms. Fernandez & Mr. Flynn:

According to my records your firm is the insurance broker for BBI Construction and Brandon Imhoff. I have enclosed a copy of the Summons and Complaint naming your insured as a defendant. Please immediately tender this claim to all insurance companies that may have exposure to provide a defense and indemnify this claim.

According to my records, your insureds were served on or about November 26, 2006, therefore responsive pleadings are due by December 26, 2006. Please advise if there there is going to be any delay in appointing defense counsel by the insurance company(s). Time is of the essence.

Please provide me with your response by close of business on **December15, 2006.** Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: cnb
cc: BBI Construction - Brandon Imhoff

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOV 0 8 2006

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
PHILIP JOSEPH GEROSA individually and doing business as GEROSA CONSTRUCTION; BRANDON BUEHLER IMHOFF individually and doing business as B B I CONSTRUCTION; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JOHN SCOTT and MICHELLE SCOTT

DELAY REDUCTION CASE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Napa County Superior Court
825 Brown Street
Napa, CA 94559

CASE NUMBER *(Número del Caso):* 26-35647

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew C. Freeman/LAW OFFICES OF FREEMAN & FREEMAN
1255 Challenger Way, Suite 119 Santa Rosa, CA 95407 (707) 575-7141

DATE: *(Fecha)* NOV 0 8 2006 J. OLIVER Clerk, by *(Secretario)* Stephan A. Bouch, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:
under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

COPY

EXHIBIT A

Matthew C. Freeman (SNb 128530)
LAW OFFICES OF FREEMAN & FREEMAN
2255 Challenger Way, Suite 119
Santa Rosa, California 95407
Telephone (707) 575-7141

Attorneys for Plaintiffs

NOV 0 8 2006

CASE MANAGEMENT CONFERENCE
DATE: 4-17-07
TIME: 8:30am
PLACE: Courtroom A
825 Brown Street, Napa CA 94559

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

DELAY REDUCTION CASE

JOHN SCOTT and MICHELLE SCOTT,

Plaintiffs,

vs.

PHILIP JOSEPH GEROSA individually and doing business as GEROSA CONSTRUCTION; BRANDON BUEHLER IMHOFF individually and doing business as B B I CONSTRUCTION; and DOES 1 through 100 inclusive,

Defendants.

Case No. 26-35647

COMPLAINT FOR DAMAGES FOR:

1. Breach of Contract;
2. Breach of Express Warranty
3. Breach of Implied Warranty
4. Negligence
5. Negligence Per Se

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter in that the amount in controversy exceeds $25,000.00. Venue is appropriate in Napa County because the alleged damage relates to real property located in Napa County, because Defendants have their primary place of business in Napa County, because the contracts in question were entered into in Napa County, and because Defendants' acts of negligence and willful misconduct and breaches of contract occurred in Napa County, California.

COPY

EXHIBIT A

## THE PARTIES

2. Plaintiffs are residents of Napa County, California. Plaintiffs purchased and continue to be the fee title owners of a residence located at 757 White Lane, St. Helena, Napa County, California.

3. At the time of the wrongful acts alleged herein, Defendant Philip Joseph Gerosa was, and is now, a general contractor doing business as Gerosa Construction with his principal place of business at 524 East First Street, Napa, California.

4. At the time of the wrongful acts alleged herein, Defendant Brandon Buehler Imhoff was, and is now, a general contractor doing business as B B I Construction with his principal place of business at 1830 Adrian Street, Napa, California.

5. Defendants Does 1 through 100 are listed by such fictitious names because their true names and identities are unknown to these Plaintiffs. Plaintiffs will request leave of court to state their true names and capacities when they ascertained. Plaintiffs are informed and believe that each of the Defendants named herein as DOES 1 through 100 are in some way responsible for the acts complained of herein.

6. At all times herein mentioned, each Defendant, and Defendants Does 1 thorough 100, inclusive, was the agent, servant and/or employee of every other Defendant, and was acting within the course and scope of their agency or employment, with the knowledge and consent of the other defendants.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

7. In April 2005 Plaintiffs entered into a verbal contract with Gerosa and Imhoff under which Gerosa and Imhoff would jointly act as the general contractor for an approximately $500,000 remodeling of Plaintiffs' home. Gerosa and Imhoff—who represented themselves to be highly experienced and competent general contractors with extensive experience in 'top end' and 'custom' residential construction—agreed to, among other things, (1) work with the contractor-recommended architect/site planner in the completion of building plans; (2) obtain building permits; (3) demolish portions of the existing structure; (4) hire and direct subcontractors specified subcontractors including

EXHIBIT A

concrete/foundation work. [illegible]AC, electrical and rough plumbing, with Plaintiffs to directly hire sheetrock, cabinet, hardwood flooring, countertops, finish electrical and plumbing, and painting; (5) construct sub-flooring; construct shear walls; construct interior framing; construct and install roof trusses, install flashing, roof vents and jacks and properly place roofing materials; frame and install doors and windows; install roofing; install rough interior plumbing and gas lines, etc.; (6) oversee and direct the activities of all subcontractors; and (7) ensure that all work performed by Gerosa and Imhoff and by all subcontractors was in compliance with plans and specifications, with applicable building codes and with sound construction industry practices.

8. Gerosa and Imhoff represented that completion of the work would require approximately 4 to 6 months. It was agreed that Gerosa and Imhoff would be paid for their services on a "time and materials" basis. Specifically, it was understood and agreed that Gerosa and Imhoff would be paid for time actually and directly spent working on the construction of Plaintiffs' home and would be reimbursed for materials purchased directly and exclusively for and actually used in the construction of Plaintiffs' home. Defendants Gerosa and Imhoff further specifically agreed to construct and install roof trusses, install flashing, roof vents and jacks and properly place roofing materials and to install rough plumbing and electrical at a cost equal to or lower than the cost of having such work performed by specialized subcontractors and materials providers.

9. Beginning in or around January of 2006 disputes arose between Plaintiffs and Defendants Gerosa and Imhoff regarding patent over-billing of hours by Defendant Gerosa, by inappropriate materials charges by both Defendants and regarding what appeared to be defective construction work by Defendants Gerosa and Imhoff and by subcontractors under their direct supervision and control.

10. Disputes arose between Plaintiffs and Defendants Gerosa and Imhoff regarding both over-billing of hours by Defendants and emergently apparent defects in the work performed by Defendants and their subcontractors. In February 2006 Plaintiffs discharged Defendant Gerosa because he was, to Plaintiffs' knowledge, continuing to bill for hours not

EXHIBIT A

actually worked. Plaintiffs continued working with Defendant Imhoff until July 7. 2006. On that date, Plaintiffs sent Defendants a letter identifying a series of ongoing problems and identifying defects in the work performed by Defendants. Plaintiffs demanded that Defendants correct the defects in their work and the work of their subcontractors and complete performance of their contractual obligations properly and in a timely manner. Defendants failed to respond to that letter in any manner and Plaintiffs terminated the contract.

11. The work performed by Gerosa and Imhoff and the subcontractors under their supervision and control suffer from a number of defects. These defects are in most if not all instances not merely the result of negligence on the part of Gerosa and Imhoff and their subcontractors; rather, these defects are the result of willful misconduct by Gerosa and Imhoff and/or their subcontractors and in at least some instances the deliberate concealment of that misconduct by Gerosa and Imhoff and/or its subcontractors.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**
**Against Defendants Gerosa, Imhoff and DOES 1 through 20, inclusive**

12. Plaintiffs hereby incorporate by reference Paragraphs 1 through 11. inclusive, as though fully set forth in this cause of action.

13. Plaintiffs have fully performed all their obligations under the contract with Defendants. except those obligations Plaintiffs are excused from. or have been prevented from. performing as a result of the acts of Defendants. and each of them. Pursuant to the terms of the contract, Plaintiffs have paid Defendants Gerosa and Imhoff more than $310,000 for supposed labor and materials provided by Defendants Gerosa and Imhoff.

14. Defendants have breached their contractual obligations in a number of ways including. but not limited to. repeatedly and egregiously failing to perform construction services in compliance with the plans and specifications and accepted construction industry practices including but not limited to:

EXHIBIT A

a. Erroneously constructing the sub-flooring in such a manner that there is a 2 inch drop in the midst of the hallway.

b. Mis-framing interior walls including one wall that is mis-aligned at its mid-point by approximately 3/4 of an inch.

c. Mis-framing virtually all doors and windows such that virtually all doors and windows as purchased do not actually fit into their framing.

d. Failing to install door thresholds, window seals and weather-stripping and door and window trim as a result of which virtually every exterior door and every window will leak. causing further damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc.

e. Failing to properly install roofing components. including but not limited to flashing; roof jacks and vents, as a result of which there is, and will continue to be. leaks that will damage the roof. eaves and interior framing and drywall.

f. Constructing interior framing. rough plumbing and electrical and roofing components in a manner that violates applicable building codes.

15. Defendants further breached their contractual obligations by charging for hours not actually worked by Defendants, by billing Plaintiffs for materials not purchased directly and exclusively for, and not actually and specifically required for the construction work on Plaintiffs' home.

16. Defendants further breached their contractual obligations by failing to construct and install roof trusses. install flashing, roof vents and jacks and properly place roofing materials and to install rough plumbing and electrical at a cost equal to or lower than the cost of having such work performed by specialized subcontractors and materials providers.

17. Plaintiffs have demanded that Defendants cure their breaches of contract. correct the defects in their work. complete construction of Plaintiffs home in compliance with the plans and specifications and accepted construction industry practices and refund amounts paid by Plaintiffs for labor not actually performed by Defendants and for materials not

EXHIBIT A

purchased directly and exclusively for, and not actually and specifically required for, the construction work on Plaintiffs' home. Defendants have failed and refused to do so.

18. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, although Plaintiffs are informed and believe, and thereon allege, that correction of the defects in Defendants work will cost in excess of $200,000.00. In addition, it is likely that latent defects in the construction work performed by Defendants will manifest with passage of time, causing additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. all the Plaintiffs' damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**(Breach of Express Warranty)**
**Against Defendants Gerosa, Imhoff and DOES 21 through 40, inclusive**

19. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18, inclusive, as though fully set forth in this cause of action.

20. At all times herein mentioned Defendants expressly warranted to Plaintiffs that the work Defendants would perform and were performing was safe, secure, and free from defects in design and workmanship, including the express warranty that all work done by Defendants would be and was performed in a workmanlike manner, in conformance with applicable codes and construction industry practices, defect-free and suitable for its intended purpose. Defendants further warranted that the materials provided by Defendants and each of them were defect-free. Defendants further warranted that Plaintiffs' home would be fit for habitation.

21. Plaintiffs relied on Defendants' representations and warranties both in initially hiring Defendants and in paying Defendants in excess of $310,000.00 for services supposedly rendered and materials supposedly provided.

22. Plaintiffs are informed and believe, and thereon allege, that the work performed Defendants is not safe, secure, and free from defects in design and workmanship, was not performed in a workmanlike manner, is not in conformance with applicable codes and construction industry practices, is not defect-free and is not suitable for its intended purpose. Defendants made affirmations of fact or promises that the materials and/or workmanship were defect-free and that Plaintiffs' home would be fit for habitation. Plaintiffs are further informed and believe, and thereon allege, that the materials provided by Defendants are not defect-free. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs' home is not fit for habitation as built by Defendants, and each of them.

23. Defendants have been repeatedly put on notice of their breaches and have had a reasonable opportunity to cure the breaches. Despite such notice, and despite repeated requests by Plaintiffs that they do so. Defendants have failed and refused, and continue to fail and refuse, to cure their breaches of the warranties given to Plaintiffs by Defendants, and each of them.

24. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**(Breach of Implied Warranty)**
**Against Defendants Gerosa, Imhoff and DOES 41 through 60, inclusive**

25. Plaintiffs hereby incorporate by reference Paragraphs 1 through 24, inclusive, as though fully set forth in this cause of action.

EXHIBIT A

26. At all times herein mentioned Defendants were in the business of providing construction services in Napa County, California.

27. At all times herein mentioned, and specifically in contracting to provide construction services to Plaintiffs, Defendants impliedly warranted that the services Defendants would provide to Plaintiffs would be performed in a workmanlike manner, that the work performed, and materials provided, by Defendants would be free from defects, constructed and/or installed according to and in compliance with all applicable codes and construction industry practices and fit and proper for its intended use.

28. Plaintiffs relied upon implied warranties of and by Defendants both in initially hiring Defendants and in paying Defendants in excess of $310,000.00 for services supposedly rendered and materials supposedly provided.

29. Defendants breached said implied warranties; Plaintiffs home was not constructed in a workmanlike manner, is not free from defects, is not built according to and in compliance with all applicable codes and construction industry practices and is not fit and proper for its intended use.

30. Defendants have been repeatedly put on notice of their breaches and have had a reasonable opportunity to cure the breaches. Despite such notice, and despite repeated requests by Plaintiffs that they do so. Defendants have failed and refused, and continue to fail and refuse, to cure their breaches of the implied warranties.

31. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

EXHIBIT A

**FOURTH CAUSE OF ACTION**
**(Negligence)**
**Against Defendants Gerosa, Imhoff and DOES 61 through 80, inclusive**

32. Plaintiffs hereby incorporate by reference Paragraphs 1 through 31, inclusive, as though fully set forth in this cause of action.

33. Defendants owed a duty to Plaintiffs to exercise reasonable care in performing their functions, duties and responsibilities in the capacities described above and knew or should have known with reasonable certainty that the Plaintiffs would suffer damages if Defendants failed to perform their duties in a reasonable and workmanlike manner.

34. Plaintiffs are informed and believe, and thereon allege, that Defendants breached their duty to Plaintiffs by failing and neglecting to perform their functions, duties and responsibilities in their capacities described above, in a reasonably workmanlike manner, within the prevailing standard of care, causing substantial damages to Plaintiffs.

35. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**FIFTH CAUSE OF ACTION**
**(Negligence Per Se)**
**Against Defendants Gerosa, Imhoff and DOES 81 through 100, inclusive**

36. Plaintiffs hereby incorporate by reference Paragraphs 1 through 35, inclusive, as though fully set forth in this cause of action.

