Clark J. Burnham, State Bar No. 041792
Email: cburnham@burnhambrown.com
Alison F. Greene, State Bar No. 148309
Email: agreene@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone:    (510) 444-6800
Facsimile:    (510) 835-6666

Attorneys for Defendant
LINCOLN GENERAL INSURANCE COMPANY,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON IMHOFF dba BBI CONSTRUCTION,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN GENERAL INSURANCE COMPANY, AMERICAN CLAIMS MANAGEMENT, INC. dba AMERICAN COMMERCIAL MANAGEMENT, et al.,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | No. C-08-02127 PJH<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**and PLAINTIFF'S REQUEST FOR TRIAL BY JURY**<br><br>Date:    September 11, 2008<br>Time:    2:30 p.m.<br>Ctrm.    3 |

Plaintiff Brandon Imhoff dba BBI Construction and defendant and cross-complainant Lincoln General Insurance Company file the following joint initial case management conference statement pursuant to Civil Local Rule 16 and FRCP 26:

1. <u>Jurisdiction and Service:</u>    This case was removed by Lincoln General Insurance Company from the Napa County Superior Court on or about April 24, 2008. Plaintiff dismissed defendant American Claims Management, Inc. dba American Commercial Management ("ACM") following several demurrers were sustained regarding the lack of liability

on the part of ACM. Once ACM was dismissed, diversity existed between plaintiff and defendant Lincoln General and the case was removed. All parties have been served and have appeared.

2. <u>Facts</u>: Plaintiff filed this bad faith action to obtain a defense in an underlying construction defect action. Defendant accepted the defense under a reservation of rights and has assigned defense counsel. Defendant has reimbursed plaintiff for the stated amount of his post-tender defense fees and costs. The underlying construction defect claim is pending in the Napa County Superior Court.

3. <u>Legal Issues</u>: The underlying construction defect action against Plaintiff was filed November 8, 2006. Plaintiff tendered the underlying action for defense and indemnity under the Lincoln General policy <u>four</u> times: by letters dated December 8, 2006; January 9, 2007; February 5, 2007; and March 2, 2007. Plaintiff hired his own attorneys to defend the underlying action. On June 7, 2007, Lincoln appointed counsel to defend Plaintiff in the underlying action. Plaintiff contends that the Defendant Lincoln General unreasonably delayed in responding to the tender of defense in the underlying action so as to cause damages to Plaintiff. Plaintiff has pleaded both tort and contract claims, and alleges both economic and non-economic damages for Lincoln's tortious breach of the covenant of good faith and fair dealing.

Defendant contends that there is no merit to the pending bad faith action. The defense has been accepted, and the insured has been reimbursed for the stated amount of his post-tender defense fees and costs. There are potentially serious coverage issues, including but not limited to whether the insured's potential liability arises out of an undisclosed joint venture, for which there would be no coverage, and whether the "work product" exclusions under the policy may apply.

Plaintiff contends that the ultimate issue of whether there is or is not coverage in the underlying action is irrelevant to any determination of whether Lincoln unreasonably delayed in agreeing to do what they took six months to do, and what they could have done immediately: defend the case under a standard reservation of rights.

///

4. <u>Motions</u>:  No motions have yet been filed in this court. Defendant anticipates filing a motion for summary judgment, or alternatively, for summary adjudication. Plaintiff may file a motion for a protective order regarding the notice of deposition of plaintiff.

5. <u>Amendment of Pleadings</u>:  Defendant does not currently intend to amend any of its pleadings. Plaintiff does not currently anticipate amendment of the Third Amended Complaint.

6. <u>Evidence Preservation</u>:  The parties have preserved all relevant evidence that is in their care, custody or control.

7. <u>Disclosures</u>:  The parties conducted several rounds of discovery while the case was venued in the Napa County Superior Court. The parties are continuing with the initial disclosure procedure.

8. <u>Discovery</u>:  While in the state court, plaintiff propounded requests for production of documents and form interrogatories to both Lincoln General and ACM. Defendants responded to all discovery. Defendants also propounded special interrogatories, requests for admission and requests for production of documents. Plaintiff responded to all discovery.

Defendant intends to propound additional written discovery and to take several depositions of the insured and several other individuals to be identified by plaintiff. Defendant has noticed the deposition of plaintiff for September 10, 2008.

In addition to expert discovery, Plaintiff will take the depositions of person(s) most knowledgeable for the Defendant insurer with regard to their policies and procedures for claims handling generally, and how this particular claim was handled; and will take the depositions of person(s) most knowledgeable for the third party claims administrators to whom Lincoln referred this claim when it was tendered. Additional document requests and follow up interrogatories will be propounded as needed.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>:  *Scott v. Gerosa, et al.*, Napa County Superior Court Case No. 26-35647.