37. Plaintiffs are informed and believe, and thereon allege, that in constructing and selling the subject properties, and at all other times herein mentioned, Defendants violated

EXHIBIT A

California Uniform Building Code sections and other pertinent codes and that such violations are the proximate cause of some or all of the defects in Defendants' construction work, defects which the codes were designated to prevent.

38. Plaintiffs specifically allege that numerous building code violations exist in the construction work performed by Defendants on Plaintiffs home and that such violations cannot at present be ascertained without additional testing, including but not limited to additional destructive testing. Plaintiffs specifically request leave to amend to state such code violations as may be discovered upon further investigation and testing.

39. Plaintiffs as owners and or occupants of the subject properties are persons for whose protection said codes were enacted and adopted.

40. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as follows:

**PRAYER FOR RELIEF**

1. For general and compensatory damages, including but not limited to any and all costs associated with the investigation, repair and/or replacement of the work performed and materials provided by Defendants, and each of them.

2. For loss of use of Plaintiffs home.

3. For pre-judgment interest on all sums awarded at the maximum legal rate.

4. For costs of suit incurred herein.

5. For such other and further relief as the Court deems just and proper.

EXHIBIT A

**DEMAND FOR JURY TRIAL**

Plaintiffs, and each of them, hereby demand a jury trial.

Dated: October 30, 2006

Law Offices of Freeman & Freeman

By: ____________________
Matthew C. Freeman

EXHIBIT A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Matthew C. Freeman (SBN 128530)
2255 Challenger Way, Suite 119
Santa Rosa, CA 95407
TELEPHONE NO.: 707-575-7141 FAX NO.:
ATTORNEY FOR (Name):

FOR COURT USE ONLY

NOV 0 8 2006

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS:
CITY AND ZIP CODE: Napa, CA 94559
BRANCH NAME:

CASE NAME:
Scott v. Gerosa

## CIVIL CASE COVER SHEET

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

CASE NUMBER: 26 - 35647
JUDGE:
DEPT:

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

2. This case ☐ is ☑ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought (*check all that apply*):
   a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (*specify*):
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: October 31, 2006
Matthew C. Freeman
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800–1812
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

COPY

EXHIBIT A

*** TX REPORT ***

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3203 |
| CONNECTION TEL | 19166300735 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 12/08 14:15 |
| USAGE T | 02'22 |
| PGS. SENT | 15 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION

2350 FIRST STREET-POST OFFICE BOX 5540

NAPA, CALIFORNIA 94581-0540

TELEPHONE: (707) 257-8100

FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Betheina Fernandez & Bob Flynn<br>CAL-PRO Commercial Insurance Services, Inc. | J. Michael Murphy<br>Email: Murphy@mlbllaw.com |
| FAX NUMBER: (916) 630-0735 | DATE: DECEMBER 8, 2006 |
| RE: NOTICE OF TENDER OF CLAIM FOR DEFENSE<br>Lawsuit: Scott vs. Garoza, BBI Construction, Imhoff<br>NSC # 26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 15 |

☑ Urgent ☐ For Your Information ☐ Please Comment ☑ Please Reply

MESSAGE:

EXHIBIT A

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET• P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. Michael MURPHY
Murphy@mlbllaw.com

TELEPHONE (707) 257-8100
FACSIMILE (707) 257-6479

January 9, 2007

*Via Facsimile & First Class Mail*

Christina McTeague-Walsh
American Claims Management
701 B Street, Suite 2210
San Deigo, CA 92101

Betheina Fernandez & Bob Flynn
CAL-PRO Commercial Insurance Services, Inc.
3175 Sunset Blvd., Suite 107
Rocklin, California 95677

Re: Your Claim File: # 39767
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

Dear Ms. McTeague-Walsh:

I have attached a copy of my tender of the above claim on December 8, 2006. Since then there has been no apparent effort to respond to this tender. This delay has caused my clients emotional distress and significant expense.

I was informed by Mike from your office that you would give this matter your immediate attention upon your return to the office on January 8, 2007. I called again today, yet no response.

I obtained an extension to respond to the lawsuit until January 15, 2007. Unless insurance counsel is appointed by close of business today, then I will prepare a response and my client will seek re-imbursement of all fees and costs.

Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: ll
cc: Client
File #I011

EXHIBIT B

*** MULTI TX/RX REPORT ***
****************************

| | |
|---|---|
| TX/RX NO | 3342 |
| PGS. | 17 |
| TX/RX INCOMPLETE | ----- |
| TRANSACTION OK | (1) 18778951440 |
| | (2) 19166300735 |
| ERROR INFORMATION | ----- |

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION

2350 FIRST STREET-POST OFFICE BOX 5540

NAPA, CALIFORNIA 94581-0540

TELEPHONE: (707) 257-8100

FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

TO:
Christina McTeague-Walsh
American Claims Management

Betheina Fernandez & Bob Flynn
CAL-PRO Commercial Insurance Services, Inc.

FROM:
J. Michael Murphy
Email: Murphy@mlbllaw.com

FAX NUMBER:
(877) 895-1440
(916) 630-0735

DATE:
JANUARY 9, 2007

RE:
Your Claim File: # 39767
NOTICE OF TENDER OF CLAIM FOR DEFENSE
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

TOTAL NO. OF PAGES INCLUDING COVER:

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT B

*** TX REPORT ***
**********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3203 |
| CONNECTION TEL | 19166300735 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 12/08 14:15 |
| USAGE T | 02'22 |
| PGS. SENT | 15 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET - POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Betheina Fernandez & Bob Flynn<br>CAL-PRO Commercial Insurance Services, Inc. | FROM: J. Michael Murphy<br>Email: Murphy@mlbllaw.com |
| FAX NUMBER: (916) 630-0735 | DATE: DECEMBER 8, 2006 |
| RE: NOTICE OF TENDER OF CLAIM FOR DEFENSE<br>Lawsuit: Scott vs. Gerona, BBI Construction, Imhoff<br>NSC # 26-35647<br>Your Insured: BBI Construction • Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 15 |

☑ Urgent ☐ For Your Information ☐ Please Comment ☑ Please Reply

MESSAGE:

EXHIBIT B

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION

PAUL A. BARDWELL
DONALD J. LOGAN
PAUL LOOMIS
J. MICHAEL MURPHY
KIM H. JORDAN

2350 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

TELEPHONE (707) 257-8100
FAX (707) 257-6479

December 8, 2006

***Via Email, Facsimile & First Class Mail***

Betheina Fernandez & Bob Flynn
CAL-PRO Commercial Insurance Services, Inc.
3175 Sunset Blvd., Suite 107
Rocklin, California 95677

Re: NOTICE OF TENDER OF CLAIM FOR DEFENSE
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

Dear Ms. Fernandez & Mr. Flynn:

According to my records your firm is the insurance broker for BBI Construction and Brandon Imhoff. I have enclosed a copy of the Summons and Complaint naming your insured as a defendant. Please immediately tender this claim to all insurance companies that may have exposure to provide a defense and indemnify this claim.

According to my records, your insureds were served on or about November 26, 2006, therefore responsive pleadings are due by December 26, 2006. Please advise if there there is going to be any delay in appointing defense counsel by the insurance company(s). Time is of the essence.

Please provide me with your response by close of business on **December15, 2006.** Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: cnb
cc: BBI Construction - Brandon Imhoff

**EXHIBIT B**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOV 0 8 2006

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
PHILIP JOSEPH GEROSA individually and doing business as GEROSA CONSTRUCTION; BRANDON BUEHLER IMHOFF individually and doing business as B B I CONSTRUCTION; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JOHN SCOTT and MICHELLE SCOTT

DELAY REDUCTION CASE

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Napa County Superior Court
825 Brown Street
Napa, CA 94559

CASE NUMBER: *(Número del Caso):* 26-35647

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew C. Freeman/LAW OFFICES OF FREEMAN & FREEMAN
2255 Challenger Way, Suite 119 Santa Rosa, CA 95407 (707) 575-7141

DATE: *(Fecha)* NOV 0 8 2006 — Clerk, by *(Secretario)* J. OLIVER Stephen A. Bouch, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

**SUMMONS**

**EXHIBIT B**

Matthew C. Freeman (SNB 128530)
LAW OFFICES OF FREEMAN & FREEMAN
2255 Challenger Way, Suite 119
Santa Rosa, California 95407
Telephone (707) 575-7141

Attorneys for Plaintiffs

NOV 0 5 2006

CASE MANAGEMENT CONFERENCE
DATE: 4-17-07
TIME: 8:30am
PLACE: Courtroom A
5 Brown Street, Napa CA 94559

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

DELAY REDUCTION CASE

| | |
|---|---|
| JOHN SCOTT and MICHELLE SCOTT, <br> Plaintiffs. <br> vs. <br> PHILIP JOSEPH GEROSA individually and doing business as GEROSA CONSTRUCTION; BRANDON BUEHLER IMHOFF individually and doing business as B B I CONSTRUCTION; and DOES 1 through 100 inclusive. <br> Defendants. | Case No. 26-35647 <br> COMPLAINT FOR DAMAGES FOR: <br> 1. Breach of Contract; <br> 2. Breach of Express Warranty <br> 3. Breach of Implied Warranty <br> 4. Negligence <br> 5. Negligence Per Se |

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter in that the amount in controversy exceeds $25,000.00. Venue is appropriate in Napa County because the alleged damage relates to real property located in Napa County, because Defendants have their primary place of business in Napa County, because the contracts in question were entered into in Napa County, and because Defendants' acts of negligence and willful misconduct and breaches of contract occurred in Napa County, California.

COPY

EXHIBIT B

## THE PARTIES

2. Plaintiffs are residents of Napa County, California. Plaintiffs purchased and continue to be the fee title owners of a residence located at 757 White Lane, St. Helena, Napa County, California.

3. At the time of the wrongful acts alleged herein, Defendant Philip Joseph Gerosa was, and is now, a general contractor doing business as Gerosa Construction with his principal place of business at 524 East First Street, Napa, California.

4. At the time of the wrongful acts alleged herein, Defendant Brandon Buehler Imhoff was, and is now, a general contractor doing business as B B I Construction with his principal place of business at 1830 Adrian Street, Napa, California.

5. Defendants Does 1 through 100 are listed by such fictitious names because their true names and identities are unknown to these Plaintiffs. Plaintiffs will request leave of court to state their true names and capacities when they ascertained. Plaintiffs are informed and believe that each of the Defendants named herein as DOES 1 through 100 are in some way responsible for the acts complained of herein.

6. At all times herein mentioned, each Defendant, and Defendants Does 1 thorough 100, inclusive, was the agent, servant and/or employee of every other Defendant, and was acting within the course and scope of their agency or employment, with the knowledge and consent of the other defendants.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

7. In April 2005 Plaintiffs entered into a verbal contract with Gerosa and Imhoff under which Gerosa and Imhoff would jointly act as the general contractor for an approximately $500,000 remodeling of Plaintiffs' home. Gerosa and Imhoff—who represented themselves to be highly experienced and competent general contractors with extensive experience in 'top end' and 'custom' residential construction—agreed to, among other things, (1) work with the contractor-recommended architect/site planner in the completion of building plans; (2) obtain building permits; (3) demolish portions of the existing structure; (4) hire and direct subcontractors specified subcontractors including

EXHIBIT B

concrete/foundation work, HVAC, electrical and rough plumbing, with Plaintiffs to directly hire sheetrock, cabinet, hardwood flooring, countertops, finish electrical and plumbing, and painting; (5) construct sub-flooring; construct shear walls; construct interior framing; construct and install roof trusses, install flashing, roof vents and jacks and properly place roofing materials; frame and install doors and windows; install roofing; install rough interior plumbing and gas lines, etc.; (6) oversee and direct the activities of all subcontractors; and (7) ensure that all work performed by Gerosa and Imhoff and by all subcontractors was in compliance with plans and specifications, with applicable building codes and with sound construction industry practices.

8. Gerosa and Imhoff represented that completion of the work would require approximately 4 to 6 months. It was agreed that Gerosa and Imhoff would be paid for their services on a "time and materials" basis. Specifically, it was understood and agreed that Gerosa and Imhoff would be paid for time actually and directly spent working on the construction of Plaintiffs' home and would be reimbursed for materials purchased directly and exclusively for and actually used in the construction of Plaintiffs' home. Defendants Gerosa and Imhoff further specifically agreed to construct and install roof trusses, install flashing, roof vents and jacks and properly place roofing materials and to install rough plumbing and electrical at a cost equal to or lower than the cost of having such work performed by specialized subcontractors and materials providers.

9. Beginning in or around January of 2006 disputes arose between Plaintiffs and Defendants Gerosa and Imhoff regarding patent over-billing of hours by Defendant Gerosa, by inappropriate materials charges by both Defendants and regarding what appeared to be defective construction work by Defendants Gerosa and Imhoff and by subcontractors under their direct supervision and control.

10. Disputes arose between Plaintiffs and Defendants Gerosa and Imhoff regarding both over-billing of hours by Defendants and emergently apparent defects in the work performed by Defendants and their subcontractors. In February 2006 Plaintiffs discharged Defendant Gerosa because he was, to Plaintiffs' knowledge, continuing to bill for hours not

EXHIBIT B

actually worked. Plaintiffs continued working with Defendant Imhoff until July 7, 2006. On that date, Plaintiffs sent Defendants a letter identifying a series of ongoing problems and identifying defects in the work performed by Defendants. Plaintiffs demanded that Defendants correct the defects in their work and the work of their subcontractors and complete performance of their contractual obligations properly and in a timely manner. Defendants failed to respond to that letter in any manner and Plaintiffs terminated the contract.

11. The work performed by Gerosa and Imhoff and the subcontractors under their supervision and control suffer from a number of defects. These defects are in most if not all instances not merely the result of negligence on the part of Gerosa and Imhoff and their subcontractors; rather, these defects are the result of willful misconduct by Gerosa and Imhoff and/or their subcontractors and in at least some instances the deliberate concealment of that misconduct by Gerosa and Imhoff and/or its subcontractors.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**
**Against Defendants Gerosa, Imhoff and DOES 1 through 20, inclusive**

12. Plaintiffs hereby incorporate by reference Paragraphs 1 through 11, inclusive, as though fully set forth in this cause of action.