11. <u>Relief</u>: Plaintiff seeks economic and non-economic compensatory damages including attorney fees and costs incurred in defending the underlying action before Lincoln appointed defense counsel; and attorney fees and costs incurred in the case at bar. Plaintiff also seeks punitive damages for tortious breach of the covenant of good faith and fair dealing. Defendant is not currently seeking any damages, but has reserved its right to seek reimbursement for any defense or indemnity paid on non-covered claims, and has a pending cross-complaint for declaratory relief and reimbursement against plaintiff.

12. <u>Settlement and ADR</u>: The parties have requested a conference call with the ADR Coordinator. Defendant has requested a settlement demand from plaintiff, which plaintiff has promised to provide, but which has not yet been received. Defendant has promised to participate in any mediation in the underlying case by sending to that mediation not just the claims person handling the underlying case but also counsel handling the instant bad faith case, so that both the bad faith case and the underlying case can be resolved at the same time if at all possible, assuming this case is still pending at that time. Plaintiff believes that having two separate ADR efforts (one for the underlying case and a second ADR process for this bad faith action) makes no sense; and that there should be some joint ADR plan to address the connection between the two cases and the need to achieve a global settlement, if possible. However, the parties recognize that the Napa Superior Court and this Court don't share jurisdiction and the best course is for all parties in both cases to attend the mediation in the underlying action. The parties are asking this court to recognize that effort in making orders concerning the ADR process in this case.

13. <u>Consent to Magistrate Judge for All Purposes</u>:   Plaintiff consents to have a magistrate judge conduct all further proceedings. Defendant Lincoln General does not consent to have a magistrate judge conduct all further proceedings.

14. <u>Other References</u>:   Defendant Lincoln General does not believe this case is appropriate for reference.   Plaintiff agrees.

15. <u>Narrowing of Issues</u>: Defendant Lincoln General intends to narrow the issues by motions for summary judgment and/or summary adjudication. Defendant believes that the

introduction of evidence can be expedited with use of stipulated facts and re authenticity of relevant documents. Plaintiff will consider all appropriate pre-trial stipulations; and will enter into those stipulations that will best expedite the introduction of evidence at trial.

Defendant further requests that any trial of this action be bifurcated so that legal issues regarding coverage can be presented first, and bad faith issues, if any remain available, be tried in a subsequent phase. If a bad faith phase is necessary, defendant requests that it be bifurcated so that any issue of bad faith conduct be tried before trial on an award of punitive damages is had.

Plaintiff will oppose any Motion for bifurcation of trial because it is not needed. The issues to be tried are simple and straight forward. Pre-trial motions can address issues of law. The issues of fact are not so numerous or complex that formal bifurcation is needed to assist the trier of fact in organizing the information presented; and are not such as to create any significant bias or prejudice for or against any party. The normal order of trial is sufficient here.

16. Expedited Schedule: Defendant believes this case can be tried on a relatively expedited schedule. Once discovery is completed, the parties can move for summary judgment or summary adjudication with cross-motions on an expedited briefing schedule. Plaintiff agrees.

17. Scheduling: The parties propose the following dates:

Expert designation:        December ___, 2008
Discovery cutoff:          November ___, 2008
Hearing of dispositive motions:    December ___, 2008
Pretrial conference:       January _____, 2009
Trial:                     March ____, 2009

18. Trial: Phase one of the trial will involve pure questions of law regarding coverage and is tried to the Court. Defendant proposes that all phases of trial be tried to the Court.

Plaintiff demands a jury trial (see No. 20 below). Plaintiff opposes any Motion to

bifurcate the trial. Questions of law will already be disposed of with Defendant's summary judgment / adjudication motions; and any cross-motions.

19. <u>Disclosure of Non-party Interested Entities of Persons</u>: Defendant has filed the Certification of Interested Entities or Persons pursuant to Local Rule 3-16. Its certification provides:

Pursuant to Civil L.R. 3-16, counsel for Defendant submits the following Notice of Interested Parties.

The undersigned, counsel of record for Defendant LINCOLN GENERAL INSURANCE COMPANY, certifies that the following listed party or parties may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal:

Kingsway Financial Services Group—parent corporation of Walshire Assurance Company.

Walshire Assurance Company—holding company for Lincoln General Insurance Company.

Pursuant to Local Rule 3-16(b)(3), Counsel for Plaintiff certifies that no such interest is known other than that of the named parties to the action.

20. <u>Other Matters</u>:

Pursuant to Local Rule 3-6 Plaintiff hereby demands trial by jury of all issues in this action.

Dated: September 4, 2008                         BURNHAM BROWN

                                                 By /s/ Alison F. Greene
                                                    ALISON F. GREENE
                                                    Attorneys for Defendant LINCOLN
                                                    GENERAL INSURANCE COMPANY

Dated: September 4, 2008                         MURPHY, LOGAN, BARDWELL & LOOMIS

                                                 By /s/ Paul Loomis
                                                    PAUL LOOMIS (SBN 111754)
                                                    Attorneys for Plaintiff
                                                    BRANDON IMHOFF dba BBI
                                                    CONSTRUCTION

883659