13. Plaintiffs have fully performed all their obligations under the contract with Defendants, except those obligations Plaintiffs are excused from, or have been prevented from, performing as a result of the acts of Defendants, and each of them. Pursuant to the terms of the contract, Plaintiffs have paid Defendants Gerosa and Imhoff more than $310,000 for supposed labor and materials provided by Defendants Gerosa and Imhoff.

14. Defendants have breached their contractual obligations in a number of ways including, but not limited to, repeatedly and egregiously failing to perform construction services in compliance with the plans and specifications and accepted construction industry practices including but not limited to:

EXHIBIT B

a. Erroneously constructing the sub-flooring in such a manner that there is a 2 inch drop in the midst of the hallway.

b. Mis-framing interior walls including one wall that is mis-aligned at its mid-point by approximately 3/4 of an inch.

c. Mis-framing virtually all doors and windows such that virtually all doors and windows as purchased do not actually fit into their framing.

d. Failing to install door thresholds, window seals and weather-stripping and door and window trim as a result of which virtually every exterior door and every window will leak, causing further damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc.

e. Failing to properly install roofing components, including but not limited to flashing, roof jacks and vents, as a result of which there is, and will continue to be, leaks that will damage the roof, eaves and interior framing and drywall.

f. Constructing interior framing, rough plumbing and electrical and roofing components in a manner that violates applicable building codes.

15. Defendants further breached their contractual obligations by charging for hours not actually worked by Defendants, by billing Plaintiffs for materials not purchased directly and exclusively for, and not actually and specifically required for the construction work on Plaintiffs' home.

16. Defendants further breached their contractual obligations by failing to construct and install roof trusses, install flashing, roof vents and jacks and properly place roofing materials and to install rough plumbing and electrical at a cost equal to or lower than the cost of having such work performed by specialized subcontractors and materials providers.

17. Plaintiffs have demanded that Defendants cure their breaches of contract, correct the defects in their work, complete construction of Plaintiffs home in compliance with the plans and specifications and accepted construction industry practices and refund amounts paid by Plaintiffs for labor not actually performed by Defendants and for materials not

EXHIBIT B

purchased directly and exclusively for, and not actually and specifically required for, the construction work on Plaintiffs' home. Defendants have failed and refused to do so.

18. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, although Plaintiffs are informed and believe, and thereon allege, that correction of the defects in Defendants work will cost in excess of $200,000.00. In addition, it is likely that latent defects in the construction work performed by Defendants will manifest with passage of time, causing additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. all the Plaintiffs' damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**(Breach of Express Warranty)**
**Against Defendants Gerosa, Imhoff and DOES 21 through 40, inclusive**

19. Plaintiffs hereby incorporate by reference Paragraphs 1 through 18, inclusive, as though fully set forth in this cause of action.

20. At all times herein mentioned Defendants expressly warranted to Plaintiffs that the work Defendants would perform and were performing was safe, secure, and free from defects in design and workmanship, including the express warranty that all work done by Defendants would be and was performed in a workmanlike manner, in conformance with applicable codes and construction industry practices, defect-free and suitable for its intended purpose. Defendants further warranted that the materials provided by Defendants and each of them were defect-free. Defendants further warranted that Plaintiffs' home would be fit for habitation.

21. Plaintiffs relied on Defendants' representations and warranties both in initially hiring Defendants and in paying Defendants in excess of $310,000.00 for services supposedly rendered and materials supposedly provided.

EXHIBIT B

22. Plaintiffs are informed and believe, and thereon allege, that the work performed Defendants is not safe, secure, and free from defects in design and workmanship, was not performed in a workmanlike manner, is not in conformance with applicable codes and construction industry practices, is not defect-free and is not suitable for its intended purpose. Defendants made affirmations of fact or promises that the materials and/or workmanship were defect-free and that Plaintiffs' home would be fit for habitation. Plaintiffs are further informed and believe, and thereon allege, that the materials provided by Defendants are not defect-free. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs' home is not fit for habitation as built by Defendants, and each of them.

23. Defendants have been repeatedly put on notice of their breaches and have had a reasonable opportunity to cure the breaches. Despite such notice, and despite repeated requests by Plaintiffs that they do so, Defendants have failed and refused, and continue to fail and refuse, to cure their breaches of the warranties given to Plaintiffs by Defendants, and each of them.

24. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**(Breach of Implied Warranty)**
**Against Defendants Gerosa, Imhoff and DOES 41 through 60, inclusive**

25. Plaintiffs hereby incorporate by reference Paragraphs 1 through 24, inclusive, as though fully set forth in this cause of action.

EXHIBIT B

26. At all times herein mentioned Defendants were in the business of providing construction services in Napa County, California.

27. At all times herein mentioned, and specifically in contracting to provide construction services to Plaintiffs, Defendants impliedly warranted that the services Defendants would provide to Plaintiffs would be performed in a workmanlike manner, that the work performed, and materials provided, by Defendants would be free from defects, constructed and/or installed according to and in compliance with all applicable codes and construction industry practices and fit and proper for its intended use.

28. Plaintiffs relied upon implied warranties of and by Defendants both in initially hiring Defendants and in paying Defendants in excess of $310,000.00 for services supposedly rendered and materials supposedly provided.

29. Defendants breached said implied warranties; Plaintiffs home was not constructed in a workmanlike manner, is not free from defects, is not built according to and in compliance with all applicable codes and construction industry practices and is not fit and proper for its intended use.

30. Defendants have been repeatedly put on notice of their breaches and have had a reasonable opportunity to cure the breaches. Despite such notice, and despite repeated requests by Plaintiffs that they do so, Defendants have failed and refused, and continue to fail and refuse, to cure their breaches of the implied warranties.

31. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

WHEREFORE Plaintiffs pray for judgment as set forth below.

EXHIBIT B

**FOURTH CAUSE OF ACTION**
**(Negligence)**
**Against Defendants Gerosa, Imhoff and DOES 61 through 80, inclusive**

32. Plaintiffs hereby incorporate by reference Paragraphs 1 through 31, inclusive, as though fully set forth in this cause of action.

33. Defendants owed a duty to Plaintiffs to exercise reasonable care in performing their functions, duties and responsibilities in the capacities described above and knew or should have known with reasonable certainty that the Plaintiffs would suffer damages if Defendants failed to perform their duties in a reasonable and workmanlike manner.

34. Plaintiffs are informed and believe, and thereon allege, that Defendants breached their duty to Plaintiffs by failing and neglecting to perform their functions, duties and responsibilities in their capacities described above, in a reasonably workmanlike manner, within the prevailing standard of care, causing substantial damages to Plaintiffs.

35. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as set forth below.

**FIFTH CAUSE OF ACTION**
**(Negligence Per Se)**
**Against Defendants Gerosa, Imhoff and DOES 81 through 100, inclusive**

36. Plaintiffs hereby incorporate by reference Paragraphs 1 through 35, inclusive, as though fully set forth in this cause of action.

37. Plaintiffs are informed and believe, and thereon allege, that in constructing and selling the subject properties, and at all other times herein mentioned, Defendants violated

EXHIBIT B

California Uniform Building Code sections and other pertinent codes and that such violations are the proximate cause of some or all of the defects in Defendants' construction work, defects which the codes were designated to prevent.

38. Plaintiffs specifically allege that numerous building code violations exist in the construction work performed by Defendants on Plaintiffs home and that such violations cannot at present be ascertained without additional testing, including but not limited to additional destructive testing. Plaintiffs specifically request leave to amend to state such code violations as may be discovered upon further investigation and testing.

39. Plaintiffs as owners and or occupants of the subject properties are persons for whose protection said codes were enacted and adopted.

40. As a direct and proximate result of the wrongful acts of Defendants Plaintiffs have suffered damages in an amount not presently known with specificity, but which Plaintiffs are informed and believe and thereon allege are in excess of $200,000.00. In addition, it is likely that the breaches of warranty by Defendants will with passage of time cause additional damage to framing members, exterior siding, interior drywall, interior flooring and sub-flooring, etc. in Plaintiffs home, all to Plaintiffs' further damage in an amount not currently known. Plaintiffs request leave to amend their complaint to allege damages in an amount according to proof at trial.

**WHEREFORE** Plaintiffs pray for judgment as follows:

**PRAYER FOR RELIEF**

1. For general and compensatory damages, including but not limited to any and all costs associated with the investigation, repair and/or replacement of the work performed and materials provided by Defendants, and each of them.

2. For loss of use of Plaintiffs home.

3. For pre-judgment interest on all sums awarded at the maximum legal rate.

4. For costs of suit incurred herein.

5. For such other and further relief as the Court deems just and proper.

EXHIBIT B

## DEMAND FOR JURY TRIAL

Plaintiffs, and each of them, hereby demand a jury trial.

Dated: October 30, 2006

Law Offices of Freeman & Freeman

By: [signature]
Matthew C. Freeman

EXHIBIT B

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Matthew C. Freeman (SBN 128530)
2355 Challenger Way, Suite 119
Santa Rosa, CA 95407
TELEPHONE NO.: 707-575-7141 FAX NO.:
ATTORNEY FOR (Name):

FOR COURT USE ONLY

NOV 0 1 2006

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS:
CITY AND ZIP CODE: Napa, CA 94559
BRANCH NAME:

CASE NAME:
Scott v. Gerosa

**CIVIL CASE COVER SHEET**

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

CASE NUMBER: 26-35647
JUDGE:
DEPT:

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify)*:

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 31, 2006
Matthew C. Freeman
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

COPY

EXHIBIT B

MURPHY LOGAN BARDWELL & LOCKMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. MICHAEL MURPHY
EMAIL MURPHY@MLBLLAW.COM

TELEPHONE (707) 257-8100
FACSIMILE (707) 257-6479

January 25, 2007

*Via Facsimile & First Class Mail*

Christina McTeague-Walsh
American Commercial Management
701 B Street, Suite 2210
San Diego, CA 92101

Re: **Scott v. Gerosa, Imhoff**
**Napa County Superior Court Case No. 26-35647**
**Claim # 39767**

Dear Ms. McTeague-Walsh:

Pursuant to your voice mail, I filed on an Answer on behalf of your insured, a copy of which is enclosed with the understanding that should Lincoln General accept the defense of this matter, the costs and fees incurred in defending BBI Construction will be reimbursed 100% by the insurance carrier.

As I informed your insurance adjuster, Steve Anderson, the Plaintiffs contend that there are substantial leaks causing resulting damage to the residence. It is clear from the terms of the policy, BBI is entitled to a defense of these claims, consequently, I urge you to promptly conclude your investigation as the uncertainty of the insurance coverage is causing a great deal of anxiety to your insured.

Thank you for your consideration of this matter and I look forward to your prompt response.

Sincerely,

J. Michael Murphy

JMM:ll
File #I011
Encl.
cc: Client

**EXHIBIT C**

J. Michael Murphy, Esq. N 78880
Murphy, Logan, Bardwell & Loomis
A Professional Law Corporation
2350 First Street, P.O. Box 5540
Napa, CA 94581-0540
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Attorney for Brandon Buehler Imhoff individually and doing business as BBI Construction, Defendant

ENDORSED
JAN 1 2 2007
Clerk of the Napa Superior Court
By: N. BENAVIDEZ
Deputy

2350 FIRST STREET, P.O. NAPA, CALIFORNIA 94581-0540

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

JOHN SCOTT and MICHELLE SCOTT,
Plaintiffs,

vs.

PHILIP JOSEPH GEROSA individually and doing business as GEROSA CONSTRUCTION, BRANDON BUEHLER IMHOFF individually and doing business as BBI CONSTRUCTION and DOES 1 through 100 inclusive,
Defendants.

Case No.: 26-35647

ANSWER TO COMPLAINT

## GENERAL DENIAL

Brandon Buehler Imhoff individually and doing business as BBI Construction, (hereinafter referred to as "Defendant") responds to Plaintiffs' Complaint as follows:

1. In answer to the allegations of the unverified Complaint on file herein, and by virtue of the provisions of Code of Civil Procedure §431.30(d), Defendant now files this general denial to the unverified Complaint, and each and every cause of action thereof. Answering Defendant denies each and every, all and singular, generally and specifically, conjunctively and disjunctively, the

EXHIBIT C

allegations of the unverifi omplaint filed herein, and further spe ally denies the Plaintiffs have been damaged in any sum or sums whatsoever, whether alleged or to be alleged, and further specifically denies that the Plaintiffs are entitled to the relief sought or to any other relief against this answering Defendant.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

**(Failure to State a Claim)**

1. This answering Defendant alleges that the Complaint herein fails to sufficiently constitute a cause of action against this answering Defendant and/or fails to state facts upon which a claim can be based.

### *Second Affirmative Defense*

**(Act or Omission of Plaintiffs)**

2. This answering Defendant alleges that the damages suffered by Plaintiffs, if any, were the result of the acts or omissions of the Plaintiffs and other parties, named and unnamed in this action, for which this answering Defendant bear no responsibility.

### *Third Affirmative Defense*

**(Negligence of Plaintiffs)**

3. This answering Defendant alleges that the damages suffered by Plaintiffs, if any, were the result of the negligence and failure to use reasonable diligence in performing the acts required of Plaintiffs.

\\

\\

2330 FIRST STREET, P.O.B... NAPA, CALIFORNIA ...0540

EXHIBIT C

***Fourth Affirmative Defense***

**(Contributory Fault)**

4. This answering Defendant alleges that Plaintiffs are guilty of contributory fault and negligence in the matters stated in the Complaint, and such contributory fault and negligence proximately caused the damages complained herein.

***Fifth Affirmative Defense***

**(Estoppel and Waiver)**

5. This answering Defendant alleges that Plaintiffs' conduct, including but not limited to the failure to allow Defendant to correct any alleged defects operates as estoppel and waiver of any rights to file the action herein.

***Sixth Affirmative Defense***

**(Laches)**

6. This answering Defendant alleges that Plaintiffs' actions are barred under the equitable doctrine of laches.

***Seventh Affirmative Defense***

(Unclean Hands)

7. This answering Defendant alleges the Plaintiffs' action is barred under the equitable doctrine of unclean hands.

***Eighth Affirmative Defense***

**(Proximate Cause)**

8. This answering Defendant alleges that any alleged conduct or omission by this Defendant was not the cause in fact, or proximate cause of any injury alleged by Plaintiffs.

\\

2350 FIRST STREET, P.O.BO[illegible] 540
NAPA, CALIFORNIA 9[illegible]

EXHIBIT C

*Ninth Affirmative Defense*

**(Failure to Mitigate)**

9. This answering Defendant alleges that any recovery of Plaintiffs is barred by their failure to mitigate damages, or that any recovery must be reduced by those damages that the Plaintiffs failed to mitigate.

*Tenth Affirmative Defense*

**(Reliance)**

10. This answering Defendant alleges that Plaintiffs did not rely reasonably on any alleged promise by this answering Defendant.

*Eleventh Affirmative Defense*

**(Uncertain)**

11. This answering Defendant alleges that the Complaint and each cause of action are uncertain.

*Twelfth Affirmative Defense*

**(Additional Affirmative Defenses)**

12. This answering Defendant alleges that because the Complaint is couched in conclusionary terms, the answering Defendant cannot fully anticipate all affirmative defenses which may be applicable to the within action. Accordingly the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

\\

\\

2350 FIRST STREET, P.O.BC
NAPA, CALIFORNIA 9( )0540

EXHIBIT C

***Thirteenth Affirmative Defense***

**(Set Off)**

13. This answering Defendant alleges that any recovery by Plaintiffs must be set off or reduced, abated, or apportioned to the extent that any other party's actions caused or contributed to damages, if any there were.

***Fourteenth Affirmative Defense***

**(Statute of Limitations)**

14. This answering Defendant alleges that Plaintiffs' causes of action are barred by statute of limitations, Code of Civil Procedure §§337, 337.1, 337.15, 338, 339, and 340.

***Fifteenth Affirmative Defense***

**(Breach)**

15. This answering Defendant alleges that the obligation, if any, of Defendant to pay any sum of money to Plaintiffs pursuant to the purported agreement between the parties has been excused by Plaintiffs' breach of the agreement, including, but not limited to Plaintiffs' failure to perform services provided in a good, expeditious and workmanlike manner.

***Sixteenth Affirmative Defense***

**(Destruction of Evidence)**

16. This answering Defendant alleges that Plaintiffs' causes of action are barred because Plaintiffs failed to preserve evidence by proceeding with alleged "repairs" without allowing Defendant the ability to preserve and collect critical evidence crucial to the Defendant's case and construction litigation, (see SB 800, *R.S. Creative, Inc. v. Creative Cotton, Ltd.*, 75 Cal. App. 4th 486, 499 (1999); *Cedars-Sinai Med. Ctr. v. Superior Court*, 18 Cal. 4th 1 (1998).

2350 FIRST STREET, P.O.BO
NAPA, CALIFORNIA 94 540

EXHIBIT C

WHEREFORE, .. endant prays for judgment against Plai... ifs and each of them as follows:

1. That the Plaintiffs take nothing by way of their Complaint;

2. For attorney's fees and costs incurred herein; and

3. For such and other and further relief as the court deems just and proper.

Dated January 11, 2007

MURPHY LOGAN BARDWELL & LOOMIS

J. Michael Murphy, Esq.
Attorney for Brandon Buehler Imhoff individually and doing business as BBI Construction, Defendant

2350 FIRST STREET, P.O.B...
NAPA, CALIFORNIA 94... ...540

EXHIBIT C

PROOF OF SERVICE

I declare that:

I am a citizen of the United States employed in the County of Napa, California; I am over the age of eighteen years and not a party to the within cause; my business address is Post Office Box 5540/2350 First Street in Napa, California 94581-0540. On this date I served the attached **ANSWER TO COMPLAINT** on the parties in said cause by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Napa, California, addressed as follows:

Matthew C. Freeman
LAW OFFICES OF FREEMAN & FREEMAN
2255 Challenger Way, Suite 119
Santa Rosa, CA 95407
Telephone: (707) 575-7141
Facsimile: (707) 575-4382
Email: Matt@FreemanFreeman.com
Attorney for: John & Michelle Scott

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on Jan. 12, 2007, at Napa, California.

[signature]
Lola Llamas

2350 FIRST STREET, P.O.BOX 540
NAPA, CALIFORNIA 9

EXHIBIT C

*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3476 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 01/25 12:50 |
| USAGE T | 01'12 |
| PGS. SENT | 9 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET-POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Christina McTeague-Walsh<br>American Claims Management | J. Michael Murphy |
| FAX NUMBER:: (866) 380-0924 | DATE: JANUARY 25, 2007 |
| RE: Your Claim File: #39767<br>Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff<br>NSC # 26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 9 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT C

J. MICHAEL MURPHY
Murphy@mlbllaw.com

2350 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

TELEPHONE (707) 257-8100
FAX (707) 257-8479

February 5, 2007

***Via Facsimile & First Class Mail***

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

| Re: | Your Insured: | Brandon Imhoff dba BBI Construction |
|---|---|---|
| | Your Claim #: | 39767 |
| | Claimants: | John & Michelle Scott |
| | Lawsuit: | Scott v. Gerosa et. al. |
| | Policy No: | 6320005864-1 (Eff. 7/15/05 -- 7/15/06) |
| | | 6320005864-2 (Eff. 7/15/06 -- 7/15/07) |
| | Project: | Scott Residence |
| | | 757 White Lane, St. Helena, California |

Dear Mr. Keough & Ms. McTeague-Walsh:

Thank you for your January 15, 2007 letter. The purpose to this letter is to re-tender these claims for a defense, secure a defense of these claims, and to request reimbursement of the fees and costs incurred in defending the claims to date. In order to assist you in your investigation, I offer the following comments.

***Response to Questions***

With regard to the ongoing investigation, please refer to the information provided by your insurance adjuster, Steve Anderson who conducted a detailed interview with your insured, and I understand has been communicating with Plaintiffs' counsel. With that said, BBI Construction was hired to perform construction work pursuant to an oral time and materials contract. The work involved an extensive remodel of an existing residence where the scope of work greatly expanded and changed during the course of construction.

BBI did not hire subcontractors; however, trade contractors were hired directly by the owner. Consequently, at the present time I am not aware of any express written indemnity contracts between BBI Construction and trade contractors, but discovery is continuing.

BBI does not have any first hand knowledge of any damage that occurred as a result of BBI Construction's work other than the allegations contained in the lawsuit filed by the Plaintiffs in this

**EXHIBIT D**

  
case. The Plaintiffs contend that there are damages "in excess of $200,000.00" and make specific allegations that there is damage caused by leaks.

According to the allegations contained in the Complaint, the events that could be characterized as "occurrences" occurred during the two Lincoln General policies beginning July 15, 2005 through the current policy ending on July 11, 2007.

BBI is not aware of any other insurance with regard to BBI that pertains to this case, but discovery is continuing.

BBI has not received an expert report, but understands from Plaintiffs' counsel that one may exist.

*Summary of Claim & Demand for Defense*

I have reviewed your letter, and I find no justification for Lincoln General's continued failure to provide a defense in this case. As I am certain that you can well understand, the continued failure to provide a defense is causing not only a financial burden upon your insured, but also causing a great deal of emotional distress. Although it may be appropriate to provide a defense pursuant to a reservation of rights, Lincoln General has failed to identify any exclusion which would preclude the obligation of Lincoln General to hire an attorney to defend BBI. If there is such an exclusion, please identify it immediately.

*Summary of the Legal Principles*

The following is a brief summary of the legal principles which clearly confirm Lincoln General's duty to immediately assume the defense of BBI.

**Insurer's Duty to Defend Against Claim Potentially Within Policy Coverage.** An insurer, which is required under the terms of a liability policy issued by it to defend its insured in any action for an occurrence covered by the policy, must defend an action against the insured which seeks damages potentially within the coverage of the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 275, 54 Cal. Rptr. 104, 419 P.2d 168; Miller v. Elite Ins. Co. (1980) 100 Cal. App. 3d 739, 753, 161 Cal. Rptr. 322*). As your letter acknowledges, at least one of the claims was covered by insurance, and therefore your insured was entitled to a defense of the entire claim.

**Determining Potential Liability.** The duty to defend is fixed by the facts which the insurer learns from the complaint, the insured, or other sources, and the insurer's duty to defend arises whenever it ascertains facts which give rise to the potential of liability under the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 276-277, 54 Cal. Rptr. 104, 419 P.2d 168; Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 169-170, 140 Cal. Rptr. 605*).

EXHIBIT D

**Duty of Insurer to Investigate Facts.** An insurer may not, without making an investigation of any kind, deny an insured a defense at a time when it has reason to believe that there is potential liability under the policy and then rely on the results of the third-party action and subsequent factors to prove that there was, in reality, no potential for liability in the first instance (*Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 173, 140 Cal. Rptr. 605*).

**Scope of Duty to Defend.** The duty to defend is broader than the duty to indemnify. When there is doubt as to whether the duty to defend exists, the doubt should be resolved in favor of the insured and against the insurer (*Eichler Homes, Inc. v. Underwriters at Lloyd's, London (1965) 238 Cal. App. 2d 532, 538, 47 Cal. Rptr. 843*).

**One of Several Causes of Action Alleged in Third-Party Complaint Covered by Policy.** If one of several causes of action alleged in the third-party complaint against the insured is covered by the policy, the insurer is bound to defend the action (*Blackfield v. Underwriters at Lloyd's, London (1966) 245 Cal. App. 2d 271, 275, 53 Cal. Rptr. 838*).

**For purposes of determining the duty to defend, it is the nature of the alleged conduct and resulting damage, not the legal theory of the pleading, that determines the issue,** (...the context of the factual background of the case against the insured, and not merely in light of the language of the complaint. *Healy Tibbits Const. Co. vs. Foremost Ins. Co.*, (1980) 482 F. Supp. 830, 837). Although extrinsic facts may trigger the duty to defend, the converse is not true. Once the pleadings raise the potential of coverage, they require the insurer to defend. An insured or insurer's knowledge that the alleged facts are in error and the true facts do not constitute a covered claim does not release the insurer from the duty to defend. The rationale is that the insurer agreed to defend even "groundless, false and fraudulent "lawsuits. Therefore, if the claimant asserts a claim that would be covered if proved, the insurer has the duty to defend, irrespective of knowledge of the impossibility of proving the facts alleged. (*Fragman Const. Co. vs. Preston Const. Co.*, (1971) 1 Ill. App 3rd 1002).

**Third-Party Complaint Would Support Partial Recovery Under Policy.** If the complaint against the insured seeks recovery of damages on a liability covered by the policy, the duty to defend exists even though the insurer is not liable under its policy for all the damages sought (*Hogan v. Midland National Ins. Co. (1970) 3 Cal. 3d 553, 563, 91 Cal. Rptr. 153, 476 P.2d 825*).

**Exclusionary Clause Must Be Liberally Construed in Favor of Insured.** Any ambiguity in an insurance policy is to be resolved against the insurer, and the language of an exclusionary clause must be construed liberally in favor of the insured (*Crane v. State Farm Fire & Cas. Co. (1971) 5 Cal. 3d 112, 115-116, 95 Cal. Rptr. 513, 485 P.2d 1129; Morris v. Atlas Assurance Co. (1984) 158 Cal. App. 3d 8, 12-13, 204 Cal. Rptr. 95*).

**Potential Liability Not Conclusively Refuted by Undisputed Facts.** An insurance carrier may escape its presumptive obligation to defend its insured against claims arguably covered

EXHIBIT D

by its policy only if undisputed facts conclusively refute any potential for liability (*Montrose Chemical Corp. v. Superior Court (1993) 6 Cal. 4th 287, 299-300, 24 Cal. Rptr. 2d 467, 861 P.2d 1153*).

**Liability for Insured's Attorney's Fees & Costs.** If an insurer wrongfully denies its duty to defend, the insured is released from the obligation to let the insurer control the action and may proceed as the insurer deems proper, (*Drinnon vs. Oliver* (1972) 24 CA3d 571, disapproved on other grounds in 38 C3rd at 255, n7). As a consequence, the insured gains the right to retain counsel of his or her own choosing to represent the insured and obtain reimbursement for the attorney's fees and costs. The right to reimbursement is not limited to the by CC § 2860 (c), (see *Arenson vs. National Auto. & Cas. Ins. Co.* (1957) 48 C2d 528, 529, *American Motorists Ins. Co. vs. Superior Court* (1998) 68 CA4th 864, 874); commences from the date insurer is first notified of the claim, (*Downey Sav. & Loan Ass'n vs. Ohio Cas. Ins. Co.* (1957) 189 CA3d 1072, 1086); and includes the right to obtain reimbursement for the attorney's fees and cost incurred in seeking the benefits due under the policy, (*Brandt vs. Superior Court* (1985) 37 C3rd 813, 817). Further, an insurer that has improperly refused to defend loses the right it may otherwise have had to defend the case under a reservation of rights, and the insured is free to settle the underlying action and compel the insurance company to pay the settlement, as well as damages for the failure to defend, (see *California Liability Insurance Practice: Claims & Litigation*, CEB, sections 11.38, 11.39, 24.70, 24.78, 25.29-25.32, & 25.37-25.38).

**Fees and Costs to Date.** The total of the legal fees ($4,721.25) and costs ($320.00) as of February 5, 2007 equals the sum of $5,041.25. Please reimburse your insured for those fees and costs immediately. If you have any questions regarding these fees and costs, please advise. If you wish to appoint another firm to defend your insureds, then you must do so immediately.

Please provide me with your response by close of business on **February 15, 2007**. Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: ll
File # I011
cc: Clients

EXHIBIT D

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3519 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/05 15:25 |
| USAGE T | 00'47 |
| PGS. SENT | 5 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION

2350 FIRST STREET-POST OFFICE BOX 5540

NAPA, CALIFORNIA 94581-0540

TELEPHONE: (707) 257-8100

FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Keogh & Christina McTeague-Walsh<br>American Commercial Management<br>on behalf of Lincoln General Insurance Company | J. Michael Murphy |
| FAX NUMBER: (866) 380-0924 | DATE: FEBRUARY 5, 2007 |
| RE: Your Claim File: #39767<br>Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff<br>NSC # 26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 5 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT D

MURPHY LOGAN BARDWELL & LOOMIS
PROFESSIONAL LAW CORPORATION
2350 FIRST STREET • P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. Michael MURPHY
Murphy@mlbllaw.com

TELEPHONE (707) 257-8100
FACSIMILE (707) 257-6479

March 2, 2007

*Via Facsimile & First Class Mail*

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

Re: Your Claim File: # 39767
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

Dear Mr. Keough and Ms. McTeague-Walsh:

I have enclosed another copy of my February 5, 2007 letter and demand an immediate response. The delay in providing a defense which is clearly required in this case has caused a great deal of emotional distress on behalf of my client. If there is any additional information you require, please advise. Otherwise, it is clear that your insurance carrier is committing insurance bad faith by this unreasonable delay.

Sincerely,

DICTATED BUT NOT READ
SIGNED AND MAILED IN WRITERS
ABSENCE TO AVOID DELAYS

J. Michael Murphy

JMM: ll
File #I011
Encl.
cc: Client

EXHIBIT E

2350 FIRST STREET
P.O. BOX 5510
NAPA, CALIFORNIA 94581-0540

TELEPHONE (707) 257-8100
FAX (707) 257-8479

J. MICHAEL MURPHY
Murphy@mlhllaw.com

February 5, 2007

***Via Facsimile & First Class Mail***

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

| Re: | Your Insured: | Brandon Imhoff dba BBI Construction |
|---|---|---|
| | **Your Claim #:** | **39767** |
| | **Claimants:** | **John & Michelle Scott** |
| | **Lawsuit:** | **Scott v. Gerosa et. al.** |
| | **Policy No:** | **6320005864-1 (Eff. 7/15/05 -- 7/15/06)** |
| | | **6320005864-2 (Eff. 7/15/06 -- 7/15/07)** |
| | **Project:** | **Scott Residence** |
| | | **757 White Lane, St. Helena, California** |

Dear Mr. Keough & Ms. McTeague-Walsh:

Thank you for your January 15, 2007 letter. The purpose to this letter is to re-tender these claims for a defense, secure a defense of these claims, and to request reimbursement of the fees and costs incurred in defending the claims to date. In order to assist you in your investigation, I offer the following comments.

***Response to Questions***

With regard to the ongoing investigation, please refer to the information provided by your insurance adjuster, Steve Anderson who conducted a detailed interview with your insured, and I understand has been communicating with Plaintiffs' counsel. With that said, BBI Construction was hired to perform construction work pursuant to an oral time and materials contract. The work involved an extensive remodel of an existing residence where the scope of work greatly expanded and changed during the course of construction.

BBI did not hire subcontractors; however, trade contractors were hired directly by the owner. Consequently, at the present time I am not aware of any express written indemnity contracts between BBI Construction and trade contractors, but discovery is continuing.

BBI does not have any first hand knowledge of any damage that occurred as a result of BBI Construction's work other than the allegations contained in the lawsuit filed by the Plaintiffs in this

EXHIBIT E

case. The Plaintiffs contend that there are damages "in excess of $200,000.00" and make specific allegations that there is damage caused by leaks.

According to the allegations contained in the Complaint, the events that could be characterized as "occurrences" occurred during the two Lincoln General policies beginning July 15, 2005 through the current policy ending on July 11, 2007.

BBI is not aware of any other insurance with regard to BBI that pertains to this case, but discovery is continuing.

BBI has not received an expert report, but understands from Plaintiffs' counsel that one may exist.

***Summary of Claim & Demand for Defense***

I have reviewed your letter, and I find no justification for Lincoln General's continued failure to provide a defense in this case. As I am certain that you can well understand, the continued failure to provide a defense is causing not only a financial burden upon your insured, but also causing a great deal of emotional distress. Although it may be appropriate to provide a defense pursuant to a reservation of rights, Lincoln General has failed to identify any exclusion which would preclude the obligation of Lincoln General to hire an attorney to defend BBI. If there is such an exclusion, please identify it immediately.

***Summary of the Legal Principles***

The following is a brief summary of the legal principles which clearly confirm Lincoln General's duty to immediately assume the defense of BBI.

**Insurer's Duty to Defend Against Claim Potentially Within Policy Coverage.** An insurer, which is required under the terms of a liability policy issued by it to defend its insured in any action for an occurrence covered by the policy, must defend an action against the insured which seeks damages potentially within the coverage of the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 275, 54 Cal. Rptr. 104, 419 P.2d 168; Miller v. Elite Ins. Co. (1980) 100 Cal. App. 3d 739, 753, 161 Cal. Rptr. 322*). As your letter acknowledges, at least one of the claims was covered by insurance, and therefore your insured was entitled to a defense of the entire claim.

**Determining Potential Liability.** The duty to defend is fixed by the facts which the insurer learns from the complaint, the insured, or other sources, and the insurer's duty to defend arises whenever it ascertains facts which give rise to the potential of liability under the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 276-277, 54 Cal. Rptr. 104, 419 P.2d 168; Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 169-170, 140 Cal. Rptr. 605*).

EXHIBIT E

**Duty of Insurer to Investigate Facts.** An insurer may not, without making an investigation of any kind, deny an insured a defense at a time when it has reason to believe that there is potential liability under the policy and then rely on the results of the third-party action and subsequent factors to prove that there was, in reality, no potential for liability in the first instance (*Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 173, 140 Cal. Rptr. 605*).

**Scope of Duty to Defend.** The duty to defend is broader than the duty to indemnify. When there is doubt as to whether the duty to defend exists, the doubt should be resolved in favor of the insured and against the insurer (*Eichler Homes, Inc. v. Underwriters at Lloyd's, London (1965) 238 Cal. App. 2d 532, 538, 47 Cal. Rptr. 843*).

**One of Several Causes of Action Alleged in Third-Party Complaint Covered by Policy.** If one of several causes of action alleged in the third-party complaint against the insured is covered by the policy, the insurer is bound to defend the action (*Blackfield v. Underwriters at Lloyd's, London (1966) 245 Cal. App. 2d 271, 275, 53 Cal. Rptr. 838*).

**For purposes of determining the duty to defend, it is the nature of the alleged conduct and resulting damage, not the legal theory of the pleading, that determines the issue,** (...the context of the factual background of the case against the insured, and not merely in light of the language of the complaint. *Healy Tibbits Const. Co. vs. Foremost Ins. Co.,* (1980) 482 F. Supp. 830, 837). Although extrinsic facts may trigger the duty to defend, the converse is not true. Once the pleadings raise the potential of coverage, they require the insurer to defend. An insured or insurer's knowledge that the alleged facts are in error and the true facts do not constitute a covered claim does not release the insurer from the duty to defend. The rationale is that the insurer agreed to defend even "groundless, false and fraudulent "lawsuits. Therefore, if the claimant asserts a claim that would be covered if proved, the insurer has the duty to defend, irrespective of knowledge of the impossibility of proving the facts alleged. (*Fragman Const. Co. vs. Preston Const. Co.,* (1971) 1 Ill. App 3rd 1002).

**Third-Party Complaint Would Support Partial Recovery Under Policy.** If the complaint against the insured seeks recovery of damages on a liability covered by the policy, the duty to defend exists even though the insurer is not liable under its policy for all the damages sought (*Hogan v. Midland National Ins. Co. (1970) 3 Cal. 3d 553, 563, 91 Cal. Rptr. 153, 476 P.2d 825*).

**Exclusionary Clause Must Be Liberally Construed in Favor of Insured.** Any ambiguity in an insurance policy is to be resolved against the insurer, and the language of an exclusionary clause must be construed liberally in favor of the insured (*Crane v. State Farm Fire & Cas. Co. (1971) 5 Cal. 3d 112, 115-116, 95 Cal. Rptr. 513, 485 P.2d 1129*; *Morris v. Atlas Assurance Co. (1984) 158 Cal. App. 3d 8, 12-13, 204 Cal. Rptr. 95*).

**Potential Liability Not Conclusively Refuted by Undisputed Facts.** An insurance carrier may escape its presumptive obligation to defend its insured against claims arguably covered

by its policy only if undisputed facts **conclusively** refute any potential for liability (*Montrose Chemical Corp. v. Superior Court (1993) 6 Cal. 4th 287, 299-300, 24 Cal. Rptr. 2d 467, 861 P.2d 1153*).

**Liability for Insured's Attorney's Fees & Costs.** If an insurer wrongfully denies its duty to defend, the insured is released from the obligation to let the insurer control the action and may proceed as the insurer deems proper, (*Drinnon vs. Oliver* (1972) 24 CA3d 571, disapproved on other grounds in 38 C3rd at 255, n7). As a consequence, the insured gains the right to retain counsel of his or her own choosing to represent the insured and obtain reimbursement for the attorney's fees and costs. The right to reimbursement is not limited to the by CC § 2860 (c), (see *Arenson vs. National Auto. & Cas. Ins. Co.* (1957) 48 C2d 528, 529, *American Motorists Ins. Co. vs. Superior Court* (1998) 68 CA4th 864, 874); commences from the date insurer is first notified of the claim, (*Downey Sav. & Loan Ass'n vs. Ohio Cas. Ins. Co.* (1957) 189 CA3d 1072, 1086); and includes the right to obtain reimbursement for the attorney's fees and cost incurred in seeking the benefits due under the policy, (*Brandt vs. Superior Court* (1985) 37 C3rd 813, 817). Further, an insurer that has improperly refused to defend loses the right it may otherwise have had to defend the case under a reservation of rights, and the insured is free to settle the underlying action and compel the insurance company to pay the settlement, as well as damages for the failure to defend, (see *California Liability Insurance Practice: Claims & Litigation*, CEB, sections 11.38, 11.39, 24.70, 24.78, 25.29-25.32, & 25.37-25.38).

**Fees and Costs to Date.** The total of the legal fees ($4,721.25) and costs ($320.00) as of February 5, 2007 equals the sum of $5,041.25. Please reimburse your insured for those fees and costs immediately. If you have any questions regarding these fees and costs, please advise. If you wish to appoint another firm to defend your insureds, then you must do so immediately.

Please provide me with your response by close of business on **February 15, 2007.** Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: ll
File # I011
cc: Clients

EXHIBIT E

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3519 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/05 15:25 |
| USAGE T | 00'47 |
| PGS. SENT | 5 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET-POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Keogh & Christina McTeague-Walsh<br>American Commercial Management on behalf of Lincoln General Insurance Company | J. Michael Murphy |
| FAX NUMBER: (866) 380-0924 | DATE: FEBRUARY 5, 2007 |
| RE: Your Claim File: # 39767<br>Lawsuit: Scott vs. Geross, BBI Construction, Imhoff<br>NSC # 26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 5 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:



*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3649 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 03/02 12:12 |
| USAGE T | 00'59 |
| PGS. SENT | 7 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET-POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

TO:
Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company

FROM:
J. Michael Murphy

FAX NUMBER:
(866) 380-0924

DATE:
MARCH 2, 2007

RE:
Your Claim File: # 39767
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

TOTAL NO. OF PAGES INCLUDING COVER:
7

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT E

MURPHY LOGAN BARDWELL & LOCHHS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET• P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. Michael MURPHY
Murphy@mlbllaw.com

TELEPHONE (707) 257-8100
FACSIMILE (707) 257-6479

April 18, 2007

***Via Facsimile & Certified Mail – Return Receipt Requested***

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, CA 92101

Re: **NOTICE OF TRIAL: SEPTEMBER 24, 2007**
**NOTICE OF SETTLEMENT CONFERENCE: JULY 20, 2007; 2:30 P.M.; DEPT. O**

| | |
|---|---|
| Your Claim File: | #39767 |
| Lawsuit: | Scott vs. Gerosa, BBI Construction, Imhoff<br>NSC # 26-35647 |
| Your Insured: | BBI Construction - Brandon Imhoff |
| Claimants: | John & Michelle Scott |

Dear Mr. Keough and Ms. McTeague-Walsh:

Please be advised that this case has now been set for a jury trial commencing on September 24, 2007 at 8:30 a.m. in the Napa Superior Court. Further, there is a Mandatory Settlement Conference set for July 20, 2007 at 2:30 p.m. in Department O of the court. Further, the court has ordered the parties to proceed with mediation to occur before the July 20, 2007 date. The court has ordered that the insurance carrier participate in the mediation and Mandatory Settlement Conference with a person with full settlement authority.

As you might expect, your insureds are deeply disappointed in the complete bad faith exhibited by American Commercial Management and Lincoln General Insurance Company. Your insureds paid their premiums in good faith, and have every reasonable expectation that in their time of need, their insurance carrier would promptly act on their claim, and provide at a minimum, a defense to the claims with the appropriate reservation of rights. This case was tendered in writing last December 8, 2006, and American Commercial Management hired Steve Anderson to adjust this claim. Mr. Anderson has visited the site and has been in communication with the Plaintiffs' counsel. Plaintiffs' counsel informs me that Mr. Anderson is also disappointed in the lack of response from American Commercial Management and reports that there has been a lack of communication. With the trial date set this summer, the window of opportunity to settle this case economically is fast closing. I estimate that the cost of defense if the case goes to trial will exceed $60,000. I have been postponing expensive discovery with the expectation that Lincoln General Insurance

EXHIBIT F

---

Company would in due course appoint defense counsel timely. Obviously, I cannot wait any longer. To the present date, the cost of defending your insureds is the sum of $5,600.00. Demand is hereby made that you reimburse my clients immediately the sum of $5,600.00.

Unless Lincoln General Insurance Company through American Commercial Management provides a defense of this case no later than close of business on **April 23, 2007,** then Lincoln General Insurance Company as a matter of law shall lose its right to defend the case under the reservation of rights, and freeing Imhoff to settle the underlying action and compel Lincoln General to pay the settlement, as well as damage for failure to defend, (see *California Liability Insurance Practice: Claims and Litigation, CEB §§11.38, 11.39, 24.70, 24.78, 25.29-25.32, and 25.37-25.38).* I have also enclosed my March 2 and February 5, 2007 letters for your reference. Time is of the essence, and I can assure you that unless American Commercial Management and Lincoln General rectify this clear case of bad faith, the appropriate litigation will follow.

If you have any questions concerning this demand, please do not hesitate to give me a call.

Sincerely,

J. Michael Murphy

JMM: ll
File #I011
Encls.
cc: Client
Betheina Fernandez & Bob Flynn, CAL-PRO Commercial Insurance Services, Inc.
(via Fax & Certified Mail – Return Receipt Requested)

EXHIBIT F

MURPHY LOGAN BARDWELL & LOOMIS
PROFESSIONAL LAW CORPORATION
2350 FIRST STREET• P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

J. Michael MURPHY
Murphy@mlbllaw.com

TELEPHONE (707) 257-8100
FACSIMILE (707) 257-6479

March 2, 2007

*Via Facsimile & First Class Mail*

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

Re: Your Claim File: # 39767
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

Dear Mr. Keough and Ms. McTeague-Walsh:

I have enclosed another copy of my February 5, 2007 letter and demand an immediate response. The delay in providing a defense which is clearly required in this case has caused a great deal of emotional distress on behalf of my client. If there is any additional information you require, please advise. Otherwise, it is clear that your insurance carrier is committing insurance bad faith by this unreasonable delay.

Sincerely,

DICTATED BUT NOT READ
SIGNED AND MAILED IN WRITERS
ABSENCE TO AVOID DELAYS

J. Michael Murphy

JMM: ll
File #I011
Encl.
cc: Client

EXHIBIT F

J. MICHAEL MURPHY
Murphy@mlbllaw.com

P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

TELEPHONE (707) 257-8100
FAX (707) 257-6479

February 5, 2007

***Via Facsimile & First Class Mail***

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

| Re: | Your Insured: | Brandon Imhoff dba BBI Construction |
|---|---|---|
| | **Your Claim #:** | **39767** |
| | **Claimants:** | **John & Michelle Scott** |
| | **Lawsuit:** | **Scott v. Gerosa et. al.** |
| | **Policy No:** | **6320005864-1 (Eff. 7/15/05 -- 7/15/06)** |
| | | **6320005864-2 (Eff. 7/15/06 -- 7/15/07)** |
| | **Project:** | **Scott Residence** |
| | | **757 White Lane, St. Helena, California** |

Dear Mr. Keogh & Ms. McTeague-Walsh:

Thank you for your January 15, 2007 letter. The purpose to this letter is to re-tender these claims for a defense, secure a defense of these claims, and to request reimbursement of the fees and costs incurred in defending the claims to date. In order to assist you in your investigation, I offer the following comments.

***Response to Questions***

With regard to the ongoing investigation, please refer to the information provided by your insurance adjuster, Steve Anderson who conducted a detailed interview with your insured, and I understand has been communicating with Plaintiffs' counsel. With that said, BBI Construction was hired to perform construction work pursuant to an oral time and materials contract. The work involved an extensive remodel of an existing residence where the scope of work greatly expanded and changed during the course of construction.

BBI did not hire subcontractors; however, trade contractors were hired directly by the owner. Consequently, at the present time I am not aware of any express written indemnity contracts between BBI Construction and trade contractors, but discovery is continuing.

BBI does not have any first hand knowledge of any damage that occurred as a result of BBI Construction's work other than the allegations contained in the lawsuit filed by the Plaintiffs in this

EXHIBIT F

case. The Plaintiffs contend that there are damages "in excess of $200,000.00" and make specific allegations that there is damage caused by leaks.

According to the allegations contained in the Complaint, the events that could be characterized as "occurrences" occurred during the two Lincoln General policies beginning July 15, 2005 through the current policy ending on July 11, 2007.

BBI is not aware of any other insurance with regard to BBI that pertains to this case, but discovery is continuing.

BBI has not received an expert report, but understands from Plaintiffs' counsel that one may exist.

***Summary of Claim & Demand for Defense***

I have reviewed your letter, and I find no justification for Lincoln General's continued failure to provide a defense in this case. As I am certain that you can well understand, the continued failure to provide a defense is causing not only a financial burden upon your insured, but also causing a great deal of emotional distress. Although it may be appropriate to provide a defense pursuant to a reservation of rights, Lincoln General has failed to identify any exclusion which would preclude the obligation of Lincoln General to hire an attorney to defend BBI. If there is such an exclusion, please identify it immediately.

***Summary of the Legal Principles***

The following is a brief summary of the legal principles which clearly confirm Lincoln General's duty to immediately assume the defense of BBI.

**Insurer's Duty to Defend Against Claim Potentially Within Policy Coverage.** An insurer, which is required under the terms of a liability policy issued by it to defend its insured in any action for an occurrence covered by the policy, must defend an action against the insured which seeks damages potentially within the coverage of the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 275, 54 Cal. Rptr. 104, 419 P.2d 168; Miller v. Elite Ins. Co. (1980) 100 Cal. App. 3d 739, 753, 161 Cal. Rptr. 322*). As your letter acknowledges, at least one of the claims was covered by insurance, and therefore your insured was entitled to a defense of the entire claim.

**Determining Potential Liability.** The duty to defend is fixed by the facts which the insurer learns from the complaint, the insured, or other sources, and the insurer's duty to defend arises whenever it ascertains facts which give rise to the potential of liability under the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 276-277, 54 Cal. Rptr. 104, 419 P.2d 168; Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 169-170, 140 Cal. Rptr. 605*).

EXHIBIT F

**Duty of Insurer to Investigate Facts.** An insurer may not, without making an investigation of any kind, deny an insured a defense at a time when it has reason to believe that there is potential liability under the policy and then rely on the results of the third-party action and subsequent factors to prove that there was, in reality, no potential for liability in the first instance (*Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 173, 140 Cal. Rptr. 605*).

**Scope of Duty to Defend.** The duty to defend is broader than the duty to indemnify. When there is doubt as to whether the duty to defend exists, the doubt should be resolved in favor of the insured and against the insurer (*Eichler Homes, Inc. v. Underwriters at Lloyd's, London (1965) 238 Cal. App. 2d 532, 538, 47 Cal. Rptr. 843*).

**One of Several Causes of Action Alleged in Third-Party Complaint Covered by Policy.** If one of several causes of action alleged in the third-party complaint against the insured is covered by the policy, the insurer is bound to defend the action (*Blackfield v. Underwriters at Lloyd's, London (1966) 245 Cal. App. 2d 271, 275, 53 Cal. Rptr. 838*).

**For purposes of determining the duty to defend, it is the nature of the alleged conduct and resulting damage, not the legal theory of the pleading, that determines the issue,** (...the context of the factual background of the case against the insured, and not merely in light of the language of the complaint. *Healy Tibbits Const. Co. vs. Foremost Ins. Co.*, (1980) 482 F. Supp. 830, 837). Although extrinsic facts may trigger the duty to defend, the converse is not true. Once the pleadings raise the potential of coverage, they require the insurer to defend. An insured or insurer's knowledge that the alleged facts are in error and the true facts do not constitute a covered claim does not release the insurer from the duty to defend. The rationale is that the insurer agreed to defend even "groundless, false and fraudulent "lawsuits. Therefore, if the claimant asserts a claim that would be covered if proved, the insurer has the duty to defend, irrespective of knowledge of the impossibility of proving the facts alleged. (*Fragman Const. Co. vs. Preston Const. Co.*, (1971) 1 Ill. App 3rd 1002).

**Third-Party Complaint Would Support Partial Recovery Under Policy.** If the complaint against the insured seeks recovery of damages on a liability covered by the policy, the duty to defend exists even though the insurer is not liable under its policy for all the damages sought (*Hogan v. Midland National Ins. Co. (1970) 3 Cal. 3d 553, 563, 91 Cal. Rptr. 153, 476 P.2d 825*).

**Exclusionary Clause Must Be Liberally Construed in Favor of Insured.** Any ambiguity in an insurance policy is to be resolved against the insurer, and the language of an exclusionary clause must be construed liberally in favor of the insured (*Crane v. State Farm Fire & Cas. Co. (1971) 5 Cal. 3d 112, 115-116, 95 Cal. Rptr. 513, 485 P.2d 1129; Morris v. Atlas Assurance Co. (1984) 158 Cal. App. 3d 8, 12-13, 204 Cal. Rptr. 95*).

**Potential Liability Not Conclusively Refuted by Undisputed Facts.** An insurance carrier may escape its presumptive obligation to defend its insured against claims arguably covered

by its policy only if undisputed facts conclusively refute any potential for liability (*Montrose Chemical Corp. v. Superior Court (1993) 6 Cal. 4th 287, 299-300, 24 Cal. Rptr. 2d 467, 861 P.2d 1153*).

**Liability for Insured's Attorney's Fees & Costs.** If an insurer wrongfully denies its duty to defend, the insured is released from the obligation to let the insurer control the action and may proceed as the insurer deems proper, (*Drinnon vs. Oliver* (1972) 24 CA3d 571, disapproved on other grounds in 38 C3rd at 255, n7). As a consequence, the insured gains the right to retain counsel of his or her own choosing to represent the insured and obtain reimbursement for the attorney's fees and costs. The right to reimbursement is not limited to the by CC § 2860 (c), (see *Arenson vs. National Auto. & Cas. Ins. Co.* (1957) 48 C2d 528, 529, *American Motorists Ins. Co. vs. Superior Court* (1998) 68 CA4th 864, 874); commences from the date insurer is first notified of the claim, (*Downey Sav. & Loan Ass'n vs. Ohio Cas. Ins. Co.* (1957) 189 CA3d 1072, 1086); and includes the right to obtain reimbursement for the attorney's fees and cost incurred in seeking the benefits due under the policy, (*Brandt vs. Superior Court* (1985) 37 C3rd 813, 817). Further, an insurer that has improperly refused to defend loses the right it may otherwise have had to defend the case under a reservation of rights, and the insured is free to settle the underlying action and compel the insurance company to pay the settlement, as well as damages for the failure to defend, (see *California Liability Insurance Practice: Claims & Litigation*, CEB, sections 11.38, 11.39, 24.70, 24.78, 25.29-25.32, & 25.37-25.38).

**Fees and Costs to Date.** The total of the legal fees ($4,721.25) and costs ($320.00) as of February 5, 2007 equals the sum of $5,041.25. Please reimburse your insured for those fees and costs immediately. If you have any questions regarding these fees and costs, please advise. If you wish to appoint another firm to defend your insureds, then you must do so immediately.

Please provide me with your response by close of business on **February 15, 2007.** Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: ll
File # I011
cc: Clients

EXHIBIT F

********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3519 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/05 15:25 |
| USAGE T | 00'47 |
| PGS. SENT | 5 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET-POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

TO:
Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company

FROM:
J. Michael Murphy

FAX NUMBER:
(866) 380-0924

DATE:
FEBRUARY 5, 2007

RE:
Your Claim File: #39767
Lawsuit: Scott vs. Garoza, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

TOTAL NO. OF PAGES INCLUDING COVER:
5

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT F

*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3649 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 03/02 12:12 |
| USAGE T | 00'59 |
| PGS. SENT | 7 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET-POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Keogh & Christina McTeague-Walsh<br>American Commercial Management<br>on behalf of Lincoln General Insurance Company | J. Michael Murphy |
| FAX NUMBER: (866) 380-0924 | DATE: MARCH 2, 2007 |
| RE: Your Claim File: #39767<br>Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff<br>NSC # 26-39647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 7 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT F

J. MICHAEL MURPHY
Murphy@mlbllaw.com

2350 FIRST STREET
P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540

TELEPHONE (707) 257-8100
FAX (707) 257-6479

February 5, 2007

***Via Facsimile & First Class Mail***

Michael Keogh & Christina McTeague-Walsh
American Commercial Management
on behalf of Lincoln General Insurance Company
701 B Street, Suite 2210
San Diego, California 92101

| Re: | Your Insured: | Brandon Imhoff dba BBI Construction |
|---|---|---|
| | **Your Claim #:** | **39767** |
| | **Claimants:** | **John & Michelle Scott** |
| | **Lawsuit:** | **Scott v. Gerosa et. al.** |
| | **Policy No:** | **6320005864-1 (Eff. 7/15/05 – 7/15/06)** |
| | | **6320005864-2 (Eff. 7/15/06 – 7/15/07)** |
| | **Project:** | **Scott Residence** |
| | | **757 White Lane, St. Helena, California** |

Dear Mr. Keough & Ms. McTeague-Walsh:

Thank you for your January 15, 2007 letter. The purpose to this letter is to re-tender these claims for a defense, secure a defense of these claims, and to request reimbursement of the fees and costs incurred in defending the claims to date. In order to assist you in your investigation, I offer the following comments.

***Response to Questions***

With regard to the ongoing investigation, please refer to the information provided by your insurance adjuster, Steve Anderson who conducted a detailed interview with your insured, and I understand has been communicating with Plaintiffs' counsel. With that said, BBI Construction was hired to perform construction work pursuant to an oral time and materials contract. The work involved an extensive remodel of an existing residence where the scope of work greatly expanded and changed during the course of construction.

BBI did not hire subcontractors; however, trade contractors were hired directly by the owner. Consequently, at the present time I am not aware of any express written indemnity contracts between BBI Construction and trade contractors, but discovery is continuing.

BBI does not have any first hand knowledge of any damage that occurred as a result of BBI Construction's work other than the allegations contained in the lawsuit filed by the Plaintiffs in this

EXHIBIT F

case. The Plaintiffs contend that there are damages "in excess of $200,000.00" and make specific allegations that there is damage caused by leaks.

According to the allegations contained in the Complaint, the events that could be characterized as "occurrences" occurred during the two Lincoln General policies beginning July 15, 2005 through the current policy ending on July 11, 2007.

BBI is not aware of any other insurance with regard to BBI that pertains to this case, but discovery is continuing.

BBI has not received an expert report, but understands from Plaintiffs' counsel that one may exist.

*Summary of Claim & Demand for Defense*

I have reviewed your letter, and I find no justification for Lincoln General's continued failure to provide a defense in this case. As I am certain that you can well understand, the continued failure to provide a defense is causing not only a financial burden upon your insured, but also causing a great deal of emotional distress. Although it may be appropriate to provide a defense pursuant to a reservation of rights, Lincoln General has failed to identify any exclusion which would preclude the obligation of Lincoln General to hire an attorney to defend BBI. If there is such an exclusion, please identify it immediately.

*Summary of the Legal Principles*

The following is a brief summary of the legal principles which clearly confirm Lincoln General's duty to immediately assume the defense of BBI.

**Insurer's Duty to Defend Against Claim Potentially Within Policy Coverage.** An insurer, which is required under the terms of a liability policy issued by it to defend its insured in any action for an occurrence covered by the policy, must defend an action against the insured which seeks damages potentially within the coverage of the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 275, 54 Cal. Rptr. 104, 419 P.2d 168; Miller v. Elite Ins. Co. (1980) 100 Cal. App. 3d 739, 753, 161 Cal. Rptr. 322*). As your letter acknowledges, at least one of the claims was covered by insurance, and therefore your insured was entitled to a defense of the entire claim.

**Determining Potential Liability.** The duty to defend is fixed by the facts which the insurer learns from the complaint, the insured, or other sources, and the insurer's duty to defend arises whenever it ascertains facts which give rise to the potential of liability under the policy (*Gray v. Zurich Insurance Co. (1966) 65 Cal. 2d 263, 276-277, 54 Cal. Rptr. 104, 419 P.2d 168; Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 169-170, 140 Cal. Rptr. 605*).

EXHIBIT F

**Duty of Insurer to Investigate Facts.** An insurer may not, without making an investigation of any kind, deny an insured a defense at a time when it has reason to believe that there is potential liability under the policy and then rely on the results of the third-party action and subsequent factors to prove that there was, in reality, no potential for liability in the first instance (*Mullen v. Glens Falls Ins. Co. (1977) 73 Cal. App. 3d 163, 173, 140 Cal. Rptr. 605*).

**Scope of Duty to Defend.** The duty to defend is broader than the duty to indemnify. When there is doubt as to whether the duty to defend exists, the doubt should be resolved in favor of the insured and against the insurer (*Eichler Homes, Inc. v. Underwriters at Lloyd's, London (1965) 238 Cal. App. 2d 532, 538, 47 Cal. Rptr. 843*).

**One of Several Causes of Action Alleged in Third-Party Complaint Covered by Policy.** If one of several causes of action alleged in the third-party complaint against the insured is covered by the policy, the insurer is bound to defend the action (*Blackfield v. Underwriters at Lloyd's, London (1966) 245 Cal. App. 2d 271, 275, 53 Cal. Rptr. 838*).

**For purposes of determining the duty to defend, it is the nature of the alleged conduct and resulting damage, not the legal theory of the pleading, that determines the issue,** (...the context of the factual background of the case against the insured, and not merely in light of the language of the complaint. *Healy Tibbits Const. Co. vs. Foremost Ins. Co.*, (1980) 482 F. Supp. 830, 837). Although extrinsic facts may trigger the duty to defend, the converse is not true. Once the pleadings raise the potential of coverage, they require the insurer to defend. An insured or insurer's knowledge that the alleged facts are in error and the true facts do not constitute a covered claim does not release the insurer from the duty to defend. The rationale is that the insurer agreed to defend even "groundless, false and fraudulent "lawsuits. Therefore, if the claimant asserts a claim that would be covered if proved, the insurer has the duty to defend, irrespective of knowledge of the impossibility of proving the facts alleged. (*Fragman Const. Co. vs. Preston Const. Co.*, (1971) 1 Ill. App 3rd 1002).

**Third-Party Complaint Would Support Partial Recovery Under Policy.** If the complaint against the insured seeks recovery of damages on a liability covered by the policy, the duty to defend exists even though the insurer is not liable under its policy for all the damages sought (*Hogan v. Midland National Ins. Co. (1970) 3 Cal. 3d 553, 563, 91 Cal. Rptr. 153, 476 P.2d 825*).

**Exclusionary Clause Must Be Liberally Construed in Favor of Insured.** Any ambiguity in an insurance policy is to be resolved against the insurer, and the language of an exclusionary clause must be construed liberally in favor of the insured (*Crane v. State Farm Fire & Cas. Co. (1971) 5 Cal. 3d 112, 115-116, 95 Cal. Rptr. 513, 485 P.2d 1129; Morris v. Atlas Assurance Co. (1984) 158 Cal. App. 3d 8, 12-13, 204 Cal. Rptr. 95*).

**Potential Liability Not Conclusively Refuted by Undisputed Facts.** An insurance carrier may escape its presumptive obligation to defend its insured against claims arguably covered

EXHIBIT F

by its policy only if undisputed facts conclusively refute any potential for liability (*Montrose Chemical Corp. v. Superior Court (1993) 6 Cal. 4th 287, 299-300, 24 Cal. Rptr. 2d 467, 861 P.2d 1153*).

**Liability for Insured's Attorney's Fees & Costs.** If an insurer wrongfully denies its duty to defend, the insured is released from the obligation to let the insurer control the action and may proceed as the insurer deems proper, (*Drinnon vs. Oliver* (1972) 24 CA3d 571, disapproved on other grounds in 38 C3rd at 255, n7). As a consequence, the insured gains the right to retain counsel of his or her own choosing to represent the insured and obtain reimbursement for the attorney's fees and costs. The right to reimbursement is not limited to the by CC § 2860 (c), (see *Arenson vs. National Auto. & Cas. Ins. Co.* (1957) 48 C2d 528, 529, *American Motorists Ins. Co. vs. Superior Court* (1998) 68 CA4th 864, 874); commences from the date insurer is first notified of the claim, (*Downey Sav. & Loan Ass'n vs. Ohio Cas. Ins. Co.* (1957) 189 CA3d 1072, 1086); and includes the right to obtain reimbursement for the attorney's fees and cost incurred in seeking the benefits due under the policy, (*Brandt vs. Superior Court* (1985) 37 C3rd 813, 817). Further, an insurer that has improperly refused to defend loses the right it may otherwise have had to defend the case under a reservation of rights, and the insured is free to settle the underlying action and compel the insurance company to pay the settlement, as well as damages for the failure to defend, (see *California Liability Insurance Practice: Claims & Litigation*, CEB, sections 11.38, 11.39, 24.70, 24.78, 25.29-25.32, & 25.37-25.38).

**Fees and Costs to Date.** The total of the legal fees ($4,721.25) and costs ($320.00) as of February 5, 2007 equals the sum of $5,041.25. Please reimburse your insured for those fees and costs immediately. If you have any questions regarding these fees and costs, please advise. If you wish to appoint another firm to defend your insureds, then you must do so immediately.

Please provide me with your response by close of business on **February 15, 2007**. Thank you for your consideration of this matter. Please call me with your questions.

Sincerely,

J. Michael Murphy

JMM: ll
File # I011
cc: Clients

EXHIBIT F

*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3519 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/05 15:25 |
| USAGE T | 00'47 |
| PGS. SENT | 5 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION

2350 FIRST STREET-POST OFFICE BOX 5540

NAPA, CALIFORNIA 94581-0540

TELEPHONE: (707) 257-8100

FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Michael Keogh & Christina McTeague-Walsh<br>American Commercial Management<br>on behalf of Lincoln General Insurance Company | J. Michael Murphy |
| FAX NUMBER: (866) 380-0924 | DATE: FEBRUARY 5, 2007 |
| RE: Your Claim File: #39767<br>Lawsuit: Scott vs. Gorcsa, BBI Construction, Imhoff<br>NSC #26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER: 5 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT F

*** TX REPORT ***

********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3900 |
| CONNECTION TEL | 18663800924 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 04/18 13:32 |
| USAGE T | 02'14 |
| PGS. SENT | 15 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS

A PROFESSIONAL LAW CORPORATION

2350 FIRST STREET-POST OFFICE BOX 5540

NAPA, CALIFORNIA 94581-0540

TELEPHONE: (707) 257-8100

FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO:<br>Michael Keogh & Christina McTeague-Walsh<br>American Commercial Management<br>on behalf of Lincoln General Insurance Company | FROM:<br>J. Michael Murphy |
| FAX NUMBER:<br>(866) 380-0924 | DATE:<br>APRIL 18, 2007 |
| RE:<br>Your Claim File: #39767<br>Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff<br>NSC #26-35647<br>Your Insured: BBI Construction - Brandon Imhoff<br>Claimants: John & Michelle Scott | TOTAL NO. OF PAGES INCLUDING COVER:<br>15 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT F

*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3902 |
| CONNECTION TEL | 19166300735 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 04/18 13:44 |
| USAGE T | 02'26 |
| PGS. SENT | 15 |
| RESULT | OK |

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET-POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

TO:
Betheina Fernandez & Bob Flynn
CAL-PRO Commercial Insurance Services, Inc.

FROM:
J. Michael Murphy
Email: Murphy@mlbllaw.com

FAX NUMBER::
(916) 630-0735

DATE:
APRIL 18, 2007

RE:
Lawsuit: Scott vs. Gerosa, BBI Construction, Imhoff
NSC # 26-35647
Your Insured: BBI Construction - Brandon Imhoff
Claimants: John & Michelle Scott

TOTAL NO. OF PAGES INCLUDING COVER:
15

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

EXHIBIT F



■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Bethenia Fernandez & Bob Plym
CAL-PRO Comm. Ins.
3175 Sunset Blvd, Ste. 107
Rocklin, CA 95677

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) Wendy Dueros
C. Date of Delivery 5/2/07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7000 1670 0006 9575 6779

PS F... 102595-02-M-1540

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $ .87 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.12 |

NAPA CA 94558 APR 1 2007 USPS

Sent To Bethenia Fernandez & Bob Plym
Street, Apt. No.; or PO Box No. CAL-PRO Commercial, Inc.
City, State, ZIP+4 Rocklin, CA 95677

7000 1670 0006 9575 6779

EXHIBIT F

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Keogh & Christina McTeague-Walsh
American Commercial Mgmt
on behalf of Lincoln Gen. Ins
701 B St., Ste 2210
San Diego, CA 92101

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 4/20/07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

DOCKET CONTROL
DATE RECEIVED 4/23/07
CALENDARED ON CC
FILE NO. 7011

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7099 3400 0007 8579 2817

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

7099 3400 0007 8579 2817

| | |
|---|---|
| Postage | $ .87 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.12 |

Postmark Here: NAPA CA 94558 APR 18 2007 USPS

Name (Please Print Clearly) (To be completed by mailer): Michael Keogh & Christina McTeague-Walsh
Street, Apt. No.; or PO Box No.: American Comm. Mgmt
City, State, ZIP+4: San Diego, CA 92101

PS Form 3800, July 1999 See Reverse for Instructions

EXHIBIT F

| Policy No: | Issued through Agency or Office at: | Expiration Date: | Date of Notice: |
|---|---|---|---|
| 6320005864 03 | Arrowhead | 07-15-07 12:01 A | 05-02-07 |

Policy Inception date:
07-15-2006

Coverage Type:

Insurance Company Name and Address:
LINCOLN GENERAL INSURANCE COMPANY
701 B Street Suite 2100
San Diego, CA 92101-8197

Insured Name and Address:
BRANDON BUEHLER IMHOFF
DBA: BBI CONSTRUCTION
1830 ADRIAN STREET
NAPA CA 94559

Producer Name and Address:
CAL-PRO COMMERCIAL INSURANCE SERVICES
9089 FOOTHILLS BLVD # 910
ROSEVILLE CA 95747

You are hereby notified in accordance with the terms and conditions of the above-mentioned policy, and in accordance with the law, that your insurance will expire at and from the hour and date mentioned above and the policy will not be renewed.

Non-renewal Reason: INSURED'S THREE YEAR LOSS RATIO EXCEEDS 60%.

Im[illegible]ant Business A[illegible]obile Notices:

**The following applies to Insured's located in ARIZONA:** Replacement insurance information; If you are unable to obtain replacement coverage from another insurance company, you may be eligible for insurance through the Arizona Automobile Assigned Risk Plan. For further information, please contact your agent or broker.

You have the right to request information from the Director of Insurance in regards to this nonrenewal within 10 days after the receipt of this notice. The information included in this notice is given pursuant to Article 20-1632 of the Arizona Insurance Laws.

**The following applies to Insured's located in NEVADA:** Replacement insurance information: If you are unable to obtain replacement coverage from another insurance company, you may be eligible for insurance through a voluntary or mandatory risk-sharing plan. For further information, please contact your agent or broker.

If additional information regarding this nonrenewal is requested, we will supply the requested information within 6 days after receipt of a written request by the policyholder. Please send your request to the Insurance Company name and address shown on this notice.

**The following applies to Insured's located in CALIFORNIA:** Replacement insurance information; If you are unable to obtain replacement coverage from another insurance company, you may be eligible for insurance through the California Automobile Assigned Risk Plan. For further information, please contact your agent or broker.

If y[illegible]u would like additional information concerning this action, please send your request to the Insurance Company name and address shown on this notice.

[illegible]otice of Nonrenewal to Lien Holder or Additional Insured

[illegible]u are hereby notified that the agreement under the Loss Payable Clause payable to you as Lien Holder or Additional Insured Clause, which is a part of [illegible]e above policy, issued to the above insured, will expire at and from the hour and date mentioned above and will not be renewed.

[illegible]dditional Interest/Loss [illegible]ayee Name and [illegible]ddress:
PREMIUM FINANCING SPECIALISTS
PO BOX 55450
PHOENIX, AZ 850785450

**EXHIBIT G**

Authorized Representative
(CUNON902)

Insured Copy

Case Name: Brandon Imhoff dba BBI Construction v. Lincoln General Insurance, et al.
Case Number: Napa County Superior Court Case No. 26-37874

PROOF OF SERVICE

I, Leticia Hamill, declare that:

I am a citizen of the United States and am employed in the County of Napa. I am over the age of 18 years and not a party to the within action; my business address is 2350 First Street, Napa, California.

On April 14, 2008, I served the following documents:

THIRD AMENDED

**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF DUTY TO DEFEND, INTENTIONAL MISREPRESENTATION OF FACT, AND NEGLIGENT MISREPRESENTATION OF FACT**

on all parties in this action below by placing a true and correct copy thereof, enclosed in a sealed envelope, as follows:

Clark J. Burnham
Steven J. Kahn
BURNHAM BROWN
P. O. Box 119
Oakland, CA 94604-0119
*Attorney for American Commercial Management*

Clark J. Burnham
Steven J. Kahn
BURNHAM BROWN
P.O. Box 119
Oakland, CA 94604-0119
*Attorney for Lincoln General Insurance Company*

[x] **BY MAIL (CCP §§1013(a) - 2015.5):** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Napa, California. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed at Napa, California on April 14, 2008.

Leticia Hamill

MURPHY, LOGAN, BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2350 FIRST STREET, P.O.BOX 5540
NAPA, CALIFORNIA 94581-0540

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT Q TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT Q

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2050 FIRST STREET• P.O. BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE (707) 257-8100
FACSIMILE (707) 257-6479

John H. Burton, III
Burton@mlbllaw.com

April 15, 2008

***Via First Class Mail***

Steven Kahn
BURNHAM BROWN
1901 Harrison St., 11th Floor
Oakland, CA 94612-3501

Re: Brandon Imhoff dba BBI Construction v. Lincoln General Insurance, et al.
Napa County Superior Court Case No. 26-37874

Dear Mr. Kahn:

As you known, my client filed a third amended complaint against American Claims Management, Inc. ("ACM") for negligent and intentional misrepresentation of fact.

Although it is my client's position that ACM is liable for damages related to, among other things, ACM's intentional and negligent misrepresentation of fact, the decision was made to dismiss ACM without prejudice; however, after your clients are deposed, it is likely that my client will renew its claims against ACM.

For your records, please find enclosed the filed endorsed dismissal of ACM and proof of service of that document.

If you have any questions, please do not hesitate to call or write

Very truly yours,

John H. Burton, III

JHB:lh
File #I014
Encl.

CIV-120

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
J. Michael Murphy/John H. Burton, III (State Bar # 78880/236315)
Murphy, Logan, Bardwell & Loomis
2350 First St./P.O. Box 5540
Napa, CA 94581-0540
TELEPHONE NO.: (707) 257-8100
FAX NO.: (707) 257-6479
ATTORNEY FOR (Name): Brandon Imhoff dba BBI Construction

FOR COURT USE ONLY

Insert name of court and name of judicial district and branch court, if any:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

PLAINTIFF/PETITIONER: Brandon Imhoff dba BBI Construction
DEFENDANT/RESPONDENT: Lincoln General Insurance Company

NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE
[ ] Personal Injury, Property Damage, or Wrongful Death
[ ] Motor Vehicle [ ] Other
[ ] Family Law
[ ] Eminent Domain
[X] Other (specify): Misrepresentation of Fact

CASE NUMBER: 26-37874

TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS: A dismissal was entered in this action by the clerk as shown on the Request for Dismissal. (Attach a copy completed by the clerk.)

Date: April 15, 2008

John H. Burton, III
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)

## PROOF OF SERVICE

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred. My residence or business address is: 2350 First Street Napa, CA 94559

2. [X] I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by mailing them, in a sealed envelope with postage fully prepaid, as follows:
   a. [ ] I deposited the envelope with the United States Postal Service.
   b. [X] I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
   c. Date of deposit: April 15, 2008
   d. Place of deposit (city and state): Napa, California
   e. Addressed as follows (name and address):
   Steven Kahn
   1901 Harrison Street, 11th Floor
   Oakland, CA 94612-3501

3. [ ] I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by personally delivering copies to the person served as shown below:
   Name: Date: Time: Address:

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: April 15, 2008

Leticia Hamill
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-120 [Rev. January 1, 2007]

NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): J. Michael Murphy/John H. Burton, III (State Bar # 78880/236315)
Murphy, Logan, Bardwell & Loomis
2350 First St./P.O. Box 5540
Napa, CA 94581-0540

TELEPHONE NO.: (707) 257-8100
FAX NO.: (707) 257-6479

ATTORNEY FOR (Name): Brandon Imhoff dba BBI Construction

Insert name of court and name of judicial district and branch court, if any:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

FOR COURT USE ONLY

ENDORSED
APR 15 2008
Clerk of the Napa Superior Court
By: S. FERINA
Deputy

PLAINTIFF/PETITIONER: Brandon Imhoff dba BBI Construction

DEFENDANT/RESPONDENT: Lincoln General Insurance Company, et al.

**REQUEST FOR DISMISSAL**

☐ Personal Injury, Property Damage, or Wrongful Death
☐ Motor Vehicle ☐ Other
☐ Family Law
☐ Eminent Domain
☒ Other (specify): Misrepresentation of Fact

CASE NUMBER: 26-37874

**- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -**

1. **TO THE CLERK:** Please dismiss this action as follows:
   a. (1) ☐ With prejudice (2) ☒ Without prejudice
   b. (1) ☐ Complaint (2) ☐ Petition
   (3) ☐ Cross-complaint filed by (name): on (date):
   (4) ☐ Cross-complaint filed by (name): on (date):
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other (specify):* Entire action and causes of action against American Claims Management, Inc. dba American Commercial Manageme

Date: April 15, 2008

John H. Burton, III

(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross - complainant

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) (SIGNATURE)

** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross - complainant

*(To be completed by clerk)*

3. ☐ Dismissal entered as requested on (date):
4. ☒ Dismissal entered on (date): APR 15 2008 as to only (name): above.
5. ☐ Dismissal not entered as requested for the following reasons (specify):

6. ☒ a. Attorney or party without attorney notified on (date):
   b. Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to conformed ☐ means to return conformed copy

Date: Clerk, by S. FERINA, Deputy Stephen A. Bouch

Page 1 of 1

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

MURPHY LOGAN BARDWELL & LOOMIS
A PROFESSIONAL LAW CORPORATION
2550 FIRST STREET-POST OFFICE BOX 5540
NAPA, CALIFORNIA 94581-0540
TELEPHONE: (707) 257-8100
FACSIMILE: (707) 257-6479

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Steve Kahn<br>BURNHAM BROWN | Leticia Hamill |
| FAX NUMBER: (510) 835-6666 | DATE: APRIL 15, 2008 |
| RE: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co. | TOTAL NO. OF PAGES INCLUDING COVER: 4 |

☐Urgent ☐For Your Information ☐Please Comment ☐Please Reply

MESSAGE:

Mr.Kahn:

Please see the attached letter from Mr. Burton with Notice of Entry of Dismissal mailed today, April 15, 2008. Mr. Burton requested a courtesy copy be sent via facsimile as well.

This facsimile transmission is intended only for the use of the person or entity to whom it is addressed. It may contain legally privileged and confidential information. If you are not the intended recipient of this transmission, any dissemination, distribution or copying of the contents of this transmission is strictly prohibited. If you have received this facsimile transmission in error, please notify us by telephone, (707) 257-8100), and return its contents to us at the address listed above via the United States Postal Service. We will reimburse you any costs you incur in notifying us and returning the transmission to us as directed. Thank you.

Clark J. Burnham, CASB No. 041792
Email: cburnham@burnhambrown.com
Liz C. Kim, CASB No. 225550
Email: ekim@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,

Defendants.

No. C-08-02127 PJH

**EXHIBIT R TO DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# EXHIBIT R

1112511511 - 4/17/2008 3:49:22 PM

Clark J. Burnham, State Bar No. 041792
Elizabeth C. Kim, State Bar No. 225550
Steven J. Kahn, State Bar No. 234104
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY

ENDORSED
APR 17 2008
Clerk of the Napa Superior Court
By: N. BENAVIDEZ
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA

UNLIMITED JURISDICTION

BY FAX

BRANDON IMHOFF dba BBI CONSTRUCTION,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, and DOES 1 through 100, inclusive,

Defendants.

No. 26-37874

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Third Am. Comp. Filed: April 14, 2008

Defendant Lincoln General Insurance Company ("LINCOLN GENERAL") answers Plaintiff BRANDON IMHOFF dba BBI CONSTRUCTION's ("PLAINTIFF") Third Amended Complaint for Damages, Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Breach of Duty to Defend, Intentional Misrepresentation of Fact, and Negligent Misrepresentation of Fact ("Complaint"), as follows:

## I. GENERAL DENIAL

Pursuant to Code of Civil Procedure Section 431.30(d), LINCOLN GENERAL denies both generally and specifically each and every allegation contained in PLAINTIFF's Complaint, and denies that it is liable to PLAINTIFF under the theories or in the manner set forth in the Complaint, and denies that PLAINTIFF incurred damages as a result of the acts or omissions of

04/17/2008 14:42 7072261751 NORCAL:ENTERPRISES PAGE 29

LINCOLN GENERAL, and further denies that PLAINTIFF is entitled to any relief against LINCOLN GENERAL by virtue of PLAINTIFF's Complaint.

## II. AFFIRMATIVE DEFENSES

LINCOLN GENERAL alleges the following as further and separate affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

PLAINTIFF's Complaint fails to state a cause of action against LINCOLN GENERAL upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Breach of Duties)**

The claims in PLAINTIFF's Complaint are barred or limited in whole or in part on the grounds that PLAINTIFF failed to fulfill, or rejected his duties, to handle the underlying action, Scott v. Gerosa, et al., Napa County Superior Court Case No. 26-35647 ("Underlying Action") reasonably, equitably, and/or in accordance with his obligations under any of LINCOLN GENERAL's insurance policies which may be applicable to the Underlying Action and/or the implied duty of good faith and fair dealing.

### THIRD AFFIRMATIVE DEFENSE

**(Policy Terms, Definitions, Exclusions, Conditions and Limitations)**

The claims in PLAINTIFF's Complaint are barred to the extent that the causes of action alleged against LINCOLN GENERAL are barred, in whole or in part, by the terms, conditions, exclusions and limitations contained in any policies of insurance issued by LINCOLN GENERAL.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action for Punitive Damages)**

PLAINTIFF's Complaint fails to state facts sufficient to state any claim upon which an award of punitive damages can be made.

///

///

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Laches, and Unclean Hands)**

The claims in PLAINTIFF's Complaint are barred by doctrines of waiver, estoppel, laches, and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Justiciable Controversy)**

PLAINTIFF's Complaint fails to allege sufficient facts to state a cause of action for declaratory relief or any other and further equitable relief.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Coverage Limited to Insureds)**

LINCOLN GENERAL's insurance policies provide coverage solely to those persons or entities specifically named or otherwise qualifying as insureds under the subject policies and solely for those liabilities set forth in the policies. To the extent coverage is sought for the liabilities of persons or entities not named or otherwise qualifying as insureds under any of LINCOLN GENERAL's insurance policies for the claims alleged in PLAINTIFF's Complaint, these claims are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Recovery Must Be Reduced By Amounts Collected From Other Entities)**

To the extent that PLAINTIFF is entitled to any recovery from LINCOLN GENERAL, such recovery must be reduced by amounts collected from any other insurer or entity.

**NINTH AFFIRMATIVE DEFENSE**

**(Indemnification)**

Should PLAINTIFF recover any amount from LINCOLN GENERAL, LINCOLN GENERAL is entitled to indemnification and/or contribution, either in whole or in part, from all persons or entities whose actions and/or fault proximately contributed to PLAINTIFF's damages, including, but not limited to, any other parties to this litigation.

///

///

**TENTH AFFIRMATIVE DEFENSE**

**(Absence of Responsibility and Causation)**

LINCOLN GENERAL denies that any act or omission on its part, or on the part of any person or entity for whose acts or omissions LINCOLN GENERAL is or may be established to be legally responsible, actually or proximately caused or contributed to any injury, damage, or loss, if any, for which recovery is sought by Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

The claims in PLAINTIFF's Complaint should be barred or reduced to the extent that PLAINTIFF has failed to mitigate his damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Liability for Pre-Tender Costs)**

LINCOLN GENERAL is not liable for any costs incurred by PLAINTIFF prior to tender of the Underlying Action to LINCOLN GENERAL.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(LINCOLN GENERAL's Good Faith)**

Any and all of LINCOLN GENERAL's actions of which PLAINTIFF complains were undertaken reasonably and in good faith and with reasonable belief that said actions were valid, necessary and proper.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Reservation as to Additional Defenses)**

LINCOLN GENERAL presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. LINCOLN GENERAL reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate. By alleging affirmative defenses, LINCOLN GENERAL does not admit or agree that it has the burden of proof for any of the above issues, but instead, burdens of proof should be governed by the requirements of California law.

/ / /

## III. PRAYER

Wherefore, LINCOLN GENERAL prays that judgment be entered as follows:

1. That PLAINTIFF's Complaint against LINCOLN GENERAL be dismissed in its entirety and that PLAINTIFF take nothing as against LINCOLN GENERAL;

2. That this Court enter judgment declaring that, to the extent LINCOLN GENERAL has any obligation to PLAINTIFF, such obligation is limited by and subject to the terms, conditions, exclusions, limitations and other provisions contained in or incorporated into any applicable insurance policy issued by LINCOLN GENERAL;

3. That this Court enter judgment declaring that, to the extent that LINCOLN GENERAL has any obligation to PLAINTIFF, LINCOLN GENERAL acted reasonably with respect to such obligations as limited by and subject to the terms, conditions, exclusions, limitations and other provisions contained in or incorporated into any applicable insurance policy issued by LINCOLN GENERAL.

4. That any judgment for damage entered against LINCOLN GENERAL in favor of PLAINTIFF be reduced or barred to the extent that PLAINTIFF has failed to mitigate his damages;

5. That any judgment for damages entered against LINCOLN GENERAL in favor of PLAINTIFF be reduced or barred to the extent PLAINTIFF has collected amounts from any other person, insurer, or entity;

6. That LINCOLN GENERAL be awarded fees and costs to the full extent allowable; and

7. For such other and further relief as the Court deems just and proper.

DATED: April 17, 2008

BURNHAM BROWN

[signature]

Steven J. Kahn
Attorneys for Defendant
LINCOLN GENERAL
INSURANCE COMPANY

857620

Re: Brandon Imhoff dba BBI Construction v. Lincoln General Ins. Co., et al.
Court: Napa County Superior Court
Action No: 2637874

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 11th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On April 17, 2008, I served the following document(s) in the following manner(s):

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

☒ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon, in the United States mail at Oakland, California, addressed as set forth below:

☐ **FACSIMILE:** By transmitted a true copy, via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below. The number of pages transmitted (including the Proof of Service Form) was 8.

☐ **PERSONAL** DELIVERY: By personally delivering to and leaving a true copy thereof with the following person(s) at the following address(es) on the date set forth above.

☐ **PERSONAL** DELIVERY BY MESSENGER: By consigning the document(s) listed above to a messenger service for personal delivery to the following person(s) at the following address on the date set forth below.

☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below.

J. Michael Murphy, Esq.
John H. Burton, III, Esq.
MURPHY, LOGAN, BARDWELL & LOOMIS
2350 First Street
Napa, CA 94559
Telephone: (707) 257-8100
Facsimile: (707) 257-6479

Counsel for Plaintiff
BRANDON IMHOFF dba
BBI CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 17, 2008

Linda Andrew-Marshall